

**ORDERED in the Southern District of Florida on August 3, 2022.**



**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

_____

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

In re:                                                              Case No. 22-15627-EPK
                                                                    Chapter 11
**AUTO WHOLESALE OF BOCA, LLC,**

     Debtor.

_____/

**FVP OPPORTUNITY FUND III, LP, et al.,**

     Plaintiffs,

v.
                                                                    Adv. Proc. No. 22-01218-EPK
**AUTO WHOLESALE OF BOCA, LLC,**

     Defendant.

_____/

### ORDER GRANTING IN PART EMERGENCY MOTION TO DETERMINE THAT STATE COURT FREEZE ORDER REMAINS IN EFFECT AND THAT ANY SALES OF THE DISPUTED VEHICLES ARE NOT SALES IN THE ORDINARY COURSE

This matter came before the Court for hearing on August 3, 2022, upon the *Emergency Motion to Determine that State Court Freeze Order Remains in Effect and that Any Sales of the Disputed Vehicles Are Not Sales in the Ordinary Course* [ECF No. 2] (the "Motion") filed

by the plaintiffs FVP Opportunity Fund III, LP, FVP Investments, LLC, and FVP Servicing, LLC, and the response [ECF No. 13] filed by Auto Wholesale of Boca, LLC (the "Debtor").

The Debtor claims ownership of the 19 luxury vehicles listed in Exhibit A attached to this order (the "Vehicles"). The plaintiffs claim a lien on the Vehicles superior to the Debtor's interest. At the hearing, the Court heard argument from counsel for other parties who claim either a superior lien on and/or that the Debtor does not own the Vehicles. During argument, counsel for the Debtor suggested that the Debtor is currently unable to sell the Vehicles because the Florida Department of Highway Safety and Motor Vehicles is unwilling to transfer title to the vehicles in light of concerns with the Debtor's alleged predecessor in title.

Under the particular circumstances of this case, including the fact that the Debtor's ownership of the Vehicles is in question, the Court finds that any sale of one or more of the Vehicles would be outside of the "ordinary course of business" as that term is used in 11 U.S.C. § 363. As a result, the Debtor is not authorized to sell any of the Vehicles except after notice and a hearing as required by 11 U.S.C. § 363(b). At the close of the hearing, counsel for the Debtor confirmed that the Debtor would not attempt to sell any of the Vehicles without first seeking approval of the Court.

For the foregoing reasons and the reasons stated on the record, it is ORDERED and ADJUDGED as follows:

1. The Motion [ECF No. 2] is GRANTED IN PART as provided herein.

2. The Debtor must seek Court approval under 11 U.S.C. § 363(b) to sell any of the Vehicles listed in Exhibit A.

3. The Court will enter an order in the main bankruptcy case providing similar relief.

4. All other relief requested in the Motion is DENIED.

###

Copy to:

David R. Softness, Esq.

*David R. Softness, Esq. is directed to serve a copy of this order on all parties in interest and to file a certificate of service with the Court.*