UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*

AUTO WHOLESALE OF BOCA, LLC,                    Case No.: 22- 15627-EPK
                                                Chapter 11 Subchapter V

_____Debtor-in-Possession._____  /
FVP OPPORTUNITY FUND III, LP, a
Delaware limited partnership; FVP
INVESTMENTS, LLC, a Delaware
limited liability company; and FVP
SERVICING, LLC, a Delaware limited
liability company,

Plaintiffs,

vs.                                             Adversary Case NO.: 22-01218-EPK

AUTO WHOLESALE OF BOCA, LLC,

Defendant.

_____/

**DEFENDANT'S *EX PARTE* MOTION TO
SHORTEN TIME FOR DISCOVERY RESPONSES TO
THE DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW, Defendant, Auto Wholesale of Boca, LLC ("Debtor" or "Defendant"), by and through undersigned counsel, and hereby files and serves the instant *Defendant's Ex Parte Motion To Shorten Time For Discovery Responses To The Defendant's First Request for Production of Documents* and states the folliong in support thereof:

1. The Debtor is a "Debtor-in-Possession" under Title 11, Subchapter V, of the United States Code by virtue of having filed its *Petition* [Parent ECF #1] on July 22nd, 2022, seeking to reorganize itself under the Bankruptcy Code.

2. Prepetition, Debtor was embroiled in the initial stages of a lawsuit commenced by the instant Plaintiffs regarding, among other things, the

determination of lien interests in the Debtor's inventory as asserted by the Plaintiffs.

3. Two days following the Petition Date, the Plaintiffs filed the instant Adversary Proceeding *via Complaint* [ECF No. 1] against Debtor, primarily seeking to determine liens and interests in the Debtor's inventory.

4. Along with the filing of the Complaint, Plaintiffs also filed their *Emergency Motion To Determine That State Court Freeze Order Remains In Effect And That Any Sales Of The Disputed Vehicles Are Not Sales In The Ordinary Course* [ECF No. 2] (the "*Emergency Motion*").

5. The Court held a hearing on the *Emergency Motion* on August 3rd, 2022.

6. The Court, at the August 3rd, Hearing, further invited the parties to go to trial in August or September, 2022 to resolve the matters raised in the *Complaint*.

7. The undersigned was not trial counsel in the state court proceedings between Debtor and Plaintiffs, and is not familiar with all of the discovery between these Parties.

8. However, given the nature of the *Complaint*, and having obtained documentation from Debtor's state court counsel in the state litigation between Plaintiffs and Debtor, the undersigned, on behalf of the Debtor, has served a *Request for Production* (*see* Exhibit "A" hereto) (the "Request") to Plaintiffs with a series of document requests limited in nature to particular relevant matters that would assist in moving this matter to trial more quickly.

9. The Request (Exhibit "A") was served *via* email in pdf format upon both Messrs. Softness and Breslin (counsel to Plaintiffs in this Adversary Proceeding) with a request that they agree to the shortened discovery response time, and also requesting (once again) their availability for trial in mid-September, and also for examination of their witnesses (if any) prior thereto.

10. Fed. R. Bankr. P. 9006(c) authorizes the Court to shorten the time for response to a request for production. Local Rule 9013-1(C)(7) of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida provides that the Court may enter an order shortening the time to respond to a production

request without a hearing.  No party in interest will be prejudiced by the granting of this request.

WHEREFORE, DEBTOR/DEFENDANT requests entry of an order, substantially in the form submitted herewith, reducing the response time and production of documents, and for such other and further relief this Court deems equitable and just.

I HEREBY CERTIFY THAT I am admitted to the Bar for the District Court in and for the Southern District of Florida, and am in compliance with the additional qualifications as set forth in Local Rule 2090-1(A).

By: __/s/James B. Miller_____
      Defendant's counsel
      James Miller, Esquire
      Fla. Bar No. 0009164

      416 Biscayne Building
      19 West Flagler Street
      Miami, FL 33130
      Tel. 305-374-0200
      email: jbm@title11law.com

I HEREBY CERTIFY that a true and correct copy of this Motion and proposed order  were served this 12th day of August, 2022 *via* email, in pdf format, upon: David Softness, Esq. (david@softnesslaw.com), Jerrell A. Breslin, Esq. (jb@richardbaronlaw.com). and Harry Winderman, Esq.(harry4334@hotmail.com,  lynoramae@gmail.com, lm@whcfla.com, filings@whcfla.com)

Dated: August 12, 2022,

By: __/s/James B. Miller_____
      James Miller, Esquire
      Fla. Bar No. 0009164