UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*

AUTO WHOLESALE OF BOCA, LLC,                    Case No.: 22- 15627-EPK
                                                Chapter 11 Subchapter V

_____Debtor-in-Possession._____ /
FVP OPPORTUNITY FUND III, LP, a
Delaware limited partnership; FVP
INVESTMENTS, LLC, a Delaware
limited liability company; and FVP
SERVICING, LLC, a Delaware limited
liability company,

Plaintiffs,

vs.                                             Adversary Case NO.: 22-01218-EPK

AUTO WHOLESALE OF BOCA, LLC,

Defendant.
_____/

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, Defendant, Auto Wholesale of Boca, LLC ("Debtor" or "Defendant"), by and through undersigned counsel, and hereby serves the following *First Request for Production of Documents* pursuant to the Federal Rules of Civil Procedure as adopted by the Federal Rules of Bankruptcy Procedure.  In accordance with those Rules, the Defendant requests that Plaintiffs serve a written response to these requests and produce to the Defendant, or permit Defendant to inspect and copy, each of the following documents in your possession, custody or control, including all documents in the possession, custody or control of any agent or representative within the time frame provided by the applicable Federal Rule or Court Order (whichever is sooner).

## INSTRUCTIONS AND DEFINITIONS

(a)        This Document Requests are continuing in character, so as to require you to promptly file supplemental responses if you obtain

other responsive documents or information prior to trial.

(b) Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

(c) The documents shall be produced as they are kept in the usual course of business, or you shall organize and label them to correspond with the categories in the request.

(d) These requests encompass all items within your possession, custody or control.

(e) Where a document or documents in the possession of a party is requested, such request includes documents in the possession of the party's agents, representatives, and, unless privileged, the party's attorneys or accountants.

(f) If in responding to these requests you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.

(g) The term "**Plaintiff**" refers jointly and severally to each Plaintiff in the above-styled matter, and any agents and employees of said Plaintiff.

(h) The term "**AWB Trustee**" shall refer to Linda Leali, the trustee in the Chapter 11 case of Auto Wholesale of Boca LLC, in Case No. 22-15627-EPK, and all of the AWB Trustee's staff, employees, agents,

(i) The term "Excell Trustee" shall refer to Nicole Testa Mehdipour, the trustee in the Chapter 7 case of Excell Auto Group, Inc., in Case No. 22-12790-EPK, and all of the Excell Trustee's staff, employees and agents,

(j) The term **"You"** and **"Your"** mean the Plaintiff in this Adversary Proceeding, and any agents and employees of said Defendant.

(k)    The terms **"and"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to bring the greatest number and type of documents within the scope of this Request for Production of Documents.

(l)    As used herein, the terms **"relate"**, "**relating to**", **"referring to"** and/or "**reflecting**" mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, evidencing, summarizing, concerning, or referred to, directly or indirectly.

(m)    The word **"document(s)"** in this request shall be construed in its broadest and most liberal sense and includes, but is not limited to, written, typed, printed, recorded, graphic or tangible matter, emails, correspondence, communications, electronic communications, however produced or reproduced of any kind or description, whether an original, master duplicate, or copy and includes, but is not limited to memoranda, reports, books, manuals, instructions, financial reports, price books, records, notes, letters, notices, confirmations, telegrams, receipts, pamphlets, magazines, newspapers, inventory books, prospectuses, inter-office and intra-office communications, contracts, invoices, bills, permits, licenses, cables, notations or memoranda of any sort of conversation, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, invoices, transcriptions, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, worksheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes or amendments of any of the foregoing), graphic or oral records or representations of any kind (including without limitation, photographs, charts, graphs,

microfiche, microfilm, videotape, recordings and motion pictures), electronic and mechanical records of representations of any kind (including, without limitation, tapes, cassettes, disks and recordings) and other written, printed, typed or other graphic or recorded matter of any kind or nature however produced or reproduced from which information can be obtained or translated, if necessary, through detection devices or transcription devices into usable form.

(n)     The term "**Complaint**" shall refer to the Complaint [ECF No. 1] as filed by the Plaintiff in this Adversary Proceeding.

(o)     In accordance with the definition of "documents" you are required to produce printouts of any data stored by any computer, cloud service or any other language or data storage system.

