**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

**AUTO WHOLESALE OF BOCA, LLC,**          Case No.: 22-15627-EPK

      Debtor.

_____/

**FVP OPPORTUNITY FUND III, LP**, a          **ADVERSARY PROCEEDING**
Delaware limited partnership; **FVP**          **CASE NO.: 22-01218-EPK**
**INVESTMENTS, LLC,** a Delaware
limited liability company; and **FVP**
**SERVICING, LLC**, a Delaware limited
liability company, **and HI BAR**
**CAPITAL, LLC**, a New York Limited
Liability Company,

      Plaintiffs,
vs.

**AUTO WHOLESALE OF BOCA, LLC**,

      Defendant.

_____/

## MOTION TO MODIFY ORDERS TO EXTEND TO ADDITIONAL PROPERTY CLAIMED BY THE DEBTOR AND THE PLAINTIFFS

**COME NOW**, the Plaintiffs, FVP Opportunity Fund III, LP, a Delaware limited

partnership (the "FVP Fund"), FVP Investments LLC, a Delaware limited liability company

("FVP Investments"), and FVP Servicing, LLC, a Delaware limited liability company ("FVP

Servicing"), (collectively "FVP") and Hi Bar Capital, LLC, a New York Limited Liability

Company, ("HI BAR") (collectively, the "Plaintiffs"), and hereby move that this Honorable

Court amend the below listed orders to include and extend to the additional property

claimed by both the Plaintiffs herein and presumptively by the Debtor and potentially by

(pending defendant) Edward Brown, who was and - on information belief - still is a resident of Palm Beach County, Florida, and is otherwise sui juris.  Edward Brown is named in this complaint only as a party of interest as Edward Brown is - on information belief - currently in possession of two vehicles which the Plaintiffs claim are owned by Karma of Palm Beach or Karma of Broward and therefore are or may be subject to the Plaintiff's liens or other claims and/or are the collateral of the Plaintiffs as claimed in the Third Amended Adversary Complaint.

The orders that the Plaintiffs seek this Honorable Court to amend are:

Order Granting In Part Emergency Motion To Determine That State Court Freeze Order Remains In Effect And That Any Sales Of The Disputed Vehicles Are Not Sales In The Ordinary Course entered on August 3, 2022 in this adversary proceeding (CP # 14 in Case No.: 22-01218-EPK).

and

Order Requiring Court Approval For Sale Of Certain Vehicles entered on August 3, 2022 in the main case (CP # 50 in Case No.: 22-15627-EPK).

In support of this motion the Plaintiffs adopt the *Emergency Motion to Determine that State Court Freeze Order Remains in Effect and that Any Sales of the Disputed Vehicles Are Not Sales in the Ordinary Course* (CP # 2] and the allegations in the Third Amended Adversary Complaint in Adversary Case No. 22-01218-EPK filed contemporaneously herewith and further allege:

1.      The Debtor has claimed and - on information belief – will continue to claim it is the owner of the following vehicles and funds:

a. nineteen (19) automobiles, described in its Form 206A/B Schedule as assets at Part 8 (See **Exhibit A to Third Amended Complaint**). Due to orders of abandonment already entered, one (1) of the nineteen (19) automobiles, [1] described in its Form 206A/B Schedule as assets at Part 8, has been returned to their rightful owner, with a second vehicle scheduled for hearing on August 31, 2022 seeking abandonment which should be granted [see footnote 2] , leaving the remaining seventeen (17) automobiles, described in its Form 206A/B Schedule as assets at Part 8 as those sought by the Plaintiffs.

b. two (2) vehicles more fully described as a **2016 Ford Rhino Black, VIN 1FDUF4HT8GEB18666** and a **2018 Mclaren 720s Black, VIN, SBM14DCA7JW001804** currently in the possession of the Debtor at his business location at 5471 N. Dixie Highway, Boca Raton, Fl or other locations unknown to the Plaintiffs. The Plaintiffs assert that the Debtor should have listed these vehicles on Form 206A/B Schedule as assets

---

[1] A 2020 Lamborghini Urus VIN ZPBUA1ZLXLLA06529 to Eric Dore - [Exhibit A, Vehicle No.3] [D. E. 73] ; 2020 Black 812 Superfast Ferrari, VIN ZFF83CLA1L0254693 2021 to Aby Lipman has a hearing on August 31, 2022 in which Mr. Lipman is entitled to possession and title [ Exhibit A Vehicle No.13 ] [D. E. 74].

Further, this Honorable Court has ordered the abandonment of the following vehicles in which the titles were wrongfully taken by the Debtor and Mr. Farache but not the vehicles. A Ferrari 812 GTS, VIN ZFF97CMA4M0261176 to Frank Evans [D. E. 79] and 2012 Lamborghini Aventador VIN ZHWUC1ZD2CLA00244 [D. E 82] to Graves Directional Drilling Inc.

at Part 8 but intentionally omitted the vehicles.

c. two (2) vehicles more fully described as a **2015 Maclaren 650 S Convertible, Grey, VIN: SBM11FAA4FW003654** and a **2017 Lamborghini Huracan Red, VIN, ZHWUR2ZF8HLA08121** currently in the possession of Karma of Broward at is business in Broward County, Florida.  Karma of Broward has possession of the vehicles, but Farache took the titles and claims ownership for the Debtor.

