**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

**AUTO WHOLESALE OF BOCA, LLC,**          Case No.: 22-15627-EPK

Debtor.

_____/

**FVP OPPORTUNITY FUND III, LP**, a          **ADVERSARY PROCEEDING**
Delaware limited partnership; **FVP**          **CASE NO.  22-01218-EPK**
**INVESTMENTS, LLC,** a Delaware
limited liability company; and **FVP**
**SERVICING, LLC**, a Delaware limited
liability company,
Plaintiffs,

vs.

**AUTO WHOLESALE OF BOCA, LLC**,

     Defendant.

_____/

**<u>EMERGENCY MOTION TO RETURN TRUST FUNDS</u>**

**<u>EMERGENCY HEARING REQUESTED</u>**
**<u>PURSUANT TO LOCAL RULE 9075-1</u>**

**Basis for Requested Emergency Hearing**

**The Plaintiffs have a hearing set before the Court in this Adversary for <u>Wednesday, September 7, 2022, at 1:30 p.m.</u>  It is respectfully requested that this Motion be set for the same date and time.**

**The Plaintiffs require immediate relief on this motion.  The Debtor has taken funds from its attorney's trust account and placed them – allegedly – in its general operating (DIP) accounts.  Despite several written demands, the Debtor's attorneys have refused to return the funds or commit to their safekeeping pending a hearing on this motion.  It is respectfully represented that such relief must be considered on an emergency basis.**

**Per the provisions of Rule 9075-1(b) of the Local Rules for The**

**United States Bankruptcy Court for The Southern District of Florida (the "Local Rules"), movant has made a bona fide - in fact - repeated efforts to resolve the issues raised in this motion.**

**COME NOW** the Plaintiffs, FVP Opportunity Fund III, LP, a Delaware limited partnership (the "FVP Fund"), FVP Investments LLC, a Delaware limited liability company ("FVP Investments"), and FVP Servicing, LLC, a Delaware limited liability company ("FVP Servicing") (collectively, the "Plaintiffs"), by and through their undersigned counsel, and joined by the Hi-Bar Plaintiffs and move (the "Motion") that this Court order the Debtor to return the Jeep Proceeds to the Trust Account (both defined below) or to another appropriate trust account, and in support state as follows:

## INCORPORATION BY REFERENCE OF
## VERIFIED ALLEGATIONS AND EXHIBITS OF ADVERSARY COMPLAINTs

The Plaintiffs incorporate by reference hereto the verified allegations filed of record in this action as part of their Adversary Complaint and all exhibits attached thereto ("Complaint") and the Plaintiff's Motion to Amend its Complaint (concerning its proposed Third Amended Complaint) which is pending to be heard on September 7, 2022), and all exhibits attached thereto as well.

1. The facts are simple and so is the law.

2. The Court is aware that numerous parties are skirmishing in several Courts, over 20+ hi end automobiles (the "Cars"). The Cars are the focus of this Adversary.

3. In the State Court proceeding, a freeze order was entered ("Freeze Order"). The Court is aware that this Adversary essentially sought an extension of the

Freeze Order, which was essentially granted on a different basis.

4.    The Debtor's owner, Mr. Farache filed an affidavit regarding the Freeze Order stating that certain cars were in the Debtor's possession, were being safeguarded, and would not be sold.  Based on that affidavit the Court declined to enter an injunction.  The Farache affidavit is attached as Exhibit A.

5.    The Affidavit was false in at least one regard, one of the Cars which Mr. Farache swore was in the Debtor's  possession was actually being sold at auction (a 2021 Jeep Gladiator – the "Jeep").  The Jeep sold for $129,000 (the "Jeep Proceeds").

6.    When this fact was discovered – at or about that same time – the parties and their attorneys, agreed that the entirety of the Jeep Proceeds would be held in the Trust account of Farrow Law P.A., ("Farrow") the Debtor's state court counsel.

7.    In reliance on the Jeep Proceeds going into escrow, FVP declined to move forward on a renewed contempt against the Debtor, et al.

8.    Attached as Exhibit B is the check from the Debtor to "Farrow Law Trust Account" in the amount of $129,125.00 (generally, the "Check" and the "Trust Account"). The "re" on the Check says, "Escrow for 2021 Jeep 564806 (see note below)".  The note below says "*Sold on morning of Emergency hearing Prior to Judges hearing to be held in escrow just in case an issue arises.  Check received on 5/11/2022 and deposited on 5/11/22.  If no issue arises check to be returned in full"  (Initials illegible).

9.    The Plaintiff sued the Debtor in this adversary over the Cars and the funds in the Trust Account, so it is fair to say "an issue has arisen."

10.     The Debtor's amended schedules filed herein - under oath – on August 9, 2022, list in Schedule B Part 1, #4 entitled "Other Cash Equivalents, list "Trust Account funds at Jay Farrow, P.A. - $129,000."  A true copy of the relevant page of the Debtor's Schedule B is attached as Exhibit C.

11.     Plaintiffs' pleadings are replete with references to the Jeep Proceeds in the Trust Account and their intent to litigate regarding same.

12.     At the 341 meeting on August 25, 2022 (continued to August 31, 2022), the Debtor testified that the Jeep Proceeds were removed from the Trust Account and were deposited in the Debtor's DIP accounts.

