**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

**AUTO WHOLESALE OF BOCA, LLC,**

    Debtor.

_____/

**FVP OPPORTUNITY FUND III, LP**, a
Delaware limited partnership; **FVP
INVESTMENTS, LLC,** a Delaware
limited liability company; and **FVP
SERVICING, LLC**, a Delaware limited
liability company, **and HI BAR
CAPITAL, LLC**, a New York Limited
Liability Company,

    Plaintiffs,

vs.

**AUTO WHOLESALE OF BOCA, LLC**,

    Defendant.

_____/

**CASE NO. 22-15627-EPK**

Chapter 7

**Adversary Case No**: **22-01218-EPK**

### MOTION TO ENLARGE TIME UNDER FED. R. CIV. P. 30(d)(1)TO TAKE THE DEPOSITION OF MOSHE FARACHE

**COMES NOW**, FVP Opportunity Fund III, LP, a Delaware limited partnership (the "FVP Fund"), FVP Investments LLC, a Delaware limited liability company ("FVP Investments"), and FVP Servicing, LLC, a Delaware limited liability company ("FVP Servicing"), (collectively, the "Plaintiffs") and seek leave of court to enlarge the time period under Fed. R. Civ. P. 30(d)(1) for the deposition of Moshe Farache. For the reasons stated herein, it is requested that the time period be extended to three (3) days of 7 hours each.

Moshe Farache is the central figure of this litigation and the admitted cause of both

the underlying state action and therefore this action. It was the actions that were conducted by Mr. Farache and his agents in taking over thirty automobiles that shut down the business of Karma of Palm Beach, Inc., Karma of Broward, Inc., and any remaining business operations of Excell Auto Group, Inc, and led to numerous litigations. Mr. Farache has yet to be deposed in any action.

The Plaintiffs seek to take the deposition of Mr. Farache the first week of November 2022.

The deposition of Mr. Farache (the Deponent) will encompass the examination of the witness regarding:

1.  The historical business relationship and transactions over the preceding eighteen months leading up to, and resulting in, the removal of over thirty automobiles on April 1, 2022, and shutting down the business of Karma of Palm Beach, Inc., Karma of Broward, Inc., and any remaining business operations of Excell Auto Group, Inc.

2.  Over 140 automobile jackets supplied by Mr. Farache and the Debtor in the state court action that contain over 1000 documents that Mr. Farache claims establish automobile sales which Plaintiffs contend are false and fraudulent. An identical number of corresponding deal jackets obtained from the Trustee will be involved in the examination.

3.  A detailed examination of the 27 deal jackets both from Mr. Farache and the Trustee regarding the cars and funds addressed by the Plaintiffs in the Third

Amended Adversary Complaint, and as further amended.

4.  Hundreds of pages of Bank records that are on their face wholly inconsistent with the sworn allegations of the Debtor in this and other actions.

5.  Many dozens of business records and electronic records of the Excell and the Karma entities that that are on their face wholly inconsistent with the sworn allegations of Mr. Farache on behalf of the Debtor in this and other actions.

6.  Verified statements in lawsuit complaints and affidavits sworn to by Mr. Farache that that are on their face wholly inconsistent with the sworn allegations of Mr. Farache on behalf of the Debtor in this and other actions.

7.  Dozens of Emails, with many dozens of attached documents that are on their face wholly inconsistent with the sworn allegations of Mr. Farache on behalf of the Debtor in this and other actions regarding the subject vehicles.

8.  The tax returns of the Debtor that are unsupported by the bank accounts of the Debtor.

9.  Undersigned counsel will supply the witness with all the documents to be examined prior to the deposition to assist in moving the deposition at a reasonable pace but undersigned counsel believe in good faith that even with this procedure the data, documents and subject matter of the deposition cannot be expected to be covered to fairly examine the deponent in less than the time

period requested. [1]

10. Undersigned counsel expect that attorneys for other parties will seek to question the witness, and it is expected that the witness will be likely be examined by Debtor's counsel after questioning by the Plaintiffs.

