**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In Re:

AUTO WHOLESALE OF BOCA, LLC,                    Case No.: 22-15627-EPK
                                                Chapter: 11
    Debtor.                             WEST PALM BEACH DIVISION
_____/

FVP OPPORTUNITY FUND III, LP, a
Delaware limited partnership; FVP
INVESTMENTS, LLC, a Delaware
limited liability company; and FVP
SERVICING, LLC, a Delaware limited
liability company,

    Plaintiffs,

vs.                                             Adversary Case No.: 22-01218-EPK

AUTO WHOLESALE OF BOCA, LLC,

    Defendant.
_____/

**<u>KARMA OF PALM BEACH, INC. AND KARMA OF BROWARD, INC.'S</u>**
**<u>MOTION TO INTERVENE</u>**

Interested Parties, KARMA OF PALM BEACH, INC. and KARMA OF BROWARD, INC. (collectively, the "Karma Entities"), through undersigned counsel and pursuant to Fed. R. Civ. P. 24, respectfully requests that the Court grant it leave to intervene in this adversary proceeding as an Adversary Plaintiff. As grounds in support, the Karma Entities state as follows:

**<u>BACKGROUND</u>**

1.      The Karma Entities are engaged in the purchase and sale of high-end exotic vehicles.

2. On April 8, 2022, third-party affiliate, Excell Auto Group, Inc. ("Excell"), filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, thereby initiating Case No. 22-19720-EPK.

3. On July 22, 2022, Debtor, AUTO WHOLESALE OF BOCA, LLC ("AWB"), filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned bankruptcy case.

4. The Debtor is an automobile dealer that maintains a main office and warehouse.

5. The Debtor alleges it is the owner of the following vehicles and funds:

a. Nineteen (19) automobiles, described in its schedules as assets.

b. Two (2) automobiles more fully described as a 2016 Ford Rhino Black, VIN # 1FDUF4HT8GEB18666, and a 2018 McLaren 720s Black, VIN # SBM14DCA7JW001804, which are currently in the possession of the Debtor at its business location at 5471 N. Dixie Highway, Boca Raton, Florida or other locations unknown to the Karma Entities.

c. One (1) automobile more fully described as a 2007 LAMBORGHINI GALLARDO 2DR, VIN # 1FDUF4HT8GEB18666, which are currently in the possession of the Debtor at a location unknown to the Karma Entities.

d. Two (2) automobiles more fully described as a 2015 Maclaren 650 S Convertible, Grey, VIN # SBM11FAA4FW003654, and a 2017 Lamborghini Huracan Red, VIN # ZHWUR2ZF8HLA08121, which are currently in the possession of Karma of Broward at its business in Broward County, Florida. Karma of Broward has possession of the vehicles, but Farache took the titles and claims ownership for the Debtor.

e. Two (2) automobiles more fully described as a 2021 Rolls Royce Cullinan White, VIN # SLATV8C09MU20497, and a 2021 Lamborghini Urus White, VIN # ZPBUA1ZL1MLA12270, which are currently in the possession of Edward Brown and are located in Palm Beach County, Florida or some other location unknown to the Karma Entities.

f. Two (2) automobiles more fully described as a 2021 Ferrari SF 90 VIN # ZFF95NLA7M0265077, and a 2021 Ferrari Roma, VIN # ZFF98RNA3M0263662, which are currently in the possession of Edward Brown and are located in Palm Beach County, Florida or some other location unknown to the Karma Entities.

g. One (1) automobile more fully described as a 2021 Jeep Gladiator Black, VIN # 1C6HJJAG0ML564806, which came into the possession of Farache and the Debtor, and was sold on April 14, 2022, by the Debtor for $130,000. The funds were formerly held in the trust account of Jay Farrow, Esq., and now are the account of the Debtor.

6. The Karma Entities state that they will seek to amend the Third Amended Adversary Complaint to include the vehicles listed in paragraph 5(c) and (f).

7. The automobiles and vehicles referenced in the preceding paragraph, together with the proceeds of the vehicle, shall be collectively referred to herein as the "Vehicles".

8. The Debtor acquired the Vehicles from Excell and/or the Karma Entities. However, the Debtor alleges that it holds the Vehicles free and clear of any liens of creditors of those entities because it is a "buyer in the ordinary course of business" under the Uniform Commercial Code. *See, e.g.*, Fla. Stat. §§ 671.201(9) (defining "buyer in the ordinary course of business") and 679.320 (providing that under certain conditions a buyer in the ordinary course of business takes property free of security interests created by the seller); *see also,* ECF No. 1 at 19 (Debtor's schedules do not reflect any secured creditors).

9. On July 24, 2022, FVP Opportunity Fund III, LP, FVP Investments, LLC, and FVP Servicing, LLC (together, "FVP"), filed an adversary complaint against the Debtor, thereby initiating this adversary proceeding (the "Adversary Proceeding"). Hi Bar Capital, LLC ("Hi Bar") has since joined the Adversary Proceeding as a co-plaintiff, and an individual, Edward Brown ("Brown"), has been named as an additional defendant.

