UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

AUTO WHOLESALE OF BOCA, LLC,

_____Debtor-in-Possession._____ /

Case No.: 22- 15627-EPK
Chapter 11 Subchapter V

FVP OPPORTUNITY FUND III, LP, a
Delaware limited partnership; FVP
INVESTMENTS, LLC, a Delaware
limited liability company; and FVP
SERVICING, LLC, a Delaware limited
liability company,

Plaintiffs,

vs.

Adversary Case NO.: 22-01218-EPK

AUTO WHOLESALE OF BOCA, LLC,

Defendant.
_____/

## **DEBTOR'S OBJECTION TO MOTION TO ENLARGE TIME**

Comes Now, the Debtor-in-Possession, Auto Wholesale of Boca, LLC, Defendant ("Debtor" or "AWB") herein, by and through undersigned counsel and files and serves this instant *Debtor's Objection To Motion To Enlarge Time* in response to the FVP *Motion To Enlarge Time Under Fed.R. Civ.P. 30(d)(1) To Take The Deposition Of Moshe Farache* [ECF No. 66] (the "Motion"), *and* states the following –

1. The Debtor is a "Debtor-in-Possession" under Title 11, Subchapter V, of the United States Code by virtue of having filed its *Petition* [Parent ECF #1] on July 22nd, 2022, seeking to reorganize itself under the Bankruptcy Code.

2. As touched upon in the DIP's *Verified Chapter 11 Case Management Summary* [Parent ECF #7] ("Case Management Summary"), the DIP sought relief in bankruptcy based upon the fact that the Debtor had been defrauded out of millions of dollars in assets and monies by other entities and their

operators, *i.e.* – Excell Auto Group, Inc. ("Excell"), Karma of Palm Beach ("KPB") and Karma of Broward ("KB") (KPB and KB are collectively "Karma"), operated and owned primarily by Scott and Kristen Zankl (the "Zankls")

3. On Sunday, July 24th, 2022, Plaintiffs filed the instant Adversary Proceeding to determine right, title and interest (and similar relief) in automobiles Debtor asserts ownership of.

4. From the date of the first hearing in this matter (August 3rd, 2022), Plaintiffs have argued that they were ready for trial in a pre-petition state court action pending between Debtor and Plaintiffs and were eager to try this matter before this Court quickly.

5. Now, having received the benefit of an injunction without bond, they have slowed this matter down to a crawl and otherwise have done everything possible to substantially increase the costs of this litigation.

6. FVP, in their Motion, state they intend to set the deposition of the Debtor's principal for the first week of November, 2022 – with nary a communication to the undersigned of such intention prior to the filing of the Motion (nor any thereafter).

7. By way of the Motion, without having commenced an examination of the Debtor, Plaintiffs argue that they need to have as many as five (5) business days to conduct the examination of the Debtor's principal, Moshe Farache.

8. The basis for the sought-after extension is the effort of the Plaintiffs to seek discovery beyond the scope of this litigation. There are only 19 automobiles at issue, several of which have been turned over in the Parent Case per Court orders to various parties-in-interest.

9. However, Plaintiffs want to expand the discovery process to increase costs and fees for the Debtor and otherwise make busy work for all involved.

10. Federal Rule of Civil Procedure 30(d)(1) allows the modification of the standard 7-hour limit per examination ("[n]o deposition may exceed one day of seven hours.") for "**cause**". *See* FRCP 30(d)(1).

11. First and foremost, the Motion appears to be premature,[1] as no effort has been made by Plaintiffs to coordinate the examination nor identify the scope of the examination anticipated.

12. Furthermore, to the extent the sought-after examination extension is based upon queries which would be irrelevant to the issues at bar, they would not establish cause to extend the deposition time period. *See, e.g., Turner vs State Farm*, 2014 WL 12929331 (D. Col. April 2, 2014) (denying extension where refusal to answer questions was valid because they were irrelevant to the matter at issue, and also because party taking deposition had conducted same without having received all of the documents it intended to review beforehand).

13. For example, the Plaintiffs' desire to take an examination on matters that covered a 6-9 month period by expanding that inquiry into an 18-month period makes no sense. The automobiles at issue in this adversary proceeding appear to have been documented over a period commencing the summer of 2021 through April, 2022.

14. Further, the number of automobiles now sought to be inquired of by the Plaintiffs is apparently now in excess of 140, a number well beyond that sued upon herein.

15. The proposed Examination of the Debtor is also regarding records of another entity, *i.e.* -- Excell and the Karma entities – however, these are not the Debtor's records.

16.  The Plaintiffs are fishing and want this Court's approval to fish as long and as deep as they like.

17. No basis, other than conjecture, has been made to extend the time period and many of the purported issues sought to be inquired of appear to be

---

[1] *See, e.g., Malec v. Trustees of Boston College*, 208 F.R.D. 23 (D. Mass. 2002) (Defendant's motion to double the time available for plaintiff's deposition would not be granted in advance of the deposition. The better practice would be for the deposition to go forward to determine how much can be covered in seven hours and, then, if more time is needed).

matters the Debtor would have no knowledge of or are outside the time period or relevance of the issues raised in the Third Amended Complaint.

18. Therefore, the relief should be denied.

WHEREFORE, Debtor request that the Court deny all relief to the Plaintiffs.

Respectfully submitted on September 29th, 2022.

JAMES B. MILLER, P.A.
**Counsel for Debtor-in-Possession/Defendant**
19 West Flagler St., Suite 416
Miami, Florida 33130
T. 305.374.0200
F.  305.374.0250
EMAIL: BKCMIAMI@GMAIL.COM

_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar no. 9164

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading, with all attachments, was served *via* CM/ECF simultaneously with the filing of the same with the Court this even date upon all parties-in-interest of record who are registered to receive such pleading and filings before this Court.

_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar no. 9164