**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

**AUTO WHOLESALE OF BOCA, LLC,**          Case No.: 22-15627-EPK

      Debtor.
_____/

**FVP OPPORTUNITY FUND III, LP**, a          **ADVERSARY PROCEEDING**
Delaware limited partnership; **FVP**          **CASE NO.: 22-01218-EPK**
**INVESTMENTS, LLC,** a Delaware
limited liability company; **FVP**
**SERVICING, LLC**, a Delaware limited
liability company; **and HI BAR**
**CAPITAL, LLC**, a New York Limited
Liability Company,

      Plaintiffs,

vs.

**AUTO WHOLESALE OF BOCA, LLC**,

      Defendant.
_____/

**THE FVP ADVERSARY PLAINTIFFS' RESPONSE IN OPPOSITION TO OBJECTION, MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER MADE BY MEMBERS OF DEBTOR-DEFENDANT AND THEIR COMPANIES AS TO SUBPOENA ISSUED TO TD BANK**

**COME NOW** Adversary Plaintiffs the FVP Opportunity Fund III, LP, a Delaware limited partnership, FVP Investments LLC, a Delaware limited liability company, and FVP Servicing, LLC, a Delaware limited liability company (collectively, "FVP" OR "Plaintiffs"), and hereby respond in opposition to, and move to overrule, the "OBJECTION, MOTION TO QUASH, AND/OR MOTION FOR PORTOECTIVE (sic) ORDER" [ECF. 72]; (hereinafter, the "Movants' Motion") filed by the individual members of the Debtor-

Defendant ("AWB") and their companies (collectively, the "Movants") as to that certain subpoena (**Exhibit A**) served upon TD BANK by the Plaintiffs. [1]

1.    FVP served a Subpoena for Rule 2004 Examination on TD BANK (Exhibit A) seeking time-narrowed bank records of the Movants.

2.    On September 27, 2022, the Adversary Plaintiffs received the subpoenaed documents.

3.    The Movants say these records are irrelevant, overbroad and harassing and - the unusual suspect - a "fishing expedition". The Movants do not assert privilege and make no legitimate factual argument why these records are neither relevant nor "reasonably calculated to lead to the discovery of admissible evidence" in this case and make no legitimate legal argument supporting the requested relief.

4.    Nonetheless, the Movants seek either an order quashing the TD BANK Subpoena (which is moot as it has already been complied with) or a protective order requiring all TD BANK Subpoena production to be delivered to the Movants' counsel to be redacted so that the Movants can pick and choose what they think the Plaintiffs should have access to and deliver the remainder to the Plaintiffs. [2]

5.    FVP alleges that the individual Movant members of AWB (Moshe Farache, his wife Lisa Farache and his son Chase Farache - all listed as creditors to AWB [ECF. 64]

---

[1] The Movants inexplicably move on behalf of EXPRESS EMERGENCY SERVICES, INC., who is not named in the subpoena and has no involvement in this case at all as far as the Plaintiffs are aware.

[2] The Movants make no effort to support this extraordinary request with legal authority.

have combined and conspired among themselves and others, and have engaged in a series of fraudulent and illegal transactions. Not the least among those illegal acts is that Moshe Farache, his wife Lisa Farache and his son Chase Farache, *individually and personally on April 1, 2022*, unlawfully converted the Plaintiffs collateral for the loan FVP made to Karma of Broward and Karma of Palm Beach (the "FVP Karma Collateral").

6. During discovery in the state court action, AWB provided documents that it asserts proves that it engaged in over $30 million in automobile purchase transactions that occurred in 2021 and 2022. This assertion was made to falsely create a factual defense for AWB that it simply acted in taking cars *it already owned* on April 1, 2022.

7. In the state court action, the FVP Plaintiffs received very limited bank records from the Debtor and other Farache companies. The Plaintiffs received records only from MMS Ultimate Services, Inc., and AWB, for 2021 and 2022 and have no records concerning deposit details and cancelled checks related to those accounts.

8. Likewise, the Plaintiffs have no records regarding Mazel Tov Inc., Farache Enterprises, Inc., or M & M Development Consultants LLC, all of which either funded or received funds from the Karma / Excell entities during 2021 and 2022.

9. The bank records provided to the FVP Plaintiffs relating to the bank accounts of the Karma entities and Excell, and what was previously provided from the Debtor relating to the Debtor and only some of the entities listed in the subpoena, *do not support the alleged buy / sell transactions,* not even close.

