**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

**AUTO WHOLESALE OF BOCA, LLC,**          Case No.: 22-15627-EPK

      Debtor.

_____/

**FVP OPPORTUNITY FUND III, LP**, a          **ADVERSARY PROCEEDING**
Delaware limited partnership; **FVP**          **CASE NO.: 22-01218-EPK**
**INVESTMENTS, LLC,** a Delaware
limited liability company; and **FVP**
**SERVICING, LLC**, a Delaware limited
liability company, **and HI BAR**
**CAPITAL, LLC**, a New York Limited
Liability Company,

      Plaintiffs,

vs.

**AUTO WHOLESALE OF BOCA, LLC**,

      Defendant.

_____/

**ADVERSARY PLAINTIFFS' EXPERT WITNESS DISCLOSURES**
**Fed. R. Civ. P. 26((a)(2)A)**

**COME NOW** the Plaintiffs, FVP Opportunity Fund III, LP, a Delaware limited partnership (the "FVP Fund"), FVP Investments LLC, a Delaware limited liability company ("FVP Investments"), and FVP Servicing, LLC, a Delaware limited liability company ("FVP Servicing") (collectively "FVP" or the "Plaintiffs"), and hereby make their disclosures required by Fed. R. Civ. P. 26((a)(2)A), pursuant to this Court's trial order as follows:

(2) *Disclosure of Expert Testimony.*

    (A) *In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.*

- Brian Rohl, CPA / ABV / CFF,  Fiske & Company, 1250 S. Pine Island Road,

Suite 300, Plantation, FL 33324.

- Joel Wiegert, Esq., Kutak Rock, Omaha Building, 1650 Farnam St., Omaha, NE 68102.

*(B)* Witnesses Who Must Provide a Written Report. *Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report— prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. [1]*

- Brian Rohl, CPA / ABV / CFF,  Fiske & Company, 1250 S. Pine Island Road, Suite 300, Plantation, Florida 33324.

*(i) a complete statement of all opinions the witness will express and the basis and reasons for them;*

Mr. Rohl will express the following opinions and the basis and reasons for them as follows:

Mr. Rohl was retained to undertake a forensic evaluation of the business and banking records of Karma of Palm Beach, Inc., Karma of Broward, Inc. (collectively, the "Karma Entities"); Excell Auto Group, Inc ("EAG") and the banking records of Auto Wholesale of Boca, LLC, a Florida limited liability company (the "Debtor"); MMS Ultimate Services, Inc., a Florida corporation; Pompano 2009 LLC, a Florida limited liability company; Mazel Tov Inc., a Florida corporation; Farache Enterprises, Inc., a Florida corporation; and M & M Development Consultants LLC, a Florida limited liability company (collectively, the "Defendant Affiliated Entities"). Mr. Rohl was supplied: [2]

- o the transaction records supplied by the Debtor and / or Moshe Farache for the purported purchase and sale of numerous automobiles in 2021 and 2021.

---

[1] The Expert's Report is required by Court order to be filed 14 days after the disclosure.

[2] Mr. Rohl is still waiting on various reports and records that have been requested in production and subpoenaed which will be incorporated into his trial testimony.

o   the transaction records supplied by the Karma Entities and EAG, including, without limitation, records obtained from the EAG bankruptcy trustee regarding the for the purported purchase and sale of numerous automobiles in 2021 and 2021.

o   Debtor and / or Moshe Farache for the purported purchase and sale of numerous automobiles in 2021 and 2021.

o   Bank records from the Karma Entities and EAG as well as the Debtor Auto Wholesale of Boca, LLC, a Florida limited liability company (the "Adversary Defendant"); MMS Ultimate Services, Inc., a Florida corporation; Pompano 2009 LLC, a Florida limited liability company; Mazel Tov Inc., a Florida corporation; Farache Enterprises, Inc., a Florida corporation; and M & M Development Consultants LLC, a Florida limited liability company (collectively, the "Defendant Affiliated Entities").

o   DealerTrack records and the internal accounting records from the Karma Entities and EAG. Karma Entities and EAG and Defendant Affiliated Entities.

o   Sworn lawsuits and affidavits of Moshe Farache.

o   Schedules filed by the Debtor in this bankruptcy proceeding.

o   Bank records subpoenaed from Chase Bank, TD Bank and Synovus bank.

o   Depositions of any witnesses in this action.

