**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

AUTO WHOLESALE OF BOCA, LLC,                    Case No.: 22-15627-EPK

      Debtor.

_____/

FVP OPPORTUNITY FUND III, LP;   FVP
INVESTMENTS, LLC; and FVP SERVICING,
LLC,

      Adversary Plaintiffs,

vs.                                                              Adversary Case No.: 22-01218-EPK

AUTO WHOLESALE OF BOCA, LLC; HI
BAR CAPITAL, LLC; WING LAKE
PARTNERS f/k/a FRANKLIN CAPITAL
GROUP, LLC; KARMA OF PALM BEACH,
INC.; KARMA OF BROWARD, INC.;
EXCELL AUTO SPORT AND SERVICE, INC.;
CHAPTER 7 TRUSTEE FOR THE ESTATE OF
EXCELL AUTO GROUP, INC., and EDWARD
BROWN,

      Adversary Defendants, Adversary
      Plaintiffs, Cross Plaintiffs, and
      Cross Defendants.

_____/

KARMA OF PALM BEACH, INC.; a Florida
Corporation; KARMA OF BROWARD, INC., a
Florida Corporation,

      Adversary Plaintiffs,

 vs.

AUTO WHOLESALE OF BOCA, LLC; FVP
OPPORTUNITY FUND III, LP;    FVP
INVESTMENTS, LLC; FVP SERVICING,
LLC; WING LAKE PARTNERS   f/k/a

FRANKLIN CAPITAL GROUP, LLC; KARMA OF PALM BEACH, INC.; KARMA OF BROWARD, INC.; EXCELL AUTO SPORT AND SERVICE, INC; CHAPTER 7 TRUSTEE FOR THE ESTATE OF EXCELL AUTO GROUP, INC., and EDWARD BROWN

      Adversary Defendants, Adversary Plaintiffs, Cross Plaintiffs, and Cross Defendants.

_____/

WING LAKE PARTNERS f/k/a FRANKLIN CAPITAL GROUP, LLC, a Delaware limited liability company,

      Adversary Plaintiff,

vs.

AUTO WHOLESALE OF BOCA, LLC; FVP OPPORTUNITY FUND III, LP; FVP INVESTMENTS, LLC; FVP SERVICING, LLC; HI BAR CAPITAL, LLC; KARMA OF PALM BEACH, INC.; KARMA OF BROWARD, INC.; EXCELL AUTO SPORT AND SERVICE, INC.; CHAPTER 7 TRUSTEE FOR THE ESTATE OF EXCELL AUTO GROUP, INC., and EDWARD BROWN EDWARD BROWN,

      Adversary Defendants, Adversary Plaintiffs, Cross Plaintiffs, and Cross Defendants.

_____/

### THE FVP, KARMA ENTITIES AND WING LAKE'S MOTION FOR LEAVE TO AMEND AND TO FILE A PARTIAL JOINT ADVERSARY COMPLAINT

COME NOW, the parties, FVP Opportunity Fund III, LP, a Delaware limited partnership (the "FVP Fund"), FVP Investments LLC, a Delaware limited liability company ("FVP Investments"), FVP Servicing, LLC, a Delaware limited liability company ("FVP Servicing"), (collectively "FVP"); Wing Lake Partners f/k/a Franklin Capital Group, LLC, a Delaware limited liability company, ("Wing Lake"); Karma of Palm Beach, Inc., a Florida corporation; Karma of

Broward, Inc., a Florida corporation, (collectively the "Karma Entities") (FVP, Wing Lake and the Karma Entities collectively the "Plaintiff Parties") and pursuant to Fed. R. Civ. P. 15(a)(2) and hereby move that this Honorable Court grant leave to the Plaintiff Parties leave to file a partial joint adversary complaint.

On October 21, 2022, this Honorable Court entered its order granting motions to intervene and permitting the parties, by agreement, to file a joint pleading with all Intervenor partis joining. [ECF. 107]

The Plaintiff Parties have agreed on a joint and consolidated pleading which is filed herewith. Due to timing and other work engagements of undersigned counsel, the undersigned notified Hi Bar, the remaining intervenor, who notified undersigned counsel only this date that it wanted to join, that the undersigned could not accommodate Hi Bar's request to join. Undersigned counsel emailed the word version of the joint complaint to assist and accommodate Hi Bar to join in all or part of the joint pleading as it deemed appropriate.

It is therefore respectfully requested that this Honorable Court grant leave to the instant Plaintiff Parties to file a partial joint pleading.

