

**ORDERED in the Southern District of Florida on November 14, 2022.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| In re: | Case No. 22-15627-EPK |
| **AUTO WHOLESALE OF BOCA, LLC,** | Chapter 11 |
| Debtor. | |
| _____/ | |
| **FVP OPPORTUNITY FUND III, LP,** *et al.*, | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 22-01218-EPK |
| **AUTO WHOLESALE OF BOCA, LLC,** *et al.*, | |
| Defendants. | |
| _____/ | |

## ORDER SETTING HEARING TO DETERMINE
## SUBJECT MATTER JURISDICTION

This matter comes before the Court *sua sponte*. The parties to this adversary

proceeding filed a proposed amended primary complaint and a proposed amended cross-

complaint. ECF Nos. 120 and 121. The Court scheduled a hearing on November 16, 2022 to consider a joint motion for leave to file the proposed amended primary complaint. ECF No. 125, setting a hearing on ECF No. 118, relating to the proposed amended primary complaint filed at ECF No. 120. At that hearing, the Court will also consider the proposed amended cross-complaint filed at ECF No. 121.

The Court has reviewed the proposed amended primary complaint and the proposed amended cross-complaint. In general, the parties ask the Court to rule on two matters. First, the parties ask the Court to determine whether a number of vehicles are property of the estate in this bankruptcy case. Second, to the extent any of the vehicles is found to be property of the estate, the parties ask the Court to determine the validity, extent, and priority of alleged liens in the vehicles. The Court has subject matter jurisdiction over such matters under 28 U.S.C. § 1334. Indeed, the question of what assets are included in the estate, and the validity, extent, and priority of liens in property of the estate, are among the most core matters to be considered in a bankruptcy case. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 691-92 (2015) (Roberts, C.J., dissenting); 28 U.S.C. § 157(b).[1]

However, parts of the proposed amended primary complaint appear to seek relief beyond the subject matter jurisdiction of this Court. For example, to the extent the Court determines that any of the subject vehicles is not property of the estate, the Court's subject matter jurisdiction over questions relating to ownership of such vehicles by others, or the validity, extent, and priority of liens in such vehicles, is tenuous or non-existent.

---

[1] To the extent the proposed amended primary complaint seeks relief in these categories, no matter how presented, such relief falls under the core jurisdiction of the bankruptcy courts. The Court notes that, in general, there is no jury trial right in matters relating to the allowance and disallowance of claims against the estate or the determination of liens against property of the estate. *See Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990); *Katchen v. Landy*, 382 U.S. 323, 329-30 (1966). It does not matter whether such matters are presented by objection to claim or by complaint.

In light of the foregoing, the Court ORDERS as follows:

1.    At the hearing on November 16, 2022, the Court will consider argument relating to whether the Court has subject matter jurisdiction over the claims presented in the proposed amended primary complaint and the proposed cross-complaint.

2.    The parties are directed not to file briefs on this issue unless specifically requested by the Court after the hearing.

###

Copy furnished to:

Jerrell A Breslin, Esq.

*Jerrell A Breslin, Esq. is directed to serve a copy of this Order on all appropriate parties and file a certificate of service.*