**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

AUTO WHOLESALE OF BOCA, LLC,          Case No.: 22-15627-EPK

     Debtor.          Chapter 11/Subchapter 5

_____/

FVP OPPORTUNITY FUND III, LP; FVP          Adversary   Case   No.:   22-01218-EPK
INVESTMENTS,     LLC;     and     FVP
SERVICING, LLC,

     Adversary Plaintiffs,

vs.

AUTO WHOLESALE OF BOCA, LLC; HI
BAR CAPITAL, LLC; WING LAKE
PARTNERS f/k/a FRANKLIN CAPITAL
GROUP, LLC; KARMA OF PALM BEACH,
INC.; KARMA OF BROWARD, INC.;
EXCELL AUTO SPORT AND SERVICE,
INC.; and EDWARD BROWN,

     Adversary Defendants,
     Adversary Plaintiffs, Cross
     Plaintiffs.

_____/

KARMA OF PALM BEACH, INC.; a Florida
Corporation; KARMA OF BROWARD, INC.,
a Florida Corporation,

     Adversary Plaintiffs,
 vs.

AUTO WHOLESALE OF BOCA, LLC; HI
BAR CAPITAL, LLC; FVP OPPORTUNITY
FUND III, LP;  FVP INVESTMENTS, LLC;
FVP SERVICING, LLC; WING LAKE
PARTNERS f/k/a FRANKLIN CAPITAL
GROUP, LLC; EXCELL AUTO SPORT AND

SERVICE, INC; and EDWARD BROWN,

Adversary Defendants,
Adversary Plaintiffs, Cross
Plaintiffs, and Cross Defendants.

_____/

## ADVERSARY PLAINTIFFS' JOINT MOTION TO SCHEDULE TRIAL TO DETERMINE DEBTOR'S INTEREST IN CLAIMED PROPERTY AND ISSUE SCHEDULING ORDER

**COME NOW**, the parties, FVP Opportunity Fund III, LP, a Delaware limited partnership (the "FVP Fund"), FVP Investments LLC, a Delaware limited liability company ("FVP Investments"), FVP Servicing, LLC, a Delaware limited liability company ("FVP Servicing"), (collectively "FVP"); Karma of Palm Beach, Inc., a Florida corporation; Karma of Broward, Inc., a Florida corporation, (collectively the "Karma Entities"); Hi Bar Capital, LLC, a New York limited liability company, ("Hi Bar"); Wing Lake Partners f/k/a Franklin Capital Group, LLC, a Delaware limited liability company, ("Wing Lake"); all parties who have common claims against the Debtor as it relates to the claims as to certain defined vehicles in the possession of the Debtor, or claimed by the Debtor(collectively the "Claimant Parties").

The Claimant Parties respectfully request that this Honorable Court enter the scheduling order submitted herewith that will streamline this case, preserve judicial resources and limit unnecessary legal fees and expenses. Despite the extensive good faith efforts of the parties to coordinate, consolidate and streamline this matter for trial for an accelerated determination as to the ownership of the vehicles claimed by the Debtor, the opposite has occurred. The Claimant Parties therefore have jointly agreed that they seek a scheduling order sets an accelerated trial date that states as follows:

1. That the Court will bifurcate the Adversary Proceedings into Part One, and Part Two as pled and requested by the FVP / Karma Entities Adversary Plaintiffs.

2. That at the request of the Claimant Parties, and by necessity, the Court will

first determine what interest, if any, the Debtor has in some or all of the disputed vehicles at issue in Part One. If none, there will be no need for Part Two. If the Court determines that the Debtor has an interest in some or all of the disputed vehicles in Part One, the Court will determine whether the Debtor was a buyer in the ordinary course as to those interests. If the Court determines that the Debtor was a buyer in the ordinary course, there will be no need for Part Two.  If at the conclusion of Part One the Court determines that the Debtor owns some or all of the disputed vehicles, but was not a buyer in the ordinary course, then the Court will determine the value and extent of the various Claimant Parties liens in Part One and then proceed to Part Two as to a priority determination.

3. That as to Part Two, the dispute over priority between FVP, Hi Bar and Wing Lake, that trial will proceed with its own discovery schedule and trial if necessary, according to the schedule as reflected in the Scheduling Order.