## PRIVILEGED DOCUMENTS

If you claim that any document otherwise responsive to this request is privileged, with regard to that document, state:

a)     the nature of the document;
b)     the identity of the individual or person who prepared or created the document;
c)     the identity of the person to whom the document was directed;
d)     the subject matter of the document;
e)     the date of the document;
f)     the identity of all parties who have executed the document or any copy or facsimile thereof;
g)     the nature of the privilege which you claim; and
h)     the custodian(s) of the document.

## REQUESTS

Any and all documents in the possession, custody or control of Plaintiff:

1.   as of the date of February 18, 2022 and prior to the same referring to each of the following automobiles:

   a.  2017 Ferrari F12 Berlinetta VIN No. 1036;
   b.  2019 Aston Martin DB11 Volante VIN No. 7671;

    c.  2020 Lamborghini Urus VIN No. 6529;

    d.  2020 Mercedes G63 VIN No. 6462;

    e.  2019 BMW X7 VIN No. 9222;

    f.  2019 GMC Yukon VIN No. 4378;

    g.  2018 MClaren 720S VIN No. 0606;

    h.  2021 Mercedes G Wagon VIN No. 0328;

    i.  2020 Mercedes G63 VIN No. 2080;

    j.  2008 Porsche 911 VIN No. 3176;

    k.  2020 MClaren 720S VIN No. 4229;

    l.  2019 Lamborghini Urus VIN No. 1961;

    m. 2020 Ferrari 812 Superfast VIN No. 4693;

    n.  2018 Cadillac Escalade VIN No. 1612;

    o.  2013 Ferrari 458 Italia VIN No. 1526;

    p.  2021 Jeep Gladiator VIN No. 1540;

    q.  2020 Lamborghini Huracan VIN No. 4316;

    r.  2019 MClaren 720S VIN No. 3714;

    s.  2020 Mercedes G Class VIN No. 4940;

    t.  2018 Mercedes Metris VIN No. 6588;

    u.  2021 Rolls Royce Cullinan VON No. 4097;

    v.  2016 Ford Rhino VIN No. 8666;

    w.  2021 Lamborghini Urus VIN No. 2270;

    x.  2012 Lamborghini Aventador VIN No. 0244;

    y.  2018 MCLaren 720S VIN No. 1804;

    z.  2021 Ferrari 812 VIN No. 1176;

    aa. 2019 Ferrari 488 Pista VIN No. 5966;

    bb. 2018 Lamborghini Huracan VIN No. 1207; and,

    cc. 20117 Lamborghini Huracan VIN No. 8121.

2. Reflecting the basis for, date of, and amount of, funding of any and all loans, wires, transfers and/or monies to Karma of Palm Beach, Inc.

3. Reflecting the basis for, date of, and amount of, funding of any and all loans, wires, transfers and/or monies to Karma of Broward, Inc.

4. Reflecting the basis for, date of, and amount of, funding of any and all loans, wires, transfers and/or monies to Excell Auto Group, Inc.

5. Reflecting any and all executed Delay Draw Loan Advance Requests by Karma of Palm Beach, Inc.

6. Reflecting any and all executed Delay Draw Loan Advance Requests by Karma of Broward, Inc.

7. As of January 26th, 2022, reflecting the inventory of Karma of Palm Beach, Inc.

8. As of January 26th, 2022, reflecting the inventory of Karma of Broward, Inc.

9. As of January 26th, 2022, reflecting the inventory of Excell Auto Group, Inc

10. As of February 8th, 2022, reflecting the inventory of Karma of Palm Beach, Inc.

11. As of February 8th, 2022, reflecting the inventory of Karma of Broward, Inc.

12. As of February 8th, 2022, reflecting the inventory of Excell Auto Group, Inc.

13. As of February 18th, 2022, reflecting the inventory of Karma of Palm Beach, Inc.

14. As of February 18th, 2022, reflecting the inventory of Karma of Broward, Inc.

15. As of February 18th, 2022, reflecting the inventory of Excell Auto Group, Inc.

16. Reflecting the exact automobiles, with dates and all information as to said automobiles, purchased with the monies lent and/or advanced by Plaintiffs to Karma of Palm Beach, Inc.

17. Reflecting the exact automobiles, with dates and all information as to said automobiles, purchased with the monies lent and/or advanced by Plaintiffs to Karma of Broward, Inc.