d.  two (2) vehicles more fully described as a **2021 Rolls Royce Cullinan White, VIN: SLATV8C09MU204097** and a **2021 Lamborghini Urus White, VIN, ZPBUA1ZL1MLA12270** currently - on information belief - in the possession of Edward Brown and located in Palm Beach County, Florida or other location unknown to the Plaintiffs.  While Edward Brown may be in possession of these vehicles, it is believed that the Defendant possesses the titles and claims ownership for the Debtor.

e. one (1) vehicle more fully described as a **2021 Jeep Gladiator Black, VIN: 1C6HJJAG0ML564806** which came into the possession of Farache and the Debtor and was sold on April 14, 2022 by Debtor AWB for $130,000. The funds are - on information belief - currently held in the trust account of Jay Farrow, Esq. and are reflected in the Debtor's Form 206A/B Schedule as assets at Part 1, Cash and Cash Equivalents, at, No.: 4.   The Plaintiffs allege that their claims as to this vehicle are

identical to all the other vehicles in which the Plaintiffs claim relief and

seek the funds from the sale of this vehicle to be turned over the to the

Plaintiffs pursuant to the allegations in this complaint. See **Exhibit T to**

**Third Amended Complaint.**

(The aforementioned vehicles in the possession of the Debtor as well as those in the possession of Karma of Broward and Edward Brown in which the Debtor holds the titles, totaling twenty-three (23) vehicles as well as the proceeds from the sale of one (1) vehicle held in trust by Jay Farrow, Esq., will be referred to collectively herein as the "Vehicles".)

It is respectfully submitted that this Honorable Court amend the aforementioned

orders in Cases No.: 22-01218-EPK and 22-15627-EPK to include the following Vehicles

and proceeds:

1. two (2) vehicles more fully described as a **2016 Ford Rhino Black, VIN 1FDUF4HT8GEB18666** and a **2018 Mclaren 720s Black, VIN, SBM14DCA7JW001804** currently in the possession of the Debtor.

2. two (2) vehicles more fully described as a **2015 Maclaren 650 S Convertible, Grey, VIN: SBM11FAA4FW003654** and a **2017 Lamborghini Huracan Red, VIN, ZHWUR2ZF8HLA08121** currently in the possession of Karma of Broward at its business in Broward County, Florida with naked title held by the Debtor.

3. two (2) vehicles more fully described as a **2021 Rolls Royce Cullinan White, VIN: SLATV8C09MU204097** and a **2021 Lamborghini Urus White, VIN, ZPBUA1ZL1MLA12270** currently in the possession of Edward Brown with naked title held by the Debtor.

4. the proceeds of one (1) vehicle more fully described as a **2021 Jeep Gladiator Black, VIN: 1C6HJJAG0ML564806** which came into the possession of Farache and the Debtor and was sold on April 14, 2022 by Debtor AWB for $130,000. The funds are currently held in the trust account of Jay Farrow, Esq., and are reflected in Debtor's Form 206A/B Schedule as assets at Part 1, Cash and Cash Equivalents, at, No.: 4.

**WHEREFORE**, it is respectfully requested that this Honorable Court modify the aforementioned orders to include the additional property and funds claimed by both the Debtor and the Plaintiffs to preclude the Debtor from taking action regarding or relating to this additional property without further order of the Court.

Dated August 25, 2022.

### For the FVP Plaintiffs

Jerrell A. Breslin, Esq.
Baron, Breslin & Sarmiento
The DuPont Building
169 East Flagler Street, #700
Miami, Florida 33131
Phone: (305) 577-4626
E-mail: JB@RichardBaronLaw.com
EService@RichardBaronLaw.com

Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
Jonathan Schwartz Law PLLC
10200 NW 25th Street, Suite 111
Doral, FL 33172
Tel.: (973) 936-2176
E-mails:
     jschwartz@jonschwartzlaw.com
         JNSEsquire@gmail.com

David Softness, Esq.
David R. Softness, P.A.
201 S. Biscayne Blvd., Ste 2740
Miami, Florida 33131
Phone: (305) 341-3111
E-mail:       david@softnesslaw.com

By:    s/ David R. Softness
           David R. Softness, Esq.
           Florida Bar No. 513229

**For Hi Bar Plaintiff**

Steven William Wells, Esq.
*Admitted Pro Hac Vice*
New York Bar No.: 4184792
Wells Law, P.C.
229 Warner Road
Lancaster, NY 14086
Primary Email: steve@wellspc.com

Mark J. Wolfson, Esq.
FOLEY & LARDNER LLP
100 N. Tampa Street
Suite 2700 Tampa
Florida 33602
(813) 229-2300 (telephone)
(813) 221-4210 (facsimile)
Primary email:  mwolfson@foley.com
Secondary email:    crowell@foley.com

By:    /s/ Mark J. Wolfson
        Mark J. Wolfson, Esq.
        Florida Bar No. 0352756

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that; I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that a true and correct copy of the foregoing was served via CM/ECF electronic transmission upon those parties who are registered with the Court to receive notifications in this matter and upon James Miller, Esq., counsel for the defendant, Auto Wholesale of Boca, LLC at bkcmiami@gmail.com and jbm@title11law.com, and upon Mark Wolfson, Esq., counsel for co-plaintiff, Hi Bar Capital, LLC, at MWolfson@foley.com. and that I was authorized and directed to do so by Mark J. Wolfson, Esq., counsel for the Hi Bar Plaintiff.

                                / s/ David R. Softness
                                David R. Softness, Esq.