13.     Letter writing ensued.

14.     FVP's counsel has corresponded to and with Jim Miller, Esq., the Debtor's bankruptcy counsel, Mr. Farrow, Esq., who held and then transferred the Jeep Proceeds from  the Trust Account, and William Dilley, Esq., who is believed to be state court counsel for either the Debtor or Mr. Farache.

15.     By email,  counsel for FVP asked that the Debtor's various counsel return the Jeep Proceeds to the Trust Account – or failing that – represent that they would be held pending a hearing on this instant Motion.  Both of those requests were either denied obliquely or ignored.  Counsel did respond at great length, and those emails – in their entirety -  are attached as Exhibit D.  The Court will note that Debtor's counsel take the somewhat startling views, stating variously that

"The money was put in trust as a courtesy and show of good faith.  Once the bankruptcy petition was filed the money became property of the bankruptcy estate just like the rest of the cars."  (Mr. Dilley)

Those funds are now part of the bankruptcy estate, over which you, nor the State Court, have any jurisdiction." (Mr. Dilley)

What funds were in "escrow"? There is no escrow agreement with anyone, let alone FVP. What court order has been violated? There was never an agreement that these monies belonged to your client. (Mr. Miller).

16.     Most startling in all this is that the Debtor swore the funds were in trust and then decided that they were not.

17.     The Court will recall that the gist of this entire lawsuit is that the Debtor "took" the Cars in the first place.

18.     This latest dust-up is pretty straightforward.  Either the Jeep Proceeds were in escrow, or they were not.  But whatever the Court's view may ultimately be, that decision needs to come from this Court, not the Debtor or its attorneys.

19.     The definition of escrow is "place in custody or trust."  It is hard to fathom that that didn't happen here.  In any event, the law is also clear.  In <u>in re Dzikowski v. NASD Regulation Inc.</u>, 239 F.3d 1195, 45 C.B.C.2d 820 (11th Cir. 2001), a chapter 7 trustee claimed ownership of a fund which had been placed in escrow with the NASD for the benefit of certain investors allegedly defrauded by the Debtor pre-petition.  <u>This</u> bankruptcy court and the District Court both found that the escrow was not property of the estate.  The Eleventh Circuit affirmed and held:

Nonetheless, "funds that are deposited into an escrow account by a debtor, for the benefit of others, cannot be characterized as property of the estate." <u>In re S.E.L. Maduro</u>, 205 B.R. 987, 990-91 (Bankr.S.D.Fla.1997) (citing <u>In re AGSY,</u>

Inc., 120 B.R. 313, 317-20 (Bankr.S.D.N.Y.1990))

20.     Similarly, in In re Jazzland, Inc., 322 B.R. 610 (Bankr. E.D. La. 2005) the Court held that:

> Generally, under bankruptcy law funds held in escrow are not property of the estate: Once a true escrow has been found, the critical, and frequently litigated, question is whether the assets held in escrow are property of the estate under section 541. In general, most courts have held that assets in escrow are not property of the estate, even though the debtor may have certain rights under the escrow agreement and, therefore in the assets escrowed."

21.     The Debtor here agreed to escrow the Jeep Proceeds in the Trust Account and thereby "place them in custody or trust."  No agreement of these parties nor any order of any court has determined who is entitled to the Jeep Proceeds (the raison d'etre of this Adversary).

22.     The Debtor testified under oath that the Jeep Proceeds have been placed in the DIP account.  But the Debtor also swore that they were in the Trust Account.  It is impossible to say where the Jeep Proceeds are now and the correspondence between counsel shed no light.

23.     Cash is as evanescent as evanescence  gets, and the Jeep Proceeds are at risk.  With the Debtor's failure to return the Jeep Proceeds or even confirm their safekeeping, this matter is emergent and due to be considered by the Court on an emergency basis.

24.     It is startling that this Debtor would unilaterally decide that funds he swore were in trust were in actuality the Debtor's.  This in the middle of an adversary litigating over those very funds.  But the coup d'grace is the Debtor's various attorneys refusing

to unwind this action or even represent that the Jeep Proceeds would remain protected pending a ruling.  The Plaintiff's legal fees and costs should be awarded for the costs and expense of litigating this sideshow.

**WHEREFORE**, Plaintiffs, FVP Opportunity Fund III, LP, FVP Investments LLC, and FVP Servicing, LLC, respectfully demand that this Court grant this Motion, direct the Debtor to put the Jeep Proceeds back into an appropriate trust account (not necessarily the Debtor's counsel) pending further order of this Court, for an award of its attorney's fees and costs, and, for such other and further relief as the Court deems to be just and equitable.

Dated September 5, 2022.