11. It is suggested that the granting of this motion will shorten the time necessary for the trial of this cause by crystalizing the facts and legal issues prior to trial.

12. To the extent that Mr. Farache claims the need for an interpreter, then it is requested that the requested length of examination be extended to 5 days.

Memorandum and Argument

It is respectfully submitted that on these facts, and in this unusual case, the enlargement of the default time period for a deposition is both appropriate and required under the rules for the Plaintiff's and Intervenor Plaintiffs to fairly examine the deponent.

Federal Rule of Civil Procedure 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court *must* allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or

---

[1] *See* Fla. R. Civ. P. 30  - Notes of Advisory Committee. "Parties considering extending the time for a deposition—and courts asked to order an extension—might consider a variety of factors. For example, if the witness needs an interpreter, that may prolong the examination. If the examination will cover events occurring over a long period of time, that may justify allowing additional time. In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them."

delays the examination." emphasis supplied.

The factors in Rule 26(b)(2) that suggest enlargement of the default time period to fairly examine the witness are:

(i) the discovery sought is neither cumulative nor duplicative, and Mr. Farache is the only witness that can testify to both the facts and the intent above described and none of the testimony can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the Plaintiff parties cannot get the testimony of Mr. Farache regarding the core issues by other discovery; or

(iii) the benefit of the full and unrestricted testimony of Mr. Farache outweighs any small burden, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Therefore, although Rule 30(d)(1) establishes the presumptive duration of a deposition, it also *requires* the Court to permit additional time *if such additional time is necessary to fairly examine the deponent*.

It is respectfully suggested that in this unique case that the additional time requested by this motion is required for the Deponent Moshe Farache to be fairly examined and that this Honorable Court grant the relief requested herein.

Dated: September 23, 2022

<u>For the FVP Plaintiffs</u>

| | |
|---|---|
| Jerrell A. Breslin, Esq.<br>Baron, Breslin & Sarmiento<br>The DuPont Building<br>169 East Flagler Street, #700<br>Miami, Florida 33131<br>Phone: (305) 577-4626<br>E-mail:  JB@RichardBaronLaw.com<br>EService@RichardBaronLaw.com<br><br>By:     s/ Jerrell Breslin, Esq.<br>         Jerrell Breslin, Esq.<br>          Fla Bar No: 269573 | David Softness, Esq.<br>David R. Softness, P.A.<br>201 S. Biscayne Blvd., Ste 2740<br>Miami, Florida 33131<br>Phone: (305) 341-3111<br>E-mail:david@softnesslaw.com |
| Jonathan Noah Schwartz, Esq.<br>Florida Bar No. 1014596<br>Jonathan Schwartz Law PLLC<br>10200 NW 25th Street, Suite 111<br>Doral, FL 33172<br>Tel.: (973) 936-2176<br>E-mails:jschwartz@jonschwartzlaw.com<br>JNSEsquire@gmail.com | |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that; I electronically filed the foregoing was served via Email electronic transmission under Local Rule 7026 -1 upon those parties and attorneys who are registered with the Court to receive notifications in this matter but not filed of record and by email upon: the office of the US Trustee by serving Heidi A. Feinman, Esq. at Heidi.A.Feinman@usdoj.gov, upon the Subchapter 5 Trustee by serving Linda Leali, Esq. at lleali@lealilaw.com, upon the Debtor/Defendant by serving James B. Miller, Esq. at bkcmiami@gmail.com, upon Karma or Broward, Inc. and Karma of Palm Beach, Inc. by

serving Harry Winderman, Esq. at harry4334@hotmail.com, upon Ed Brown by serving Brett Marks, Esq., at brett.marks@akerman.com, and upon Hi Bar by serving Mark Wolfson, Esq. at MWolfson@foley.com.

/ s/ Jerrell Breslin
Jerrell Breslin, Esq.