10. Per the Third Amended Complaint (the "Complaint"), FVP and Hi Bar broadly allege as follows:

a. The Debtor claims ownership interests in the Vehicles. (Compl. ¶ 11.)

b. Two of the Vehicles may currently be in the possession of Brown. (*Id.*)

c.  FVP is a secured creditor of the Karma Entities by virtue of a loan transaction dated on or about January 26, 2022.  (*Id.* at ¶¶ 17–22.)

d.  Hi Bar is a secured creditor of the Karma Entities by virtue of transactions occurring from October 2021 through February 2022. (*Id.* at ¶¶ 23–34.)

e.  The Debtor is not a legitimate owner of the Vehicles or a purchaser in the ordinary course of business. To the contrary, throughout the years 2021–22, the Debtor and its principal, Moshe Farache ("Farache"), orchestrated numerous fraudulent transactions to mispresent that: (a) the Karma Entities would sell vehicles to Excell, and (b) upon acquiring the vehicles, Excell would either sell them to the Debtor or transfer them back to the Karma Entities. The Debtor and Farache apparently orchestrated these transfers to claim a security or ownership interest in the subject vehicles via a UCC-1 financing statement that they filed against Excell on July 13, 2021. In reality, the transfers were shams, without any actual money representing the market value of the vehicles being exchanged. Furthermore, the transfers were accomplished via duress, with the forced acquiescence of the principals of Excell and the Karma Entities, Scott and Kristen Zankl.  (*Id*. at ¶¶ 35–41.)

f.  After hiring a private investigator, FVP learned that the Debtor had taken possession of the Vehicles on or about April 1, 2022, after threatening the Zankls.  (*Id.* at ¶¶ 42–46.)

11.  The Karma Entities asserts that it is the lawful owner of every car in the possession of the Debtor.

12.  The Karma Entities seek an order of this Honorable Court permitting intervention as Adversary Plaintiffs.

<u>**ARGUMENT**</u>

**A.  Intervention is Appropriate Under Rule 24(a)**

"A party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citation omitted).

Each of these elements is present. First, the Karma Entities are seeking to intervene in a timely fashion. The Adversary Proceeding was filed on July 24, 2022; neither Defendant has responded to the Complaint; and trial will almost certainly not occur prior to 2023. *See*, ECF No. 49 (pretrial order). As such, the Karma Entities have pursued their rights diligently and no party will be prejudiced by intervention. *See, Chiles*, 865 F.2d at 1213. Second, the Karma Entities have an interest relating to the property that is the subject of the Adversary Proceeding—a security interest in the Vehicles. Third, the Karma Entities are so situated that the disposition of the Adversary Proceeding, as a practical matter, may impede or impair their ability to protect their security interest. For example, in determining the rights of the parties in the Vehicles, the Court may authorize their foreclosure or transfer. The dissipation of their collateral would obviously impede the ability of the Karma Entities to protect their security interest. And finally, no current party to the Adversary Proceeding adequately represents the Karma Entities' interest. While the Karma Entities agree with FVP and Hi Bar that the Debtor is not a buyer in the ordinary course, they disagree with the Plaintiffs regarding the validity, priority, and extent of their own security interest. The interest of the Karma Entities will only be adequately protected when the Karma Entities intervene in the Adversary Proceeding on their own behalf.

## B. Complaint in Intervention

In addition to setting forth the bases for intervention, Rule 24 requires a motion to intervene to "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). The proposed Intervenor Complaint, which includes again counts for declaratory judgment and equitable subordination based upon the facts alleged *supra*, is attached hereto as **Exhibit "A"**.

WHEREFORE, the Karma Entities respectfully request that this Court enter an order: (1) permitting the Karma Entities to intervene under Fed. R. Civ. P. 24(a); (2) permitting the Karma Entities to file the Intervenor Complaint; and (3) granting for such further relief as the Court deems just.

Dated: September 27, 2022.                    Respectfully submitted,

WEISS, HANDLER & CORNWELL, PA
*Attorneys for Karma of Palm Beach, Inc. and*
*Karma of Broward, Inc.*
One Boca Place, Suite 205-E
2255 Glades Road
Boca Raton, FL 33431
Telephone: (561) 997-9995

By: /s/ Harry Winderman
     HARRY WINDERMAN, ESQ.
     Florida Bar No. 209562
     hw@whcfla.com
     filings@whcfla.com
     gg@whcfla.com

## LOCAL RULE 9011-4(B)(1) CERTIFICATION

I hereby certify that I am admitted to the bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

By: /s/ Harry Winderman
     HARRY WINDERMAN, ESQ.
     Florida Bar No. 209562

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 27, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that a true and correct copy of the foregoing was served via CM/ECF electronic transmission upon those parties who are registered with the Court to receive notifications in this matter.

WEISS, HANDLER & CORNWELL, PA
*Attorneys for Karma of Palm Beach, Inc. and*
*Karma of Broward, Inc.*
One Boca Place, Suite 205-E
2255 Glades Road
Boca Raton, FL 33431
Telephone: (561) 997-9995

By: /s/ Harry Winderman
      HARRY WINDERMAN, ESQ.
      Florida Bar No. 209562
      hw@whcfla.com
      filings@whcfla.com
      gg@whcfla.com