10. The bank records in the possession of the FVP Plaintiffs relating to the bank accounts of the Debtor *do not support* the gross revenue alleged under oath by Moshe Farache for the Debtor [ECF. 1 at Page 40] for either 2021 or 2022 in this Bankruptcy. Not even close. [3]

11. In sum, the records already available to the Plaintiffs establish that the assertions by the Debtor and its principals as to over $30 million in buy / sell transactions show a shortfall of over $26 million in 2021 and $8 million in 2022.

12. Under these circumstances, full and complete discovery, including any and all bank records, should be available to all the adversary Plaintiffs, including FVP.

13. The Plaintiffs narrowly tailored the initial subpoena to TD Bank and have sought only the bank records from 2021 forward for the following persons and entities, all of which are listed as creditors on the Debtors sch*edules*. [4]

    a. MMS Ultimate Services, Inc., a Florida corporation.

    b. Mazel Tov Inc., a Florida corporation.

    c. Farache Enterprises, Inc., a Florida corporation.

    d. M & M Development Consultants LLC, a Florida limited liability company. (formerly known as Pompano 2009 LLC, a Florida limited

---

[3] The Debtor has alleged gross revenues of $41,433,797.82 for 2021 and $7,323,888.30. [ECF. 1 at Page 40].

[4] The fact that all the persons and companies are listed as creditors by the Debtor subjects the alleged debt, which the Plaintiffs dispute, to scrutiny and discovery. That said, the FVP Plaintiff's reserve the right to seek additional records.

liability company).

(all of the aforementioned entities either funded or received funds from the Karma / Excell entities during 2021 and 2022).

    e.  Moshe Farache.

    f.  Lisa Farache.

    g.  Chase Farache.

14.    AWB and the individual Movants have already sold or otherwise transferred some of the FVP Karma Collateral take on April 1, 2022 and that money is not accounted for and the Plaintiffs seek to be able to fully account for the missing funds derived from the sale of their collateral automobiles.

15.    In sum, the Movants, quite predictably, don't want FVP to determine where the money that should be part of this adversary litigation disappeared to and was, the Plaintiffs suggest, fraudulently transferred.

16.    The FVP Plaintiffs assert that the subpoena is narrowly tailored and no more broad then necessary and seeks relevant information within a time-narrowed period regarding AWB funds and revenues that are unaccounted for and the records of the individual members of AWB who personally took the FVP Karma Collateral and liquidated at least some of it. Once this information is analyzed, the Plaintiffs anticipate further subpoenas to follow the money trail.

17.    Given that the bank records sought are patently and obviously relevant, the Motion, and objections therein, should be denied and overruled.

### Memorandum and Argument

As a threshold matter, the Federal Rules of Civil Procedure provide that the scope of discovery, unless otherwise limited by the court, is the following:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." (Rule 26(b)(1) (emphasis supplied).)

*Sheets v. Sorrento Villas*, Case No. 8:15-cv-1674-T-30JSS, at *4 (M.D. Fla. Jul. 26, 2016) (quoting Fed. R. Civ. P. 26(b)).

"'The scope of discovery under a Rule 45 subpoena is the same as the scope of discovery under Rule 26.'" *Plain Bay Sales, LLC v. Gallaher*, No. 9:18-cv-80581-MATTHEWMAN (S.D. Fla. Jul. 29, 2021) (quoting *Woods v. On Baldwin Pond, LLC,* No. 6:13-CV-726-ORL-19DAB, 2014 WL 12625078, at *1 (M.D. Fla. Apr. 2, 2014)).

As to the Movant's motion for protective order:

> Federal Rule of Civil Procedure 26(c) provides that a court "for good cause shown . . . . May make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." (quoting Fed. R. Civ. P. 26).

> "While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interests approach under the Rule." [Internal citation omitted.]

> In evaluating whether a party has satisfied the burden of "good cause," "a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the [discovery]." [Internal citation omitted.]

> "Generally, a party moving for a protective order must make a specific

demonstration of facts in support of the request, as well as of the harm that will result without a protective order." [Internal citation omitted.] "Although the bases for granting a protective order are narrow, the Court may, on its own, limit the extent of discovery 'if it determines that . . . The proposed discovery is outside the scope permitted by Rule 26(b)(1).'" [Internal citation omitted.]

*Id.* at *2.

Here the Movant has not shown good cause, or any cause for that matter for the requested relief. Likewise, the Movant has not made a demonstration of any facts in support of the request, or the harm that would befall the persons and entities whom the Plaintiffs have sought discovery and seek to analyze *their* bank records against the bank records of the businesses that they own.

In the instant case, FVP alleges that it loaned $7.5 million dollars to the Karma entities and hold security interests in collateral automobiles both sold, and now held, by AWB, and the rights to any funds from the sale of those collateral automobiles. Several of FVP's Karma Collateral automobiles taken by AWB and the Farache's were sold by the Farache's prior to a State Court freeze order, and the money in AWB's account as reported to this Court is a mere fraction of the value of the cars FVP believes were sold by AWB and the Farache's either individually or through their companies.