In considering the aforementioned facts or data, and other facts or data supplied to the expert during discovery, Mr. Rohl has or will create summaries pursuant to Fed. R. Evid. 1009 of the facts or data supplied and will opine from the facts, data, summaries, or otherwise, that the banking and financial records of the Karma Entities, EAG and Defendant Affiliated Entities do not support the assertion by the

Debtor that the Debtor purchased the automobiles reflected in the transactional paperwork supplied by the Debtor and/ or Moshe Farache in discovery in this case and the state court case. Mr. Rohl will opine that the banking records and business records, on the contrary, show that the Debtor and Defendant Affiliated Entities, *received* many millions of dollars from the Karma Entities and EAG when the Debtor and Defendant Affiliated Entities should have been *paying* many millions of dollars to the Karma Entities and EAG for the automobiles if the transactions records showing well over one hundred purported automobile purchases by the Debtor were accurate. The expert reserves the right to opine on any further data or documents brought to his attention after the filing of this disclosure.

*(ii) the facts or data considered by the witness in forming them;*

See above.

*(iii) any exhibits that will be used to summarize or support them;*

The witness shall use any of the aforementioned documents or data already exchanged by the parties in discovery or obtained in discovery after the filing of this disclosure and summaries created under Fed. R. Evid. 1009.  The expert will rely upon and use summaries of all the aforementioned data and documents as provided by the trial order and Fed. R. Evid. 1006 and filed pursuant to the trial order seven days before the pretrial conference. The Adversary Plaintiff will submit exhibits via CM/ECF by no later than 4:00 p.m. four business days before the scheduled trial or evidentiary hearing.

*(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;*

The witnesses CV is (attached hereto and incorporated herein as Exhibit A)

*(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition;*

ALPER AUTOMOTIVE, INC. D/B/A AA IGNITION v. DAY TO DAY IMPORTS, INC., Case Number: 9:18-cv-81753-DMM, United States District Court Southern District of Florida West Palm Beach Division.

*(vi) a statement of the compensation to be paid for the study and testimony in the case.*

The compensation agreement and compensation paid to the Expert has been supplied to the Adversary Defendant with the Adversary Plaintiffs initial disclosures.

*(C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:*

- Joel Wiegert, Esq., Kutak Rock, Omaha Building, 1650 Farnam St., Omaha, NE 68102. [3]

### Invocation of Privilege as to Attorney Joel Wiegert, Esq.

**Mr. Wiegert is an attorney who, for all relevant times herein, has had, and continues to have, a privileged attorney/client relationship with the Plaintiffs and their principals. Nothing in this disclosure is meant to suggest, or does suggest, that Mr. Wiegert either has the authority to, or does, waive any privileges granted to both Mr. Wiegert and his clients under Florida law, Rules of Evidence or Rules of Court; or Federal law, , Rules of Evidence or Rules of Court, including without limitation, Fed. R. Civ. P. 501 and 502, as to any and all "attorney-client privilege" communications, to be interpreted in the broadest sense; or "work-product protection" to be interpreted in the broadest sense. All privileges are hereby expressly preserved and are hereby expressly invoked by the FVP Plaintiffs and their principals as to Mr. Wiegert.**

*(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and*

Mr. Wiegert is a mixed fact / expert witness. Mr. Wiegert is the transactional attorney who created and oversaw the loan transaction and security agreement

---

[3] Joel Wiegert, Esq., is a mixed fact / expert witness and therefore not a witness defined in Fed. R. Civ. P. 26((a)(2)(B), and therefore not required to give an expert report. (*if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony*).

documents executed between the FVP entities and the Karma Entities; and the filing of the financing statements by the FVP entities to secure the loan transaction between the FVP entities and the Karma entities. Mr. Wiegert is an expert in the understanding and application of the security agreements, Uniform Commercial Code, (UCC), UCC financing statements and perfection of the security interests in the inventory and collateral in sought by the Plaintiffs in this case.