<u>Memorandum of Law</u>

Federal Rule of Bankruptcy Procedure 7015 and 7016 expressly provide that Rules 15 and 16 respectively, of the Federal Rules of Civil Procedure apply in bankruptcy proceedings. Rule 15 of the Federal Rules of Civil Procedure ("FRCP") states in pertinent part that,

> "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Under Rule 15(a), leave to amend should be granted as a matter of course, and particularly where, as here, the Defendant has not filed a responsive pleading and adds an additional party. Leave to amend a pleading under Rule 15(a) is to be granted freely and with "extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987); see also *Foman v. Davis,* 371

U.S. 178, 182 (1962). Only once a pre-trial scheduling order has been issued should the Court look to the pre-trial scheduling order to determine what standards to apply to any motion to amend. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992). However, since no pre-trial scheduling order has been issued the more liberal standards of Rule 15 should apply.

Unless a motion to amend a pleading is made in bad faith or for undue delay, constitutes dilatory conduct or will prejudice a non-movant, amendment should be given freely. *See Hargett v. Valley Fed. Sav. Bank,* 60 F.3d 754, 761 (11th Cir.1995). Leave to amend a complaint should be freely given in absence of any apparent or declared reasons such as undue delay, bad faith or dilatory motive on part of movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to opposing party by virtue of allowance of amendment, and futility of amendment. *Foman v. Davis,* U.S.Mass.1962, 83 S.Ct. 227, 371 U.S. 178, 9 L.Ed.2d 222, on remand 316 F.2d 254.

Wherefore, it is respectfully requested that this Honorable Court grant leave to the Plaintiff Parties to file a pleading joined by the FVP Plaintiffs, Wing Lake and the Karma Entities filed of record contemporaneously herewith**.**

Dated: November 2, 2022

. For the FVP Plaintiffs

| | |
|---|---|
| Jerrell A. Breslin, Esq.<br>Baron, Breslin & Sarmiento<br>The DuPont Building<br>169 East Flagler Street, #700<br>Miami, Florida 33131<br>Phone: (305) 577-4626<br>E-mail:  JB@RichardBaronLaw.com<br>EService@RichardBaronLaw.com<br><br>By:     s/ Jerrell Breslin, Esq.<br>        Jerrell Breslin, Esq.<br>         Fla Bar No: 269573 | David Softness, Esq.<br>David R. Softness, P.A.<br>201 S. Biscayne Blvd., Ste 2740<br>Miami, Florida 33131<br>Phone: (305) 341-3111<br>E-mail:david@softnesslaw.com |
| Jonathan Noah Schwartz, Esq.<br>Florida Bar No. 1014596<br>Jonathan Schwartz Law PLLC<br>10200 NW 25th Street, Suite 111 | |

| |
|---|
| Doral, FL 33172<br>Tel.: (973) 936-2176<br>E-mails:jschwartz@jonschwartzlaw.com<br>JNSEsquire@gmail.com |

***The Plaintiff Parties Below have Authorized the Filing of this***
***Joint Motion by the FVP Parties.***

For the Karma Entities

Harry Winderman, Esq.
Weiss, handler & Cornwell, P.A.
2255 glades road, suite 205 A
Boca Raton, FL  33431

By:      /s/ Harry Winderman

For Wing Lake

SHRAIBERG PAGE, P.A.
Attorneys for Wing Lake / Franklin
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Email: bss@slp.law
Email: pdorsey@slp.law

By: /s/ Bradley Shraiberg
Bradley Shraiberg
Fla Bar No. 121622
Patrick Dorsey
Fla. Bar No. 0085841

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that; I electronically filed the foregoing was served via Email electronic transmission under Local Rule 7026 -1 upon those parties and attorneys who are registered with the Court to receive notifications in this matter but not filed of record and by email upon: the office of the US Trustee by serving Heidi A. Feinman, Esq. at Heidi.A.Feinman@usdoj.gov, upon the Subchapter 5 Trustee by serving Linda Leali, Esq. at lleali@lealilaw.com, upon the Debtor/Defendant by serving James B. Miller, Esq. at bkcmiami@gmail.com, upon Karma or Broward, Inc. and Karma of Palm Beach, Inc. by serving Harry Winderman, Esq. at harry4334@hotmail.com, upon Ed Brown by serving Brett Marks, Esq.,

at brett.marks@akerman.com, and upon Hi Bar by serving Jarret P. Hitchings, Esq., at jarret.hitchings@bclplaw.com for Hi Bar.

/ s/ Jerrell Breslin
Jerrell Breslin, Esq.