4. That the Court schedule a Four Day Trial to Commence on **February 28, 2023 through March 3, 2023.**

5. Order a Pretrial Conference for **February 10, 2023.**

6. Order discovery depositions to be completed by **February 3, 2023** pursuant to the terms of the Scheduling Order submitted herewith.

7. Order such other matters as are reflected in the terms of the Scheduling Order submitted herewith.

**WHEREFORE**, FVP and the Adversary Plaintiffs have authorized the filing of this motion by FVP and request that this Honorable Court issue the scheduling order submitted herewith and for such other and further relief as the Court deems to be just and equitable.

Dated: December 15, 2022

For the FVP Adversary Plaintiffs

| | |
|---|---|
| Jerrell A. Breslin, Esq.<br>Baron, Breslin & Sarmiento<br>The DuPont Building<br>169 East Flagler Street, #700<br>Miami, Florida 33131<br>Phone: (305) 577-4626<br>E-mail:  JB@RichardBaronLaw.com<br>EService@RichardBaronLaw.com<br><br>By:     s/ Jerrell Breslin<br>Jerrell Breslin, Esq.<br>Fla Bar No: 269573 | David Softness, Esq.<br>David R. Softness, P.A.<br>201 S. Biscayne Blvd., Ste 2740<br>Miami, Florida 33131<br>Phone: (305) 341-3111<br>E-mail:david@softnesslaw.com<br><br>By:     s/  David R. Softness<br>David R. Softness, Esq.<br>Florida Bar No. 513229 |
| Jonathan Noah Schwartz, Esq.<br>Florida Bar No. 1014596<br>Jonathan Schwartz Law PLLC<br>10200 NW 25th Street, Suite 111<br>Doral, FL 33172<br>Tel.: (973) 936-2176<br>E-mails:jschwartz@jonschwartzlaw.com<br>JNSEsquire@gmail.com | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** I HEREBY CERTIFY that on Thursday, November 17, 2022 (if not served previously), the pleading(s) below was/were filed electronically - on the date(s) indicated - and served via CM/ECF upon all parties entitled to electronic notice and by email upon: the office of the US Trustee by serving Heidi A. Feinman, Esq. at Heidi.A.Feinman@usdoj.gov; upon the Subchapter5 Trustee by serving Linda Leali, Esq. at lleali@lealilaw.com; upon the Debtor/Defendant by serving James B. Miller, Esq. at bkcmiami@gmail.com and jbm@title11law.com; upon Wing Lake Capital Partners f/k/a Franklin Capital Group, LLC by serving Bradley Shraiberg, Esq. at bss@lpplaw and Pat Dorsey, Esq. at pdorsey@slp.law; upon Karma of Broward, Inc. and Karma of Palm Beach, Inc. by serving Harry Winderman, Esq. at harry4334@hotmail.com; upon Ed

Brown by serving Brett Marks, Esq., at brett.marks@akerman.com and Amanda Klopp, Esq., at amanda.klopp@akerman.com and Eyal Berger, Esq., at eyal.berger@akerman.com; and upon Hi Bar by serving Mark Wolfson, Esq. at MWolfson@foley.com and Steven Wells at Steve@wellspc.com and Jason DeJonker, Esq. at Jason.DeJonnker@bclplaw.com and Jarret Hitchings, Esq. at jarret.hitchings@bclplaw.com and David Unseth, Esq. at dmunseth@bclplaw.com./_s/ David Softness

/s/_____
David Softness, Esq.

# **PROPOSED SCHEDULING ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

AUTO WHOLESALE OF BOCA, LLC,                    Case No.: 22-15627-EPK

      Debtor.                                                    Chapter 11/Subchapter 5
_____/

FVP OPPORTUNITY FUND III, LP; FVP        Adversary Case No.: 22-01218-EPK
INVESTMENTS, LLC; and FVP
SERVICING, LLC,

      Adversary Plaintiffs,

vs.