18. Reflecting any and all communications, negotiations and agreements with Westlake Flooring Company, LLC (including any agents and employees) in regards to liens, security interests, inventory and loans between Westlake Flooring Company LLC and Karma of Palm Beach, Inc.

19. Reflecting any and all communications, negotiations and agreements with Westlake Flooring Company, LLC (including any agents and employees) in regards to liens, security interests, inventory, loans and/or advances

involving or referring to Karma of Broward, Inc.

20. Reflecting any and all communications, negotiations and agreements with Westlake Flooring Company, LLC (including any agents and employees) in regards to liens, security interests, inventory, loans and/or advances involving or referring to Excell Auto Group, Inc.

21. Reflecting any and all communications, negotiations and agreements with Franklin Capital Funding, LLC (including any agents and employees) in regards to liens, security interests, inventory, loans and/or advances involving or referring to Karma of Palm Beach, Inc.

22. Reflecting any and all communications, negotiations and agreements with Franklin Capital Funding, LLC (including any agents and employees) in regards to liens, security interests, inventory, loans and/or advances involving or referring to Karma of Broward, Inc.

23. Reflecting any and all communications, negotiations and agreements with Franklin Capital Funding, LLC (including any agents and employees) in regards to liens, security interests, inventory, loans and/or advances involving or referring to Excell Auto Group, Inc.

24. Reflecting any and all communications, negotiations and agreements with Hi Bar Capital, LLC (including any agents and employees) in regards to liens, security interests, inventory, loans and/or advances involving or referring to Karma of Palm Beach, Inc.

25. Reflecting any and all communications, negotiations and agreements with Hi Bar Capital, LLC (including any agents and employees) in regards to liens, security interests, inventory, loans and/or advances involving or referring to Karma of Broward, Inc.

26. Reflecting any and all communications, negotiations and agreements with Hi Bar Capital, LLC (including any agents and employees) in regards to liens, security interests, inventory, loans and/or advances involving or referring to Excell Auto Group, Inc.

27. Reflecting any and all communications, negotiations and agreements with Harry Winderman, Esq. (including any agents, partners and employees) in

regards to liens, security interests, inventory, loans and/or advances involving or referring to Karma of Palm Beach, Inc.

28. Reflecting any and all communications, negotiations and agreements with Harry Winderman, Esq. (including any agents, partners and employees) in regards to liens, security interests, inventory, loans and/or advances involving or referring to Karma of Broward, Inc.

29. Reflecting any and all communications, negotiations and agreements with Harry Winderman, Esq. (including any agents, partners and employees) in regards to liens, security interests, inventory, loans and/or advances involving or referring to Excell Auto Group, Inc.

30. Reflecting any and all communications, negotiations and agreements with Scott Zankl (including any agents and employees) in regards to liens, security interests, inventory, loans and/or advances involving or referring to Karma of Palm Beach, Inc.

31. Reflecting any and all communications, negotiations and agreements with Scott Zankl (including any agents and employees) in regards to liens, security interests, inventory, loans and/or advances involving or referring to Karma of Broward, Inc.

32. Reflecting any and all communications, negotiations and agreements with Scott Zankl (including any agents and employees) in regards to liens, security interests, inventory, loans and/or advances involving or referring to Excell Auto Group, Inc.

33. Reflecting any and all communications, negotiations and agreements with Frank Evans (including any agents and employees) in regards to liens, security interests, inventory, automobiles, loans and/or advances involving or referring to Karma of Palm Beach, Inc. and/or Karma of Broward, Inc.

34. Reflecting any and all communications, negotiations and agreements with Arby Lipman (including any agents and employees) in regards to liens, security interests, inventory, automobiles, loans and/or advances involving or referring to Karma of Palm Beach, Inc. and/or Karma of Broward, Inc.

35. Reflecting any and all communications, negotiations and agreements with

Derek Stephens (including any agents and employees) in regards to liens, security interests, inventory, automobiles, loans and/or advances involving or referring to Karma of Palm Beach, Inc. and/or Karma of Broward, Inc.

36. Reflecting any and all communications, negotiations and agreements with Eric Dore(including any agents and employees)  in regards to liens, security interests, inventory, automobiles, loans and/or advances involving or referring to Karma of Palm Beach, Inc. and/or Karma of Broward, Inc.