**For the FVP Plaintiffs**

Jerrell A. Breslin, Esq.
Baron, Breslin & Sarmiento
The DuPont Building
169 East Flagler Street, #700
Miami, Florida 33131
Phone: (305) 577-4626
E-mail:  JB@RichardBaronLaw.com
EService@RichardBaronLaw.com

Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
Jonathan Schwartz Law PLLC
10200 NW 25th Street, Suite 111
Doral, FL 33172
Tel.: (973) 936-2176
E-mails:
    jschwartz@jonschwartzlaw.com
    JNSEsquire@gmail.com

David Softness, Esq.
David R. Softness, P.A.
201 S. Biscayne Blvd., Ste 2740
Miami, Florida 33131
Phone: (305) 341-3111
E-mail:        david@softnesslaw.com

By:    s/ David R. Softness
    David R. Softness, Esq.
    Florida Bar No. 513229

Case No. 22-15627-EPK
**ADV. PROC. CASE NO. 22-01218-EPK**
Second Motion for Emergency Relief
Page 8 of 8

### For Hi Bar Plaintiff (Pending)

Steven William Wells, Esq.
*Admitted Pro Hac Vice*
New York Bar No.: 4184792
Wells Law, P.C.
229 Warner Road
Lancaster, NY 14086
Primary Email: steve@wellspc.com

Mark J. Wolfson, Esq.
FOLEY & LARDNER LLP
100 N. Tampa Street
Suite 2700 Tampa
Florida 33602
(813) 229-2300 (telephone)
(813) 221-4210 (facsimile)
Primary email:  mwolfson@foley.com
Secondary email:    crowell@foley.com

By:    /s/ Mark J. Wolfson
       Mark J. Wolfson, Esq.
       Florida Bar No. 0352756

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that; I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that a true and correct copy of the foregoing was served via CM/ECF electronic transmission upon those parties who are registered with the Court to receive notifications in this matter and upon James Miller, Esq., counsel for the defendant, Auto Wholesale of Boca, LLC at bkcmiami@gmail.com and jbm@title11law.com, and upon Mark Wolfson, Esq., counsel for co-plaintiff, Hi Bar Capital, LLC, at MWolfson@foley.com. and that I was authorized and directed to do so by Mark J. Wolfson, Esq., counsel for the Hi Bar Plaintiff.

/ s/ David R. Softness
David R. Softness, Esq.

# EXHIBIT A

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

FVP OPPORTUNITY FUND III, LP,
a Delaware limited partnership, FVP INVESTMENTS,
LLC, a Delaware limited liability company, and FVP
SERVICING, LLC, a Delaware limited
limited liability company,

CASE NO.: CACE-22-005125 (21)

      Plaintiffs,

vs.

KARMA OF BROWARD, INC., a Florida
corporation, KARMA OF PALM BEACH,
INC., a Florida corporation, SCOTT ZANKL,
An individual, MOSHE FARACHE, an
individual, AUTO WHOLESALE OF BOCA,
LLC., a Florida limited liability company, MMS
ULTIMATE SERVICES, INC., a Florida
corporation, EXCELL AUTO SPORT AND
SERVICE INC., a Florida corporation, and
EXCELL AUTO FINANCE,
LLC, a Florida limited liability company,

      Defendants.

_____/

### AFFIDAVIT OF MOSHE FARACHE

STATE OF FLORIDA      :

                ss.

COUNTY OF PALM BEACH    :

**BEFORE ME** the undersigned authority, personally appeared, MOSHE FARACHE, who, after being duly sworn, deposes and says:

1. My name is Moshe Farache. I am over the age of eighteen (18) years and sui juris. I have personal knowledge of the facts stated herein.

2. I am a managing member of Auto Wholesale of Boca, LLC ("AWB"). AWB is a licensed motor vehicle dealer in the State of Florida. AWB's principle address is located at 6560

West Rogers Circle, Suite B-27, Boca Raton, Florida 33487 and stores vehicles at 1001 Clint Moore Road, Suite 103, Office 4, Boca Raton, Florida 33487.

3.  I am a partner in regard to the note with MMS Ultimate Services, Inc. ("MMS"), a Defendant in the above styled action.  MMS's principle place of business is located at 7241 Catalina Isle Drive, Lake Worth, Florida 33467.  MMS conducts business, among other business ventures, as a secured lender of Excell Auto Group, Inc. MMS, as a sister entity of AWB, also occasionally stores vehicles at 1001 Clint Moore Road, Suite 103, Office 4, Boca Raton, Florida 33487.

4.  I am president of Excell Auto Sport and Service, Inc. ("EAS"), a Defendant in the above styled action.  EAS's principle place of business is located at 5741 North Dixie Highway, Suite 5, Boca Raton, Florida 33487.  EAS conducts business solely as a motor vehicle repair facility. It is not engaged in the business of buying, selling or securing financing for vehicles.

5.  Excell Auto Group, Inc. ("EAG") is not a party to the above styled action. EAG's principle address is located at 1001 Clint Moore Road, Suite 101, Boca Raton, Florida 33487. The President of EAG is Kristen Zankl, the wife of Defendant Scott Zankl. Scott Zankl is EAG's registered agent.   I am not in management of EAG, nor do I have, nor does my family have, any direct or indirect ownership interest in EAG.

6.  In 2021 and early 2022 AWB purchased motor vehicles numbered 1-27 on attached **Exhibit 1**.  These vehicles were purchased and maintained in Palm Beach County, Florida. In each instance, AWB made payment to these vehicles and received title contemporaneously.

7.  AWB paid value for the vehicles referenced as numbers 1-27 therein and obtained title to them as evidenced by the wholesale orders from EAG, certificates of title from the State of

Florida, and proof of payment (checks and wire transfers) attached hereto as **Composite Exhibit 2**. AWB is currently in possession of these vehicles in Palm Beach County, Florida.