Further, AWB alleges that it is the *purchaser* of over 120 vehicles in 2021 and 2022 which would have required monetary transactions in excess of $30 million dollars. Again, the bank records provided by Debtor's counsel in the state court action, do not come close to supporting these assertions.

Yet, somehow, Moshe Farache, his wife Lisa Farache and his son Chase Farache,

who together *personally* took and oversaw the taking of FVP's Karma Collateral on April 1, 2022, argue that "[t]he personal private financial records of Mr. and Mrs. Farache, and their son; Chase Farache, and the financial records of their companies, which are entities unrelated to [] AWB[]" [ECF. 72] at P7, are "irrelevant financial information[,] including bank statements." *Id.* at P2.

Of course, with the several vehicles of the FVP Karma Collateral taken and sold by the Farache's to satisfy the alleged debt to AWB, but not accounted for in the accounts of AWB, the bank records of Moshe Farache, his wife Lisa Farache and his son Chase Farache and their companies which they wholly own, are clearly relevant to decipher what happened to the money from FVP Karma Collateral unlawfully taken and liquidated.

Further, the analysis of those accounts will preclude the suggestion at trial that the *purchase* of over 120 vehicles in 2021 and 2022 which would have required monetary transactions in excess of $30 million dollars occurred through other accounts owned or controlled by the principals of the Debtor.

So while the Movants, the Farache's and their companies, allege that "FVP's subpoena to TD BANK is a classic fishing expedition, which is only intended to harass Mr. and Mrs. Farache, and their son[,]" *id.* P8, that is simply not true given that AWB by alleging well over a hundred purchase transactions, establishes quite clearly that there are significant funds and revenues unaccounted for. The Plaintiffs believe that both the Debtor and the Farache's took the FVP Karma Collateral and liquidated it for themselves and their companies, AWB and transferred those funds out of the reach of the Plaintiffs. What is known for certain, is that the money from the liquidation of the cars already taken

is apparently gone and the Plaintiffs are entitled to know where it went.

Only a full analysis of all the relevant bank accounts, both now known and yet to be discovered, can bring the full picture of what occurred here to the light of justice.

Finally, and to repeat, and fatal to the Movants protestations, is that the Movants have failed to establish the required elements for judicial protection under the rules and law and have failed to proffer what harm would befall them from the disclosure of the subpoenaed documents.

It is suggested that that is because there is absolutely no harm that would befall the Movants from the review of their bank accounts. The bank accounts are not secret messages; they are standard records of monetary transactions and not privileged in any manner.

It is therefore requested that the Movants' Motion should be denied and otherwise overruled.

Dated October 2, 2022.

For the FVP Plaintiffs

| | |
|---|---|
| Jerrell A. Breslin, Esq.<br>Baron, Breslin & Sarmiento<br>The DuPont Building<br>169 East Flagler Street, #700<br>Miami, Florida 33131<br>Phone: (305) 577-4626<br>E-mail: JB@RichardBaronLaw.com<br>EService@RichardBaronLaw.com | David Softness, Esq.<br>David R. Softness, P.A.<br>201 S. Biscayne Blvd., Ste 2740<br>Miami, Florida 33131<br>Phone: (305) 341-3111<br>E-mail:david@softnesslaw.com<br><br><br>By: s/ David Softness, Esq.<br>Florida Bar No.: 513229 |

| |
|---|---|
| Jonathan Noah Schwartz, Esq.<br>Florida Bar No. 1014596<br>Jonathan Schwartz Law PLLC<br>10200 NW 25th Street, Suite 111<br>Doral, FL 33172<br>Tel.: (973) 936-2176<br>E-mails:jschwartz@jonschwartzlaw.com<br>JNSEsquire@gmail.com | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that; I electronically filed the foregoing was served via Email electronic transmission under Local Rule 7026 -1 upon those parties and attorneys who are registered with the Court to receive notifications in this matter but not filed of record and by email upon: the office of the US Trustee by serving Heidi A. Feinman, Esq. at Heidi.A.Feinman@usdoj.gov, upon the Subchapter 5 Trustee by serving Linda Leali, Esq. at lleali@lealilaw.com, upon the Debtor/Defendant by serving James B. Miller, Esq. at bkcmiami@gmail.com, upon Karma or Broward, Inc. and Karma of Palm Beach, Inc. by serving Harry Winderman, Esq. at harry4334@hotmail.com, upon Ed Brown by serving Brett Marks, Esq., at brett.marks@akerman.com, and upon Hi Bar by serving Mark Wolfson, Esq. at MWolfson@foley.com.