Mr. Wiegert is both a fact witnesses as to his role in the creation of, and the execution of, the loan transaction documents and security agreements; and an expert as defined in Fed. R. Evid. 702 as Mr. Wiegert has specialized knowledge that  will help the trier of fact to understand the evidence, the law as it applies to the evidence or to determine a fact in issue.

*(ii) a summary of the facts and opinions to which the witness is expected to testify.*

The facts that Mr. Wiegert will testify about are those facts that are pled in the Third Amended Complaint, or such complaint as further amended prior to trial. Mr. Wiegert will opine as to the terms, conditions and effect of the terms, conditions and obligations of the loan and security agreements between the FVP Plaintiffs and the Karma Entities.

 Mr. Wiegert will opine as to the perfection of the security interests of the FVP Plaintiff's in the inventory of the Karma entities and the meaning of the perfection of the security agreements in the inventory / collateral as it relates to the rights of the FVP Plaintiffs to recover their collateral.

Mr. Wiegert will opine as to whether any of those perfected security interests held by the Plaintiffs in the Karma collateral were affected by any subsequent transactions asserted by the Debtor. In particular, the purported transactions where the Debtor asserts that it was a buyer in the ordinary course of business, that the Plaintiffs assert, was an unsuccessful attempt to defeat the perfected security interests of the FVP Plaintiffs.

Mr. Wiegert will opine that none of the transactions claimed by the Debtor were

transactions in which the Debtor was a buyer in the ordinary course as to the FVP Plaintiffs collateral and therefore had no effect on the perfected security interests of the FVP Plaintiffs.

Dated October 14, 2022

For the FVP Plaintiffs

| | |
|---|---|
| Jerrell A. Breslin, Esq.<br>Baron, Breslin & Sarmiento<br>The DuPont Building<br>169 East Flagler Street, #700<br>Miami, Florida 33131<br>Phone: (305) 577-4626<br>E-mail:  JB@RichardBaronLaw.com<br>EService@RichardBaronLaw.com<br><br>By:     s/ Jerrell Breslin, Esq.<br>          Jerrell Breslin, Esq.<br>           Fla Bar No: 269573 | David Softness, Esq.<br>David R. Softness, P.A.<br>201 S. Biscayne Blvd., Ste 2740<br>Miami, Florida 33131<br>Phone: (305) 341-3111<br>E-mail:david@softnesslaw.com |
| Jonathan Noah Schwartz, Esq.<br>Florida Bar No. 1014596<br>Jonathan Schwartz Law PLLC<br>10200 NW 25th Street, Suite 111<br>Doral, FL 33172<br>Tel.: (973) 936-2176<br>E-mails:jschwartz@jonschwartzlaw.com<br>JNSEsquire@gmail.com | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that; I electronically filed the foregoing was served via Email electronic transmission under Local Rule 7026 -1 upon those parties and attorneys who are registered with the Court to receive notifications in this matter but not filed of record and by email upon: the office of the US Trustee by serving Heidi A. Feinman, Esq. at Heidi.A.Feinman@usdoj.gov, upon the Subchapter 5 Trustee by serving Linda Leali, Esq.

at lleali@lealilaw.com, upon the Debtor/Defendant by serving James B. Miller, Esq. at bkcmiami@gmail.com, upon Karma or Broward, Inc. and Karma of Palm Beach, Inc. by serving Harry Winderman, Esq. at harry4334@hotmail.com, upon Ed Brown by serving Brett Marks, Esq., at brett.marks@akerman.com, and upon Hi Bar by serving Mark Wolfson, Esq. at MWolfson@foley.com.

/ s/ Jerrell Breslin
Jerrell Breslin, Esq.