AUTO WHOLESALE OF BOCA, LLC;
HI BAR CAPITAL, LLC; WING LAKE
PARTNERS f/k/a FRANKLIN CAPITAL
GROUP, LLC; KARMA OF PALM BEACH,
INC.; KARMA OF BROWARD, INC.; EXCELL
AUTO SPORT AND SERVICE, INC.; and EDWARD BROWN,

      Adversary Defendants, Adversary Plaintiffs, Cross Plaintiffs.
_____/
KARMA OF PALM BEACH, INC.; a Florida Corporation;
KARMA OF BROWARD, INC., a Florida Corporation,

Adversary Plaintiffs,

vs.

AUTO WHOLESALE OF BOCA, LLC; HI BAR CAPITAL,
LLC; FVP OPPORTUNITY FUND III, LP;
FVP INVESTMENTS, LLC; FVP SERVICING, LLC;
WING LAKE PARTNERS f/k/a FRANKLIN CAPITAL
GROUP, LLC; EXCELL AUTO SPORT
AND SERVICE, INC; and EDWARD BROWN,

Adversary Defendants, Adversary Plaintiffs,
Cross Plaintiffs, and Cross Defendants.
_____/

## ORDER SETTING FILING AND DISCLOSURE
## REQUIREMENTS FOR BIFURCATED PRETRIAL AND TRIAL

**THIS CAUSE** came before the Court on the joint motion of FVP Opportunity Fund III, LP, a Delaware limited partnership (the "FVP Fund"), FVP Investments LLC, a Delaware limited liability company ("FVP Investments"), FVP Servicing, LLC, a Delaware limited liability company ("FVP Servicing"), (collectively "FVP"); Hi Bar Capital, LLC, a New York limited liability company, ("Hi Bar"); Wing Lake Partners f/k/a Franklin Capital Group, LLC, a Delaware limited liability company, ("Wing Lake"); Karma of Palm Beach, Inc., a Florida corporation; Karma of Broward, Inc., a Florida corporation, (collectively the "Karma Entities") each of which have, or will, join in the FVP / Karma Entities Adversary Compliant seeking the relief in Part I as to the determination of the Debtor's Interests in the disputed vehicles, to schedule the trial date as to Part I in February 2022 and set discovery deadlines. The Court having considered the pleadings on file and the arguments of counsel, good cause appearing, and the Court fully advised, does hereby find and order as follows:

In order to expedite and facilitate the trial of this adversary proceeding, and to accommodate the pleadings filed by the adversary Plaintiffs in this matter, and in accordance with Fed. R. Civ. P. 16, made applicable here by Fed. R. Bankr. P. 7016,

after having held a scheduling conference, it is

    **ORDERED** as follows:

1. **BIFURCATION OF THE ADVERSARY PROCEEDINGS**. After review of the Adversary Complaint the Court will bifurcate the Adversary Proceeding into Part One, and Part Two as pled and requested by the FVP / Karma Entities Adversary Plaintiffs. At the request of the movant parties, and by necessity, the Court will first determine what interest, if any, the Debtor has in some or all of the disputed vehicles at issue in Part One. If none, there will be no need for Part Two. If the Court determines that the Debtor has an interest in some or all of the disputed vehicles in Part One, the Court will determine whether the Debtor was a buyer in the ordinary course as to those interests. If the Court determines that the Debtor was a buyer in the ordinary course, there will be no need for Part Two. If at the conclusion of Part One the Court determines that the Debtor owns some or all of the disputed vehicles, but was not a buyer in the ordinary course, then the Court will determine the value and extent of the various claimants' liens in Part One. As to Part Two, the dispute over priority between FVP, Hi Bar and Wing Lake, that trial will proceed with its own discovery schedule and trial, if necessary, as defined in this Order.

2. **ATTENDANCE AT PRETRIAL CONFERENCE**. Unless judgment has been entered or the Court advises the parties that the pretrial conference has been continued or canceled, counsel for all parties (or the parties themselves, if unrepresented) must appear at the pretrial conference.