37. Reflecting any and all communications, negotiations and agreements with Graves Directional, Inc. (including any agents and employees), in regards to liens, security interests, inventory, automobiles, loans and/or advances involving or referring to Karma of Palm Beach, Inc. and/or Karma of Broward, Inc.

38. Reflecting any and all communications, negotiations and agreements with the Excell Trustee in regards to liens, security interests, inventory, automobiles, loans and/or advances involving or referring to Karma of Palm Beach, Inc.

39. Reflecting any and all communications, negotiations and agreements with the Excell Trustee in regards to liens, security interests, inventory, automobiles, loans and/or advances involving or referring to Karma of Broward, Inc.

40. Reflecting any and all communications, negotiations and agreements with the Excell Trustee in regards to liens, security interests, inventory, automobiles, loans and/or advances involving or referring to Excell Auto Group, Inc.

41. Reflecting any and all communications, negotiations and agreements with James Moon (including any agents and employees) in regards to liens, security interests, inventory, automobiles, loans and/or advances involving or referring to Karma of Palm Beach, Inc., Karma of Broward, Inc. and/or Excell Auto Group, Inc.

42. Reflecting any and all communications, negotiations and agreements with the AWB Trustee in regards to liens, security interests, inventory, automobiles, loans and/or advances involving or referring to Karma of Broward, Inc.,

43. Reflecting any and all communications, negotiations and agreements with the AWB Trustee in regards to liens, security interests, inventory, automobiles,

loans and/or advances involving or referring to Karma of Palm Beach, Inc.

44. Reflecting any and all communications, negotiations and agreements with the AWB Trustee in regards to liens, security interests, inventory, automobiles, loans and/or advances involving or referring to Excell Auto Group, Inc.

45. Reflecting any and all communications, negotiations and agreements with the AWB Trustee in regards to liens, security interests, inventory, automobiles, loans and/or advances involving or referring to Hi Bar Capital LLC.

46. Reflecting any and all communications, negotiations and agreements with the AWB Trustee in regards to liens, security interests, inventory, automobiles, loans and/or advances involving or referring to Franklin Capital Funding LLC.

47. Your due diligence package prior to the first date of funding on the purported loan(s) made to Karma of Palm Beach, Inc.

48. Your due diligence package prior to the first date of funding on the purported loan(s) made to Karma of Broward, Inc.

49. Reflecting all monies recovered by and/or paid to Plaintiffs in relation to the monies lent and/or advanced by Plaintiffs to Karma of Palm Beach, Inc and/or Karma of Broward, Inc.

50. Reflecting all collateral recovered, seized (whether or not voluntarily surrendered, independently obtained or by judicial order), stored, sold, liquidated and/or replevied by Plaintiffs in relation to the loan(s) made, and/or monies advanced, to or for the benefit of Karma of Palm Beach and/or Karma of Broward, Inc, along with the disposition of said collateral.

51. Reflecting all collateral in the possession of Karam of Palm Beach, Inc. and/or Karma of Broward, Inc. as of the date of July 25th, 202 and thereafter.

52. Reflecting any and all insurance policies which Plaintiffs have or had that may cover any or all of the loss(es) arising out of or relating to the subject of this litigation.

53. Any and all expert reports/opinions, retainer agreements and payments to any experts retained by you or on your behalf for purposes of this litigation.

54. Any and all documents you intend to use as exhibits, evidence or demonstration at trial or for purposes of substantive pleadings in this

Adversary Proceeding.

I HEREBY CERTIFY THAT I am admitted to the Bar for the District Court in and for the Southern District of Florida, and am in compliance with the additional qualifications as set forth in Local Rule 2090-1(A).

By: __/s/James B. Miller_____
Defendant's counsel
James Miller, Esquire
Fla. Bar No. 0009164

416 Biscayne Building
19 West Flagler Street
Miami, FL 33130
Tel. 305-374-0200
email: jbm@title11law.com

I HEREBY CERTIFY that a true and correct copy of this Request for Production was served this 12th day of August, 2022 *via* email, in pdf format, upon: David Softness, Esq. (david@softnesslaw.com) and Jerrell A. Breslin, Esq. (jb@richardbaronlaw.com).

Dated: August 12, 2022,

By: __/s/James B. Miller_____
Defendant's counsel
James Miller, Esquire
Fla. Bar No. 0009164