8.  Out of an abundance of caution, AWB perfected a UCC-1 on the vehicles it purchased from EAG which UCC filing is attached hereto as **Exhibit 3**, and AWB obtained secured promissory notes and unconditional guarantees of payment from EAG, Karma of Palm Beach, Inc., Scott Zankl and Kristen Zankl (the "Guarantors") personally on those notes.[1] See composite exhibits A-C, attached to AWB's complaint against EAG and Scott and Kristen Zankl which was filed on April 8, 2022 in Palm Beach County, Florida Circuit Court (Case Number 2022-CA-003358-XXXX-MB).[2]

9.  AWB also purchased, obtained title and took possession of the vehicles listed as numbers 28-36 on **Exhibit 1**. These vehicles, prior to their purchase by AWB, were in Palm Beach County, Florida, and continue to be held in Palm Beach County, Florida.

10.  AWB is presently storing the aforementioned vehicles in its possession in an air-conditioned, secured facility located in Palm Beach County, Florida. Moreover, AWB procured a commercial general liability insurance in the sum of $500,000, per vehicle, each occurrence. A copy of the certificate of insurance is attached hereto as **Exhibit 4**.

11.  Regarding Plaintiff's allegations set forth in its verified complaint and emergency *ex-parte* motion for appointment of a receiver and for temporary injunction, wherein Plaintiffs allege that I threatened, intimidated, coerced, trespassed so to force Scott Zankl, Kristen Zankl or

---

[1] Each of the secured promissory notes and unconditional guarantees referenced in paragraph number 8 of this affidavit were executed prior to the loans issued by Plaintiff which gave rise to the instant action.

[2] The instant action was filed on April 11, 2022, three days later.

their related entities to transfer title and possession of the vehicles that are subject to the instant litigation, is patently false.

FURTHER AFFIANT SAYETH NAUGHT.

BY: _____

MOSHE FARACHE

CITY OF PALM BEACH      )
                        )SS:
STATE OF FLORIDA        )

BEFORE      ME,      the      undersigned      authority,      personally      appeared, *Moshe Farache* _____, ~~who is~~ personally known to me ~~or who has produced~~ _____ ~~as personal identification~~ and who first by me being duly sworn, says that it is the Plaintiff in the above-styled cause, that he/she has read the foregoing and has personal knowledge of the facts and matters set forth and alleged in it; and that each of the facts and matters are true and correct.

The foregoing instrument was acknowledged before me by means of ( ) physical presence or ( ) online notarization, this *14th* day of *APRIL* 2022.

_____
Notary Public
My Commission Expires:

Notary Public State of Florida
Scott C. Gherman
My Commission GG 951287
Expires 01/27/2024

4

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE22005125
DIVISION: 21
JUDGE: TOWBIN SINGER

FVP OPPORTUNITY FUND III, LP, a
Delaware limited partnership; FVP
INVESTMENTS, LLC, a Delaware limited
liability company; and FVP SERVICING,
LLC, a Delaware limited liability company,

Plaintiffs,

vs.

KARMA OF BROWARD, INC., a Florida
corporation; KARMA OF PALM BEACH,
INC., a Florida corporation; SCOTT
ZANKL, an individual; KRISTEN ZANKL,
an individual; MOSHE FARACHE, an
individual; AUTO WHOLESALE OF
BOCA, LLC, a Florida limited liability
company; MMS ULTIMATE SERVICES,
INC., a Florida corporation; EXCELL
AUTO SPORT AND SERVICE, INC., a
Florida corporation; and EXCELL AUTO
FINANCE, LLC, a Florida limited liability
company,

Defendants.

_____/

# Exhibits 1
# & Composite 2

# EXHIBIT "1"

| | MAKE | MODEL | YEAR | COLOR | VIN | PURCHASE DATE | TITLE Y or N |
|---|---|---|---|---|---|---|---|
| 1 | ASTON MARTIN | DB11 VOLANTE | 2019 | BEIGE | SCFRMFCW6KGM07671 | 2/28/2022 | Y |
| 2 | FERRARI | F12 BERLINETTA | 2017 | RED | ZFF74UFA7H0221036 | 2/2/2022 | Y |
| 6 | MERCEDES | G63 | 2020 | GREEN | W1NYC7HJ6LX346462 | 2/23/2022 | Y |
| 8 | ROLLS ROYCE | GHOST | 2021 | GRAY | SCATV0C04MU207524 | 3/9/2022 | N |
| 10 | BENTLEY | FLYING SPUR | 2017 | BLACK | SCBEC9ZA0HC065523 | 4/1/2022 | Y |
| 11 | BMW | X7 | 2019 | BLUE | 5UXCX4C56KLS39222 | 12/29/2021 | Y |
| 13 | GMC | YUKON | 2019 | WHITE | 1GKS1CKJ8KR354378 | 3/15/2022 | Y |
| 16 | MCLAREN | 720S | 2018 | WHITE | SBM14DCA9JW000606 | 3/1/2022 | Y |
| 17 | MERCEDES | G WAGON | 2021 | WHITE | W1NYC7HJ0MX390328 | 2/16/2022 | Y |
| 18 | MERCEDES | G63 | 2020 | BLUE | W1NYC7HJ6LX362080 | 2/9/2022 | Y |
| 20 | PORSCHE | 911 | 2008 | RED | WP0AD29978S783176 | 3/15/2022 | Y |
| 24 | MCLAREN | 720S | 2020 | WHITE | SBM14FCA5LW004229 | 1/19/2022 | Y |
| 26 | LAMBORGHINI | URUS | 2019 | BLUE | ZPBUA1ZLXKLA01961 | 3/7/2022 | N |
| 27 | FERRARI | 812 SUPERFAST | 2020 | BLACK | ZFF83CLA1L0254693 | 3/9/2022 | Y |
| 28 | CADILLAC | ESCALADE | 2018 | BLACK | 1GYS4BKJXJR261612 | 4/2/2022 | Y |
| 29 | FERRARI | 458 ITALIA | 2013 | BLACK | ZFF68NHA8D0191526 | 4/2/2022 | Y |
| 30 | JEEP | GLADIATOR | 2021 | BLACK | 1C6HJTAG0ML564806 | 4/2/2022 | Y |
| 31 | JEEP | GLADIATOR | 2021 | BLACK | 1C6HJTAG1ML571540 | 4/2/2022 | Y |
| 32 | LAMBORGHINI | HURACAN | 2017 | BLACK | ZHWUR2ZF8HLA08121 | 4/2/2022 | Y |
| 34 | MCLAREN | 720S | 2018 | BLACK | SBM14DCA7JW001804 | 4/2/2022 | Y |
| 35 | MCLAREN | 720S | 2019 | ORANGE | SBM14FCA9KW003714 | 4/2/2022 | Y |
| 36 | MERCEDES | G CLASS | 2020 | BLUE | WDCYC7HJ9LX334940 | 4/2/2022 | Y |