/ s/ David Softness
David Softness, Esq.

# EXHIBIT A

**Exhibit A**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

AUTO WHOLESALE OF BOCA, LLC,                    Case No.: 22-15627-EPK

      Debtor.

_____/

FVP OPPORTUNITY FUND III, LP, a
Delaware limited partnership; FVP
INVESTMENTS, LLC, a Delaware
limited liability company; and FVP
SERVICING, LLC, a Delaware limited
liability company; and HI BAR CAPITAL,
LLC, a New York Limited Liability
Company,

      Adversary Plaintiffs,

vs.                                              Adversary Case No.: 22-01218-EPK

AUTO WHOLESALE OF BOCA, LLC,

      Adversary Defendant.

_____/

### SUBPOENA FOR RULE 2004 EXAMINATION - SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

**To:** **TD BANK, National Association**
*c/o Registered Agent*
*United States Corporation Company*
**1201 Hays Street**
**Tallahassee, FL 32301-2525**

YOU ARE COMMANDED to produce records for the undersigned attorneys at the Offices of David Softness, Esq., 201 S. Biscayne Blvd., Ste 2740, Miami, Florida, 33131, Phone: (305) 763-8708, E-mail: david@softnesslaw.com

Production of Documents: You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material regarding the requests set forth on Exhibit A of this Subpoena on or before

**<u>Monday, September 26, 2022.</u>**

The following provisions of Fed. R. Civ. P. 45 made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Dated: September 9, 2022.

CLERK OF COURT

Signature of Clerk or Deputy Clerk

OR

Attorney's Signature as follows:

*s/ David Softness*,

The name, address, email address, and telephone number of the attorney representing the adversary Plaintiffs who issues or requests this subpoena, are:

Dated: September 9, 2022.

David Softness, Esq.
David R. Softness, P.A.
201 S. Biscayne Blvd., Ste 2740
Miami, Florida 33131
Phone: (305) 763-8708
E-mail: david@softnesslaw.com

Jerrell A. Breslin, Esq.
Baron, Breslin & Sarmiento
169 East Flagler Street, #700
Miami, Florida 33131
Phone: (305) 577-4626
E-mail: JB@RichardBaronLaw.com
EService@RichardBaronLaw.com

Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
Jonathan Schwartz Law PLLC
10200 NW 25th Street, Suite 111, Doral, FL
E-mail:    jschwartz@jonschwartzlaw.com

Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## YOU ARE COMMANDED TO PRODUCE ALL DOCUMENTS LISTED IN SCHEDULE "A" ATTACHED TO THIS SUBPOENA

You may comply with this subpoena by providing legible copies of the items to be produced to the attorneys whose names appear on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copes to the attorneys whose names appear on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorneys whose names appear on this subpoena. If you fail to: (1) appear as specified; or (2) **furnish the records instead of appearing as provided above;** or (3) object to this subpoena, you may be in contempt of court. You are subpoenaed to appear by the following attorneys and unless excused from this subpoena by these attorneys or the court, you shall respond to this subpoena as directed:

## SCHEDULE "A"

A complete copy of all records in your possession or control of the following accounts including records of all bank, brokerage, investment or other accounts of any description, deposits, withdrawals, copies of any and all canceled checks, statements, ending balance statements notes, and data pertaining to any and all including without limitation all signature cards, or any other bank documents regarding creation of the account, signature authority, persons authorized to make deposits or withdrawals, trusts or "in trust

for" or "in care of" or "for the benefit of" or third party benefit accounts by any description or correspondence to or from the bank by any description. These records are to include a copy of your **<u>ENTIRE</u>** file, including but not limited to, any and all handwritten notes, other related notes in the file. This file should include records you have for any reports, occurrences or any reviews/examinations, of the accounts of the following persons or entities.

The records in the exact form of the originals with no redactions, or removal of documents, **from <u>January 1, 2021 to present</u>** (unless otherwise specified above)**,** and shall **<u>apply but not be limited to the Auto Wholesale of Boca LLC account ending in xx8506</u>**, and shall also include the aforementioned records, documents and information regarding or relating to the following persons or entities.

1. **Auto Wholesale of Boca, LLC, a Florida limited liability company.**

2. **MMS Ultimate Services, Inc., a Florida corporation.**

3. **Pompano 2009 LLC, a Florida limited liability company.**

4. **Mazel Tov Inc., a Florida corporation.**

5. **Farache Enterprises, Inc., a Florida corporation.**

6. **M & M Development Consultants LLC, a Florida limited liability company.**

7. **Moshe Farache.**

8. **Lisa Farache.**

9. **Chase Farache.**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)