3. **PRETRIAL CONFERENCE DATE AND TRIAL DATE AS TO PART ONE**. The pretrial conference will be held at:

    **Pre Trial-Conference Date: February 10, 2023**

    **Time:**

    **Location: United States Bankruptcy Court, The Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida 33401.**

    **Trial Date: February 28 through March 3, 2023**

    **Time: Commencing at 9:30 am each day.**

    **Location: United States Bankruptcy Court, The Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida 33401.**

4. **CONTINUANCES**. Continuances of the pretrial conference or trial or any deadlines set forth in this order must be requested by written motion. Any request for continuance or amendment to this order must set forth the status of discovery, including exchange of disclosures required under this order, must state the reasons why the party or parties seek a continuance, and must state whether the client and other parties' consent to a continuance. The stipulation of all parties is not sufficient grounds, standing alone, for a continuance.

### THE FOLLOWING DEADLINES SHALL APPLY TO PART ONE ONLY

5. **DEADLINES TO JOIN ADDITIONAL PARTIES AND TO MOVE TO AMEND PLEADINGS.** By agreement of the parties, and unless otherwise ordered by the Court, the deadline to join additional parties and to file motions to amend the pleadings is **5 DAYS BEFORE THE APPLICABLE PRETRIAL CONFERENCE DATE.**

6. **DEADLINES FOR DISPOSITIVE AND OTHER PRETRIAL MOTIONS**. By agreement of the parties, the deadlines for filing motions for judgment on the pleadings, motions for summary judgment, motions in *limine*, and Fed. R. Evid. 702 motions **5 DAYS BEFORE THE PRETRIAL CONFERENCE DATE.**

Absent good cause, failure to file and serve such a motion in a timely manner constitutes waiver of the right to do so. All dispositive motions, responses, and replies must comply with the page limits set forth in the Order Setting Scheduling Conference and Establishing Procedures and Deadlines. Any motion for summary judgment must also comply with paragraph 8 of the Order Setting Scheduling Conference and Establishing Procedures and Deadlines – including the requirement to file a separate Statement of Material Facts and Local Rule 7056−1, if applicable.

7. **DISCLOSURES**. The disclosures required by Fed. R. Civ. P. Rules 26(a)(1), 26(a)(2), and 26(a)(3)(A) must be made by the following deadlines:

   a. By agreement of the parties, the initial disclosures required by Fed. R. Civ. P. 26(a)(1), must be made not later than **5 DAYS BEFORE THE PRETRIAL CONFERENCE DATE**.

   b. By agreement of the parties, the disclosures of expert testimony under Fed. R. Civ. P. 26(a)(2), must be made (i) on or before **5 DAYS BEFORE THE PRETRIAL CONFERENCE DATE** (ii) within **5 days**\* after an opposing party's disclosure of evidence that gives rise to the need for the expert, whichever is later. The party disclosing an expert witness must, within **5 days**\* of the

disclosure, provide to each opposing party a written report prepared and signed by the witness as required by Fed. R. Civ. P. 26(a)(2)(B).

c. By agreement of the parties, the pretrial disclosures under Fed. R. Civ. P. 26(a)(3)(A), must be made on or before **5 DAYS BEFORE THE PRETRIAL CONFERENCE DATE**.

d. All disclosures under Fed. R. Civ. P. 26(a)(1), 26(a)(2), and 26(a)(3)(A), must be made in writing, signed, served, and, except for copies of exhibits and expert witness reports, filed with the Court.

8. **SUMMARIES TO PROVE CONTENT**. If any party intends to offer in evidence at trial a summary, chart or calculation to prove content as permitted by Fed. R. Evid. 1006, that party must provide to the other parties a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties, as soon as practicable but in no event later than **5 DAYS BEFORE THE PRETRIAL CONFERENCE DATE** before the pretrial conference.

9. **DISCOVERY**. By agreement of the parties, the parties must complete discovery not later than **5 DAYS BEFORE THE PRETRIAL CONFERENCE DATE**, except that any previously scheduled depositions may be completed up to one business day before the pretrial conference. The Court will allow discovery after the pretrial conference only upon a showing of good cause.

a. Provided that the Debtor moves (and the Court agrees and enters an Order) to continue the confirmation of the Plan until after the Trial Date for Part One, the deadline by which any party may depose the following witnesses, all of whom are represented by counsel, shall be February 3, 2022.  If no such Order is entered, the depositions of the Debtor and Farache shall proceed on Dec 21 and 22.  Otherwise, the following witnesses all of whom are represented by counsel, shall be deposed prior to February 3, 2022. The taking of these depositions is not mandatory, the deadline is.