# EXHIBIT B

 **Manheim**

# BILL OF SALE

**THIS IS NOT AN INVOICE**

**DOCUMENT NOT VALID FOR EXPORT**

| 731 MANHEIM PALM BEACH<br>600 SANSBURYS WAY<br>WEST PALM BEACH, FL 33411 US | **Sale Date**<br>14-APR-2022 17:28:48 | | | |
|---|---|---|---|---|

| | | **Vehicle Purchase Price** |
|---|---|---|
| **Sale Price** | | $ 130,000.00 |
| **Adjustments** | | $ 0.00 |
| **Final Sale Price** | | $ 130,000.00 |

| | **Yr Wk Ln Rn**<br>2022-15-94-11 |
|---|---|

Please refer to the vehicle release for the pickup location

**Sale Type**
OVE

| **Seller**<br>AUTO WHOLESALE OF BOCA LLC<br>6560 W ROGERS CIR # B27<br>BOCA RATON, FL 33487 US<br><br>Seller Rep:<br>*Signature on file* | **Remarketer**<br>LUXLANE REMARKETING<br><br>**Owner**<br>AUTO WHOLESALE OF BOCA LLC | **Buyer**<br>PROVIDENCE AUTO GROUP LLC<br>1635 N ALBANY AVE<br>ATLANTIC CITY, NJ 08401 US<br><br>Buyer Rep: MIRANDA, ANTHONY<br>*Signature on file* |
|---|---|---|

## Vehicle Information
2021 JEEP GLAD SPT S
CREW SPORT S BLACK Four Wheel Drive
1C6HJTAG0ML564806

Mileage: 1267 Miles   0

License Plate No:

## Title Information
State: FL     Number: 1

## Auction Lights

GREEN     Buyer protection to conditions
YELLOW     Certain conditions announced prior to sale

## Odometer Disclosure
Federal law (and state law, if applicable) requires the Seller to state the mileage upon transfer of ownership. Failure to complete or providing false information may result in fines and/or imprisonment.

Seller hereby states that the odometer for this Vehicle now reads identically to the Mileage stated on this Bill of Sale under Vehicle Information and certifies to the best of Seller's knowledge that this reflects the actual mileage of the Vehicle, unless disclosed otherwise in the Announcements & Notes below.

## Announcements & Notes
STRUCTURAL ALTERATION
THIRD PARTY SELLER

## Vehicle Features
Convertible Hardtop
6-cylinder Gas
A/T
Power Steering
ORA
Leather Seats
A/C

Power Windows
Power Door Locks
Cruise Control
Rear Defrost
Driver Air Bag
Emissions label missing

Seller agrees to sell the vehicle covered by this Bill of Sale to Buyer for the price noted herein.
Seller is the transferor of the vehicle and is responsible for all disclosures, including odometer and mileage.
Buyer must return a signed copy of the title front and back, including the odometer statement therein, to Seller or be subject to civil and criminal penalties.  See 49 CFR § 580.5(f).
Manheim retains a purchase money security interest in the Vehicle and its title until good funds are received from the Buyer.
Seller and Buyer agree to the Manheim Terms and Conditions in effect at the time of the sale.
Sale terms and this Bill of Sale are subject to adjustments by Manheim. Please check your customer account at Manheim.com for most current version of this document.
Bill of Sale is not an Invoice. Please refer to Invoices in your account on Manheim.com.