(1) .Corporate Representative of the Debtor (the December 21 and 22, 2022 deposition) will be rescheduled in January 2023).

(2) Moshe Farache (for a period of two days by prior court order) which may be consolidated with the Corporate Representative with prior notice to the deposing party.

(3) Lisa Farache

(4) Chase Farache

(5) Michelle Martin

(6) Representatives of FVP

(7) Representatives of HI Bar

(8) Representatives of Wing Lake

10. **JOINT PRETRIAL STIPULATION WHERE ALL PARTIES REPRESENTED BY COUNSEL**. If <u>any</u> party is not represented by counsel in this proceeding as of the date of entry of this Order, this paragraph will not apply. All parties to this proceeding must meet (in person, if geographically feasible, and otherwise by video conference or by telephone) not later than **3 DAYS BEFORE THE PRETRIAL CONFERENCE DATE** to confer on the preparation of a Joint Pretrial Stipulation in substantially the form of Local Form 63C. The plaintiff must file the fully executed Joint Pretrial Stipulation no later than **SEVEN BUSINESS DAYS BEFORE THE TRIAL DATE**. The Court will not accept unilateral statements and will strike *sua sponte* any such submissions. Should any of the parties fail to cooperate in the preparation of the Joint Pretrial Stipulation, any other party may file a motion requesting an order to show cause why such party or parties (and/or their counsel) should not be held in contempt and sanctioned for failure to comply with this order.

11. **SUBMISSION AND EXCHANGE OF EXHIBITS**.

   a. All parties must comply with the requirements regarding exhibits set forth in Local Rule 9070-1.

   b. **OBJECTIONS TO EXHIBITS**. Any objection to the admissibility of any proposed exhibit must be filed and served, so as to be received **not later than 4:00 p.m. two business days** before trial. <u>Objections to any deposition transcripts, including a recording (audio or video) or summary thereof, must follow the procedure specified in this paragraph:</u>

   (1)   The objection must: (a) identify the exhibit, (b) state the grounds for the objection, and (c) provide citations to case law and other authority in support of the objection.

   (2)   An objection not so made − except for one under Fed. R. Evid. 402 or 403 − is waived unless excused by the Court for good cause.

12. **PRESENTATION OF EXHIBITS DURING TRIAL.** The parties are strongly encouraged to use the Court's information technology equipment to show exhibits at trial. The parties are further encouraged to contact the courtroom deputy in advance of the trial for access to the equipment to ensure counsel can properly use the equipment at trial. Unless otherwise ordered, each party must bring at least one

paper copy of its exhibit register for the Court's use, and at least two hard-copy books of all its exhibits, for witnesses and the Court.

13. **FINAL ARGUMENT**. At the conclusion of the trial, in lieu of final argument, the Court may request that each party file with the Court (a) a written closing statement with supporting legal argument or (b) a proposed memorandum opinion with findings of fact and conclusions of law with a separate proposed final judgment. Each submission must contain individually numbered paragraphs and follow the formatting requirements set forth in Part Two of the Court's Guidelines for Preparing, Submitting, and Serving Orders. Each proposed finding of fact must be supported by a citation to the record, or it will be disregarded. Each proposed conclusion of law must be supported by a citation to applicable law, or it will be disregarded. Absent prior permission of the Court, submissions may not exceed a total of **twenty pages**. If specifically requested, the Court may *also* direct the parties to submit a copy of the proposed memorandum opinion with findings of fact and conclusions of law, along with a copy of the separate proposed final judgment, in word processing format to an electronic mailbox designated by the Court. The filer must include in the "subject" line of the email the case name and number and the date of the relevant hearing.

14. **FAILURE TO ATTEND PRETRIAL CONFERENCE, SANCTIONS**. Failure to comply with any provision of this order or failure to appear at the pretrial conference may result in appropriate sanctions, including the award of attorney's fees, striking of pleadings, dismissal of the action, or entry of default judgment.