Printed on: 11-May-2022 06:12:50

 **Manheim**

# Credit Memo # 52629085

**PAY TO**
AUTO WHOLESALE OF BOCA LLC
6560 W ROGERS CIR # B27
BOCA RATON, FL 33487 US
5333629

**REMIT TO**
Cox Automotive, Inc.
PO Box 105156
Atlanta, GA 30348-5156 US

| | |
|---|---|
| **INVOICE TYPE** | Seller |
| **INVOICE DATE** | 10-MAY-2022 |
| **PAYMENT DUE DATE** | 10-MAY-2022 |
| **BUYER REPRESENTATIVE** | MIRANDA, ANTHONY |
| **TRANSACTION LOCATION** | 731 MANHEIM PALM BEACH |
| **ORIGINAL BUYER** | |

**BUYER**
PROVIDENCE AUTO GROUP LLC
1635 N ALBANY AVE
ATLANTIC CITY, NJ 08401 US

**REMARKETER**
LUXLANE REMARKETING
6579 NW 31ST WAY
BOCA RATON, FL 33496 US

**INVOICING-SALES LOCATION**
MANHEIM PALM BEACH
600 SANSBURYS WAY
WEST PALM BEACH, FL 33411 US

| | |
|---|---|
| **LEASE ACCOUNT NO** | |
| **YEAR MAKE MODEL** | 2021 JEEP GLAD SPT S |
| **VIN** | 1C6HJTAG0ML564806 |
| **MILEAGE** | 1267 Miles |

| CHARGE DATE | WORK ORDER | UNIVERSAL KEY | DESCRIPTION | CUSTOMER PO# | PRICE | TAX | LINE TOTAL |
|---|---|---|---|---|---|---|---|
| 14-APR-2022 | 2062859 | 2022-15-94-11 | 2021 JEEP GLAD SPT S | | ($130,000.00) | $0.00 | ($130,000.00) |
| 14-APR-2022 | 2062859 | 2022-15-94-11 | SELLER SUCCESS FEE | | $575.00 | $0.00 | $575.00 |
| 29-APR-2022 | 2062859 | 2022-15-94-11 | REMIT ADMIN FEE TO SELLER - Luxlane Remarketing Rep fee | | $250.00 | $0.00 | $250.00 |
| 08-APR-2022 | 2062859 | 2022-15-94-11 | 15+3 Image Fee | | $25.00 | $0.00 | $25.00 |
| 08-APR-2022 | 2062859 | 2022-15-94-11 | CR W/O ESTIMATE FEE | | $25.00 | $0.00 | $25.00 |

**ADJUSTMENTS**

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| | | |
| | **TOTAL ADJUSTMENTS** | $0.00 |

**PAYMENTS**

| DATE | REF NO | DESCRIPTION | AMOUNT |
|---|---|---|---|
| 10-MAY-2022 | 1970196 | Invoice Applied SBM13RAA6KW006903 | $2,000.00 |
| 10-MAY-2022 | 6131991 | Check Issued | $127,125.00 |
| | | **TOTAL PAYMENTS** | $129,125.00 |

**SPECIAL INSTRUCTIONS**
Please include the invoice number on all remittances and include remittance copy with postal payments.
Visit your Account at Manheim.com to manage preferences, view invoices & statuses, see history and pay invoices.
A late fee will be added, wherever applicable, to all past due invoices, subject to details in the Manheim Terms and Conditions.
If you have questions concerning this invoice, please call or email Manheim Client Care @ 1-866-MANHEIM (626-4346), Mon-Sat 8am-10pm; or email us by clicking on Contact Us on Manheim.com.

| | |
|---|---|
| **SUB TOTAL** | ($129,125.00) |
| **TAX** | $0.00 |
| **ADJUSTMENTS** | $0.00 |
| **TOTAL BEFORE PAYMENTS** | ($129,125.00) |
| **PAYMENTS** | $129,125.00 |
| **AMOUNT DUE TO** | |
| | $0.00 |

Overnight mailing address:
Cox Automotive Inc, Attn: Lockbox 105156, 3585 Atlanta Avenue, Hapeville, GA 30354-1705 US

Printed on: 2022-05-11 14:12:50

 **Manheim**

# Invoice # 1970196

**DUE FROM**
AUTO WHOLESALE OF BOCA LLC
6560 W ROGERS CIR # B27
BOCA RATON, FL 33487 US
5333629

| | | |
|---|---|---|
| **REMIT TO** | **INVOICE TYPE** | Seller |
| Cox Automotive, Inc. | **INVOICE DATE** | 27-APR-2022 |
| PO Box 105156 | **PAYMENT DUE DATE** | 27-APR-2022 |
| Atlanta, GA 30348-5156 US | **BUYER REPRESENTATIVE** | WILDRICK, RYAN |
| | **TRANSACTION LOCATION** | 731 MANHEIM PALM BEACH |

**BUYER**
BMD LLC
612 PLYMOUTH ST STE 4R
EAST BRIDGEWATER, MA 02333 US

**REMARKETER**
LUXLANE REMARKETING
6579 NW 31ST WAY
BOCA RATON, FL 33496 US

| | | |
|---|---|---|
| **INVOICING-SALES LOCATION** | **ORIGINAL BUYER** | |
| MANHEIM PALM BEACH | **LEASE ACCOUNT NO** | |
| 600 SANSBURYS WAY | **YEAR MAKE MODEL** | 2019 MCLAREN 600LT |
| WEST PALM BEACH, FL 33411 US | **VIN** | SBM13RAA6KW006903 |
| | **MILEAGE** | 7673 Miles |

| CHARGE DATE | WORK ORDER | UNIVERSAL KEY | DESCRIPTION | CUSTOMER PO# | PRICE | TAX | LINE TOTAL |
|---|---|---|---|---|---|---|---|
| | 2062658 | 2022-14-2-109 | Sale Price Adjustment Item | | $2,000.00 | $0.00 | $2,000.00 |

| ADJUSTMENTS DATE | | DESCRIPTION | AMOUNT |
|---|---|---|---|
| | | | |
| | | TOTAL ADJUSTMENTS | $0.00 |

| PAYMENTS DATE | REF NO | DESCRIPTION | AMOUNT |
|---|---|---|---|
| 10-MAY-2022 | 52629085 | Credit Memo Applied 1C6HJTAG0ML564806 | $2,000.00 |
| | | TOTAL PAYMENTS | $2,000.00 |