15. **SIMULTANEOUS DISCOVERY**. For clarity, the parties are free, but shall not be required, to conduct discovery regarding Part One and Part Two simultaneously as deemed appropriate by the parties with cutoffs applicable only to Part One and Part Two as defined in this order. For the avoidance of doubt, however, all parties reserve the right to conduct or defer discovery with respect to Part Two until after a determination by the Court that Part Two is necessary, and the failure of any party to conduct any discovery during Part One shall not prejudice or limit such party's ability to conduct relevant discovery in connection with Part Two.

**THE FOLLOWING DEADLINES SHALL APPLY TO PART TWO AS APPLICABLE. ALL DEADLINES ARE CALCULATED FROM THE APPLICABLE PRETRIAL CONFERENCE DATE**

16. **PRETRIAL CONFERENCE DATE AND TRIAL DATE AS TO PART TWO, IF NECESSARY**. The pretrial conference will be held at:

**Pre Trial-Conference Date: July 7, 2023**

**Time: To be scheduled by separate order**

**Location: United States Bankruptcy Court, The Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida 33401.**

**Trial Date: July 31, 2023**

**Time: To be scheduled by separate order.**

**Location: United States Bankruptcy Court, The Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida 33401.**

17. **DEADLINES TO JOIN ADDITIONAL PARTIES AND TO MOVE TO AMEND PLEADINGS.** By agreement of the parties, and unless otherwise ordered by the Court, the deadline to join additional parties and to file motions to amend the pleadings is **21 DAYS BEFORE THE APPLICABLE PRETRIAL CONFERENCE DATE.**

18. **DEADLINES FOR DISPOSITIVE AND OTHER PRETRIAL MOTIONS**. By agreement of the parties, the deadlines for filing motions for judgment on the pleadings, motions for summary judgment, motions in *limine*, and Fed. R. Evid. 702 motions **21 DAYS BEFORE THE APPLICABLE PRETRIAL CONFERENCE DATE.**
Absent good cause, failure to file and serve such a motion in a timely manner constitutes waiver of the right to do so. All dispositive motions, responses, and replies must comply with the page limits set forth in the Order Setting Scheduling Conference and Establishing Procedures and Deadlines. Any motion for summary judgment must also comply with paragraph 8 of the Order Setting Scheduling Conference and Establishing Procedures and Deadlines – including the requirement to file a separate Statement of Material Facts and Local Rule 7056−1, if applicable.

19. **DISCLOSURES**. The disclosures required by Fed. R. Civ. P. Rules 26(a)(1), 26(a)(2), and 26(a)(3)(A) must be made by the following deadlines:

   a. By agreement of the parties, the initial disclosures required by Fed. R. Civ. P. 26(a)(1), must be made not later than **45 DAYS BEFORE THE APPLICABLE PRETRIAL CONFERENCE DATE**.

b. By agreement of the parties, the disclosures of expert testimony under Fed. R. Civ. P. 26(a)(2), must be made (i) on or before **45 DAYS BEFORE THE APPLICABLE PRETRIAL CONFERENCE DATE** (ii) within **14 days**\* after an opposing party's disclosure of evidence that gives rise to the need for the expert, whichever is later. The party disclosing an expert witness must, within **14 days**\* of the disclosure, provide to each opposing party a written report prepared and signed by the witness as required by Fed. R. Civ. P. 26(a)(2)(B).

c. By agreement of the parties, the pretrial disclosures under Fed. R. Civ. P. 26(a)(3)(A), must be made on or before **30 DAYS BEFORE THE APPLICABLE PRETRIAL CONFERENCE DATE**.

d. All disclosures under Fed. R. Civ. P. 26(a)(1), 26(a)(2), and 26(a)(3)(A), must be made in writing, signed, served, and, except for copies of exhibits and expert witness reports, filed with the Court.

20. **SUMMARIES TO PROVE CONTENT**. If any party intends to offer in evidence at trial a summary, chart or calculation to prove content as permitted by Fed. R. Evid. 1006, that party must provide to the other parties a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties, as soon as practicable but in no event later than **7 DAYS BEFORE THE APPLICABLE PRETRIAL CONFERENCE DATE** before the pretrial conference.

21. **DISCOVERY**. By agreement of the parties, the parties must complete discovery not later than **14 DAYS BEFORE THE APPLICABLE PRETRIAL CONFERENCE DATE**, except that any previously scheduled depositions may be completed up to one business day before the pretrial conference. The Court will allow discovery after the pretrial conference only upon a showing of good cause.