**SPECIAL INSTRUCTIONS**
Please include the invoice number on all remittances and include remittance copy with postal payments.
Visit your Account at Manheim.com to manage preferences, view invoices & statuses, see history and pay invoices.
A late fee will be added, wherever applicable, to all past due invoices, subject to details in the Manheim Terms and Conditions.
If you have questions concerning this invoice, please call or email Manheim Client Care @ 1-866-MANHEIM (626-4346), Mon-Sat 8am-10pm; or email us by
clicking on Contact Us on Manheim.com.

| | |
|---|---|
| SUB TOTAL | $2,000.00 |
| TAX | $0.00 |
| ADJUSTMENTS | $0.00 |
| TOTAL BEFORE PAYMENTS | $2,000.00 |
| PAYMENTS | ($2,000.00) |
| OUTSTANDING BALANCE | $0.00 |

Overnight mailing address:
Cox Automotive Inc, Attn: Lockbox 105156, 3585 Atlanta Avenue, Hapeville, GA 30354-1705 US

Printed on: 2022-05-11 18:18:08

AUTO WHOLESALE OF BOCA LLC
6560 W ROGERS CIRCLE SUITE 27
BOCA RATON, FL 33487

BANK UNITED
63-9059/2670

2125

5/11/2022

PAY TO THE
ORDER OF     FARROW LAW PA TRUST ACCOUNT

$  **129,125.00

One Hundred Twenty-Nine Thousand One Hundred Twenty-Five and 00/100****************************************

DOLLARS

FARROW LAW PA TRUST ACCOUNT
4801 S UNIVERSITY DR #260
DAVIE FL 33328

MEMO    ESCROW FOR 2021 JEEP 564806
        See Note below

AUTHORIZED SIGNATURE

⑈002125⑈ ⑆267090594⑈    9854907432⑈

---

AUTO WHOLESALE OF BOCA LLC
    FARROW LAW PA TRUST ACCOUNT                                    5/11/2022         2125
                              ESCROW FOR 2021 JEEP 564806                         129,125.00

*Sold on Morning of Emergency hearing Prior to
Judges hearing. to be held in egcrow just in case
an Issue arises. Check recieved on 5/11/2022 +
Deposited on 5/11/22. If No Issue arises check
to be returned in Full  Ty

BANK UNITED         ESCROW FOR 2021 JEEP 564806                          129,125.00

# EXHIBIT C

**Fill in this information to identify the case:**

Debtor name   **Auto Wholesale of Boca, LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF FLORIDA

Case number (if known)   **22-15627-EPK**

■ Check if this is an amended filing

# Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property     12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:   Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No.  Go to Part 2.
   ■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **Bank United** | **Checking Account** | **7432** | **$216,231.85** |
| 3.2. | **Synovus Bank** | **Checking Account** | **5805** | **$9,900.00** |
| 3.3. | **TD Bank** | **Checking Account** | **8886** | **$6,652.47** |

4. **Other cash equivalents** *(Identify all)*

| | | |
|---|---|---|
| 4.1. | **Trust account funds at Jay Farrow, P.A.** | **$129,000.00** |
| 4.2. | **FVP Opportunity Fund III, LP et al v. Auto Wholesale of Boca, LLC Court Registry for RR Ghost return.** | **$53,000.00** |

5. **Total of Part 1.**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

   **$414,784.32**

## Part 2:   Deposits and Prepayments

# EXHIBIT D

## David Softness

| | |
|---|---|
| **From:** | David Softness |
| **Sent:** | Friday, September 2, 2022 12:04 PM |
| **To:** | James Miller |
| **Cc:** | Jerry Breslin; Jonathan Schwartz, Esq.; Will Dilley; jay@farrowlawfirm.com |
| **Subject:** | RE: Trust funds for the Sale of the Gladiator. |

I'm going to take that as a hard no on returning the funds to trust, and an ignore on the request that they remain in place pending a hearing.

David R. Softness, Esq.
david@softnesslaw.com
Office:        305-341-3111
Cell:           305-804-3665
(Please Use Cell Until Further Notice)

**From:** James Miller <jbm@title11law.com>
**Sent:** Friday, September 2, 2022 10:17 AM
**To:** David Softness <david@softnesslaw.com>
**Cc:** Jerry Breslin <jb@richardbaronlaw.com>; Jonathan Schwartz, Esq. <jschwartz@jonschwartzlaw.com>; Will Dilley <will@dilleytriallaw.com>; jay@farrowlawfirm.com
**Subject:** Re: Trust funds for the Sale of the Gladiator.