22. **JOINT PRETRIAL STIPULATION WHERE ALL PARTIES REPRESENTED BY COUNSEL**. If any party is not represented by counsel in this proceeding as of the date of entry of this Order, this paragraph will not apply. All parties to this proceeding must meet (in person, if geographically feasible, and otherwise by video conference or by telephone) not later than **14 DAYS BEFORE THE APPLICABLE PRETRIAL CONFERENCE DATE** to confer on the preparation of a Joint Pretrial Stipulation in substantially the form of Local Form 63C. The plaintiff must file the fully executed Joint Pretrial Stipulation no later than **one business day** before the pretrial conference. The Court will not accept unilateral statements and will strike sua sponte any such submissions. Should any of the parties fail to cooperate in the preparation of the Joint Pretrial Stipulation, any other party may file a motion requesting an order to show cause why such party or parties (and/or their counsel) should not be held in contempt and sanctioned for failure to comply with this order.

23. **SUBMISSION AND EXCHANGE OF EXHIBITS**.

   a. All parties must comply with the requirements regarding exhibits set forth in Local Rule 9070-1.

   b. **OBJECTIONS TO EXHIBITS**. Any objection to the admissibility of any proposed exhibit must be filed and served, so as to be received **not later than 4:00 p.m. two business days** before trial. Objections to any deposition transcripts, including a recording (audio or video) or summary thereof, must follow the procedure specified in this paragraph:

      (1) The objection must: (a) identify the exhibit, (b) state the grounds for the objection, and (c) provide citations to case law and other authority in support of the objection.

      (2) An objection not so made − except for one under Fed. R. Evid. 402 or 403 − is waived unless excused by the Court for good cause.

24. **PRESENTATION OF EXHIBITS DURING TRIAL.** The parties are strongly encouraged to use the Court's information technology equipment to show exhibits at trial. The parties are further encouraged to contact the courtroom deputy in advance of the trial for access to the equipment to ensure counsel can properly use the equipment at trial. Unless otherwise ordered, each party must bring at least one paper copy of its exhibit register for the Court's use, and at least two hard-copy books of all its exhibits, for witnesses and the Court.

25. **FINAL ARGUMENT**. At the conclusion of the trial, in lieu of final argument, the Court may request that each party file with the Court (a) a written closing statement with supporting legal argument or (b) a proposed memorandum opinion with findings of fact and conclusions of law with a separate proposed final judgment. Each submission must contain individually numbered paragraphs and follow the formatting requirements set forth in Part Two of the Court's Guidelines for Preparing, Submitting, and Serving Orders. Each proposed finding of fact must be supported by a citation to the record, or it will be disregarded. Each proposed conclusion of law must be supported by a citation to applicable law, or it will be disregarded. Absent prior permission of the Court, submissions may not exceed a total of **twenty pages**. If specifically requested, the Court may *also* direct the parties to submit a copy of the proposed memorandum opinion with findings of fact and conclusions of law, along with a copy of the separate proposed final judgment, in word processing format to an electronic mailbox designated by the Court. The filer must include in the "subject" line of the email the case name and number and the date of the relevant hearing.

26. **FAILURE TO ATTEND PRETRIAL CONFERENCE; SANCTIONS**. Failure to comply with any provision of this order or failure to appear at the pretrial conference may result in appropriate sanctions, including the award of attorney's fees, striking of pleadings, dismissal of the action, or entry of default judgment.

27. **SIMULTANEOUS DISCOVER**. For clarity, the parties are free to conduct discovery regarding Part One and Part Two simultaneously as deemed appropriate by the parties with cutoffs applicable only to Part One and Part Two as defined in this order.
.

**SERVICE**.

FVP Plaintiff's Order Submitted By;

David R. Softness, Esq.
(FBN:  513229)
**DAVID R. SOFTNESS P.A.**
201 South Biscayne Boulevard
Suite 2740
Miami, FL  33131
Tel:            305-341-3111
Email:         david@softnesslaw.com

*Counsel for FVP Plaintiffs*

Attorney Softness is directed to serve this Order on all appropriate parties and to file a certificate of such service.