David

What funds were in "escrow"? There is no escrow agreement with anyone, let alone FVP. What court order has been violated? There was never an agreement that these monies belonged to your client. Let me know what judicial authority was needed to move funds that belonged to the Debtor to its DIP account.  What is alarming are the non-stop baseless allegations that FVP is filing in this Case.

More importantly, do you know when this vehicle was in Karma's or Excel's possession? Was it before any funding by your client? And how does your client prime Franklin? Your client never had a lien on the vehicle and thus not the proceeds. What is FVP's interest in these proceeds, and how does it get there? FVP's loan documents show that they only get a lien on autos purchased, after a draw request is approved, with the proceeds of their draw loan. Since your client has had my client's production for months now, I am assuming they have reviewed it and  can clearly see the date this automobile was in anyone's inventory --  a date long before any loans (let alone funding) by FVP.

You already have a hearing set for Wednesday, so I do not see any urgency before then.

Finally, FVP's motion to extend the injunction is baseless and without merit as to AWB being in possession of other cars and hiding them. Please advise what FVP is looking at to make these allegations as to AWB hiding and not disclosing cars they do not have. Clearly, no due diligence is being performed by FVP or FVP is choosing to ignore the obvious facts it has knowledge of.

1

On Fri, Sep 2, 2022 at 9:16 AM David Softness <david@softnesslaw.com> wrote:

Jim et al.  The 11th Circuit takes the view that funds in escrow are <u>not</u> property of the estate.  I attach the <u>Dzikowski</u> decision to that effect (and two others).   I understand Mr. Dilley takes a different view.  But as Mr. Dilley says, you are the bankruptcy lawyer.

Whatever your view, it is alarming that your client and his attorneys simply moved the funds without seeking some judicial authority.

We will be seeking judicial relief regarding this turn of events.  I would appreciate a written response to the effect that the disputed funds ($129,000) will remain in place until we can have the matter heard.  Failing such a written undertaking, we will style our relief as emergent.

Thank you in advance.  David.

David R. Softness, Esq.

david@softnesslaw.com

Office:        305-341-3111

Cell:          305-804-3665

(Please Use Cell Until Further Notice)

**From:** Will Dilley <will@dilleytriallaw.com>
**Sent:** Wednesday, August 31, 2022 4:03 PM
**To:** Jerry Breslin <jb@richardbaronlaw.com>
**Cc:** jay@farrowlawfirm.com; Jonathan Schwartz, Esq. <jschwartz@jonschwartzlaw.com>; David Softness <david@softnesslaw.com>; James Miller <jbm@title11law.com>
**Subject:** Re: Trust funds for the Sale of the Gladiator.

Jerry,

2

Jim Miller, AWB's bankruptcy counsel, is copied on this reply.  Those funds are now part of the bankruptcy estate, over which you, nor the State Court, have any jurisdiction.  So, any issue as to those funds needs to be addressed with the Bankruptcy Court, or Mr. Miller.  I'm not a bankruptcy attorney, but it sure seems like your email may very well be a violation of the automatic stay as you're trying to assert some kind of control over bankruptcy estate property.

The Gladiator was sold prior to the entry of the State Court's "Freeze Order," as we have discussed many times.  The money was put in trust as a courtesy and show of good faith.  Once the bankruptcy petition was filed the money became property of the bankruptcy estate just like the rest of the cars.

Lastly, as someone who's been practicing longer than I've been alive, I'm sure I don't have to lecture you on the impropriety of threatening bar violations, but you're toeing the line with that one, so I will caution you to choose your words more carefully going forward.

Thanks,

Will

William P. Dilley, Esquire

DILLEY TRIAL LAW, PLLC

401 E Las Olas Blvd, Suite 1400

Fort Lauderdale, Florida 33301

Telephone: (786) 863-2416

Will@DilleyTrialLaw.com

On Wed, Aug 31, 2022 at 11:57 AM Jerry Breslin <jb@richardbaronlaw.com> wrote:

Jay and Will.

3

It has come to my attention that the funds that you represented to be in your trust account were removed without notice to us.

The only reason that we did not move to hold your client in contempt for violation of the freeze order was based on your representations that the funds were in trust as reflected in the attached documents that you provided to us – which of course is then under the Trust rules of the Bar.  So we relied on your representations.

I don't want to make a big deal about this but I am formally demanding that you put those funds back in trust and confirm to me that they are in your trust account by close of business tomorrow.

Thank you.

Best,

Jerry

**Jerry Breslin, Attorney at Law**

**Email: JB@RichardBaronLaw.com**

**Direct Tel.: 786-636-1138**

**Service of Court Documents - Primary Email: Eservice@RichardBaronLaw.com**

**Baron, Breslin & Sarmiento, Attorneys at Law**

**The DuPont Building**

**Suite 700**

**169 East Flagler Street**

**Miami, Florida 33131**

4

**Tel: 305-577-4626 – Ext. 362**

**Direct: 786-636-1138**

**Fax: 305-577-4630**

**www.rbaronlaw.com**

**Confidentiality Notice**: The information contained in this e-mail message is attorney/client privileged or confidential information intended only for use by the individual or entity named above or intended recipient if emailed in error.  Both the Attorney/Client and Attorney Work product Privileges apply and any unauthorized disclosure of the contents of this communication is prohibited by law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone at 305-577-4626 and delete the original message. Thank you.