UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*

AUTO WHOLESALE OF BOCA, LLC,                    Case No.: 22- 15627-EPK
                                                Chapter 11 Subchapter V

_____Debtor-in-Possession._____ /
FVP OPPORTUNITY FUND III, LP, a
Delaware limited partnership; FVP
INVESTMENTS, LLC, a Delaware
limited liability company; and FVP
SERVICING, LLC, a Delaware limited
liability company,

Plaintiffs,

vs.                                             Adv. Case No.: 22-01218-EPK

AUTO WHOLESALE OF BOCA, LLC,

Defendant.

_____/

**DEBTOR'S/DEFENDANT'S RESPONSE TO
FVP OPPORTUNITY FUND III, LP, FVP INVESTMENTS, LLC AND FVP
SERVICING, LLC'S RESPONSE IN OPPOSITION TO, AND MOTION TO
OVERRULE, DEFENDANT AUTO WHOLESALE OF BOCA, LLC'S
OBJECTIONS TO THEIR FIRST AND SECOND REQUESTS FOR
PRODUCTION, AND MOTION TO COMPEL COMPLIANCE WITH SAME AND
<u>REQUEST FOR EXPENSES</u>**

Comes Now, Auto Wholesale of Boca LLC ("Debtor" or "Defendant"), by and through undersigned counsel, and files and serves this instant *Debtor's/Defendant's Response* and responds herein to *FVP Opportunity Fund III, LP, FVP Investments, LLC And FVP Servicing, LLC's Response In Opposition To, And Motion To Overrule, Defendant Auto Wholesale Of Boca, LLC's Objections To Their First And Second Request For Production, And Motion To Compel Compliance With Same And Request For Expenses* [ECF No. 153] (the "FVP Motion") and states -

1. The Debtor filed bankruptcy under Chapter 11, Subchapter V, of Title 11 of the United States Code on Friday, July 22nd, 2022.

2. On Sunday, July 24th, 2022, FVP Opportunity Fund III, LP, FVP Investments, LLC And FVP Servicing, LLC ("FVP"), as Plaintiff, commenced the instant Adversary Proceeding upon the filing of the initial *Complaint* [ECF No. 1].[1]

3. The Plaintiffs ("FVP") served their *First Request for Production of Documents* (the "RFP1") *via* email, August 24th, 2022 (*see* Exhibit "1" hereto) upon undersigned counsel; and, then again, on September 14th, 2022, served a *Second Request for Production* (the "RFP2") (see Exhibit "2" hereto) upon Debtor.[2]

4. In the interim, the Parties, (Debtor, FVP, Hi Bar Capital and Franklin Capital) had agreed to a judicial settlement conference with the Honorable Peter Russin, Bankruptcy Judge, presiding.

5. Based upon the settlement conferences, the time to respond to RFP1 and RFP2 had been agreeably extended.

6. However, unsure if the judicial settlement conference was going to be reset again, the undersigned decided it would be best to respond (rather than further continue the discovery response deadline) to RFP1 and RFP2 on November 11th, 2022. *See* Exhibits 3 (Debtor's Response to RFP1) and 4 (Debtor's Response to RFP2) attached hereto.

7. The volume of documents sought by FVP in both RFP1 and RFP2 are substantial and clearly designed as "busy work."

8.  However, despite FVP's efforts to overwhelm Debtor with discovery requests, Debtor labored to produce a substantial volume of documentation in response to the two (2) RFP's.

9. Aside from the fact that each RFP of FVP overlaps the other in some form or another, and indeed Debtor made its best efforts to respond to

---

[1] FVP is currently operating under a *Fifth Amended Complaint*.

[2] As of even date, FVP has served, yet again, a *Third Request for Production* (the "RFP3") upon Debtor, dated December 29th, 2022.

each request, FVP filed the FVP Motion. As a matter of fact, up to and during the purported "Meet and Confer" regarding this discovery dispute, FVP's counsel, Mr. Schwartz, made clear his intent to file a "motion to compel" as he had already drafted same and "knew" there would be no resolution agreeable to FVP.

10. The operative complaint(s) in this matter all revolve around the ownership, and purported priority, extent and lien interest(s) in various vehicles Debtor claims to own in this Bankruptcy Case.

11. Both RFP1 and RFP2 intentionally seek documents and discovery which fall well outside of the scope of FRCP 34, as limited by FRCP 26(b).

12. FRCP 34 provides for discovery as follows –

(a) IN GENERAL. **A party may serve on any other party a request within the scope of Rule 26(b)**:

(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

[…]

(b) PROCEDURE.

(1) *Contents of the Request.* The request:

(A) must describe with reasonable particularity each item or category of items to be inspected;

(B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and

(C) may specify the form or forms in which electronically stored information is to be produced.

[….]

*See* FRCP 34 (emphasis added).

13. However, as set forth above, Rule 34 is limited by Rule 26(b), which provides --

>    (b) DISCOVERY SCOPE AND LIMITS.
>
>    (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain **discovery regarding any nonprivileged matter that is relevant** to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, **the parties' resources**, the importance of the discovery in resolving the issues, and **whether the burden or expense of the proposed discovery outweighs its likely benefit**. Information within this scope of discovery need not be admissible in evidence to be discoverable.
>
>    *See* FRCP 26(b) (emphasis added).

### **RFP1**:

14. Debtor has made specific objections to certain of the now-contested requests in RFP1, which FVP now seeks to compel.

15. Specifically, FVP seeks to compel production of documents responsive to Requests Numbered 5, 6, 7, 8, 11, 19, 20 and 21 of RFP1.

16. RFP1 was comprised of twenty-one (21) areas of inquiry, as follows –

> 1. All documents which relate in any way to the allegations of the operative adversary complaint of record.
>
> 2. All transcripts of any testimony which relate in any way to the allegations of the operative adversary complaint of record.
>
> 3. All notes, memoranda, or other such items ("Notes") which relate in any way to the allegations in the operative adversary complaint of record. This includes notes made during interviews or conferences with the Debtor or any person connected with the Debtor, including its attorneys.

4. All correspondence and communications – including internal memoranda and emails - with any party which relate in any way to the allegations in the operative adversary complaint of record.

5. All "communications," "documents" and "bank records," as above defined, with or identifying EAG.

6. All "communications" and "documents," as above defined, with, identifying, regarding or relating to the Cars Taken by Farache.

7. All "communications" and "documents," as above defined, with or identifying Scott Zankl.

8. All "communications" and "documents," as above defined, with or identifying Kristen Zankl.

9. All "Communications" and "Documents," as above defined, by and between, or identifying, the Debtor and any creditor listed on the operative petition for bankruptcy of record.

10. All "Bank Records," as above defined, by and between, or identifying, the Debtor or any creditor listed on the operative petition for bankruptcy of record.

11. All "Communications" and "Documents," as above defined, by and between, or identifying, the Debtor and/or any Member, regarding or relating to, and/or identifying, the Cars Taken by Farache.

12. All "communications," "documents" and "bank records," as above defined, regarding or relating to any business transaction by

and/or between the Debtor, including Farache or any other Members, and either or both of the Dealerships.

13. All "Communications," "Documents" and "ESI," as above defined, by and/or between the Debtor, including Farache or any other Members, and any employee, whether current or past, of the Dealerships, EAG or any other entity owned or operated by Scott Zankl and/or Kristen Zankl.

14. All "Bank Records," as above defined, regarding or relating to any car purchased by the Debtor.

15. All "Bank Records," as above defined, regarding or relating to any car financed by the Debtor.

16. A copy of all automobile titles, applications for automobile titles, paperwork regarding the transfer of automobile titles, or other paperwork regarding or relating to automobile titles regarding or relating to any transactions concerning or relating to the purchase, sale, financing or transfer of any automobiles with EAG.

17. A copy of all automobile titles, applications for automobile titles, paperwork regarding the transfer of automobile titles, or other paperwork regarding or relating to automobile titles regarding or relating to any transactions concerning or relating to the purchase, sale, financing or transfer of any automobiles with the Dealerships.

18. A copy of all automobile titles, applications for automobile titles, paperwork regarding the transfer of automobile titles, or other

paperwork regarding or relating to automobile titles regarding or relating to any transactions concerning or relating to the purchase, sale, financing or transfer of any automobiles with the Zankl's.

19. All "Communications," "Documents" and "ESI," as above defined, by and/or between the Debtor, including Farache or any of its Members, and any person or entity regarding or relating to EAG, the Dealerships or the Cars Taken by Farache.

20. All "Communications" and "Documents," as above defined, by and between the Debtor, including Farache or any other Members, and any law enforcement agency regarding or relating to the Zankl's, Karma of Palm Beach and Karma of Broward.

21. Copies of all police reports or police report case or reference numbers for any and all law enforcement reports made by the Debtor or any of its Members regarding or relating to the Zankl's, Karma of Palm Beach and Karma of Broward.

17. Despite Debtor producing and responding to inquiries 1-4, 5, 6, 9-10 and 12-19 in RFP1, FVP insisted that Debtor withdraw its objections to and further respond to Requests 5-8, 11, 19 and 20-21.

18. Debtor has previously pointed out to FVP's counsel that, despite having made its objections to Requests 5-8, 11 and 19, Debtor had produced, in specifically marked subfolders responsive to each numbered request, *via* Dropbox, thousands of pages of documentation responsive to the requests numbered 5-8, and 19.[3]

---

[3] The volume of documents produced by Debtor per the specific requests would be too voluminous to itemize herein; but, should the Court wish to see the Debtor's production, the dropbox link will be made available to the Court at the upcoming hearing.

19. Furthermore, as can be seen in the various Requests in RFP1, they all overlap and indeed are designed to make the Debtor do busy work and duplicate its efforts.

20. Request Number 11 seeks the same information as Request Number 6, for which Debtor has produced substantial volumes of documents and simply seeks a rephrased form of production already requested.[4]

21. Request Number 18 seeks commercial transactions as to automobiles between the Debtor and the "Zankls" as to any automobiles purchased, financed, sold or transferred with the Zankls. Again, although Debtor has produced (*see* Requests Numbered 5, 6, 7, 8, 12, 13 and 14) every scintilla of documentation regarding its automobile inventory to FVP, the Debtor does not recall transacting a specific sale or purchase of the same with the Zankls individually; but, rather, with the Zankl entities – note, the definition of the term "Zankls" in RFP1 does not include the Zankl entities. However, any individual sales or transactions with the Zanks individually would be included in the response to Request Number 6.

22. Request Number 19 seeks the same information, in a broader form, as set forth in Requests Numbered 5, 6, 7, 8, 11, 12, 13, 14, 15, 16, 17 and 18. Further, Debtor still produced 14 pages of Florida State Department of Revenue tax information in response to Request Number 19.

23. Requests Numbered 20-21 seek criminal investigatory information, without limits, as they relate in any way to the Debtor, its members, and the Zankls, Karma of Broward and/or Karma of Palm Beach. Aside from the fact that both such requests are not narrowly tailored to the issues at bar, they seek the same information, (Request 21 would clearly fall under the same information sought in Request Number 20). The information sought is overly broad and otherwise may not be available to the public and Debtor is unaware of a rule to obtain such information from the governmental

---

[4] Debtor does not understand the allegation in the FVP Motion indicating that only two (2) text messages were produced responsive to RFP1 Request Number 6. In fact, a quick review of the folder identified as Folder 6 produced by Debtor reflects that it contains 160 "zip" files, and each "zip" file contains numerous documents regarding each particular vehicle transaction.

authorities. For example, the requests are so broad that they could be interpreted to include a complaint filed by a Farache family member against a Zankl family member unrelated to an automobile subject of this litigation. The scope of these requests are too broad and should have been tailored to the issues at bar. Furthermore, it is believed that FVP already has any known police reports relative to the subject automobiles, as FVP has been publishing one made by Scott Zankl.

24. Therefore, all of the Debtor's objections to RFP1 should be sustained.

## RFP2

25. RFP2 was served (September 13, 2022) by FVP just a few weeks following service (August 24, 2022) of RFP1, and before any responses were due to RFP1.

26. RFP2 reads more like a Rule 2004 *duces tecum* notice rather than one designed for discovery in an adversary proceeding.

27. RFP2 seeks the following documents from the Debtor –

1. All federal and state income tax returns for AWB for the last five (5) years filed in the United States or any country worldwide, and any requests for extensions thereto, including all schedules and amendments thereto. Any and all pending extension and requests for extensions filed for any year requested herein. Any and all IRS audit reports including, but not limited to, debt report and debt repayment reports or plans. Any and all documents to support all tax returns of any kind for the last five (5) years (tax work papers), to the extent these documents exist.

2. A copy of any and all business records of AWB as above defined.

3. A copy of any and all documents, business records and bank records as above defined to support the debt statement made in Debtor's Schedule E/F as follows: a. 3.70 - $1,289,168.77 to M & M Development Consultants LLC, 6560 W Rogers Circle, Suite B2, Boca Raton, FL 33487 b. 3.71- $77,838.87 to Mazel Tov Inc., 6560 W Rogers Circle, Suite B27, Boca Raton, FL 33487 c. 3.75 - $3,321,772.46 to Moshe Farache, 270 South, Silver Palm Road, Boca Raton, Florida, 33432

4. A copy of any and all documents, business records and bank records as above defined of AWB from any year that supports the representations made in Official Form 206Sum - Summary of Assets and Liabilities for Non-Individuals - Doc 65 Filed 08/09/22 - Official Form 207 - Statement of Financial Affairs for NonIndividuals Filing for Bankruptcy – Gross Revenues From Operating a Business:

   a. From 1/1/2022 to 8/9/2022 - $7,323,888.30
   b. From 1/01/2021 to 12/31/2021 - $41,433,797.82
   c. 1/01/2020 to 12/31/2020 - $37,374,876.00

5. A copy of any and all documents, business records and bank records as above defined that relate to the purchase, possession, transportation, storage, insurance, repairs, use, rental or lease, purchase price, sales price, persons with authority to drive, and location at all times in the past six months of the following vehicles:

   a. 2018 MCLAREN 720S BLACK; VIN SBM14DCA7JW001804

      b.    2016    FORD    RHINO    BLACK    –    VIN: 1FDUF4HT8GEB18666

      c.    2007    LAMBORGHINI    GALLARDO    2DR CONVERTIBLE BLUE – VIN: ZHWGU22T67LA04210

6. All documents regarding or relating to the representation of AWB lease or security deposit with 5471 LLC.

7. All monthly brokerage or investment account statements, January 2021 through present

8. Credit card and debit card statements for all cards issued in AWB's name, January 1, 2021 through present

9. All note, loan, credit agreements where AWB is the borrower which were in effect at any point from January 1, 2021 through present, including all appendices, exhibits and amendments thereto

10. Include listing of payments made under said agreement: amount, date, entity or individual paying

11. All guarantee agreements AWB has executed and are in effect at any point January 1, 2021 to present

12. All note, loan, credit agreements where AWB is the lender which were in effect at any point from January 1, 2021 through present, including all appendices, exhibits and amendments thereto. Include listing of payments received under said agreement: amount, date, entity or individual paying.

13. Accountants' copy or Backup of AWB QuickBooks file (or other accounting software in use or used during the calendar years 2021, and 2022).

14. Annual Detailed General Ledger report (or equivalent detail of all accounting system journal entries) for the years 2021 – 2022 in Excel format, unfiltered and including all available and exportable data fields.

15. Copies of federal tax returns, year 2021

16. All 1099's (of any kind, including 1099-K, 1099-MISC, etc) issued to AWB for the calendar year 2021

17. All 1099's issued by AWB for the year 2021

18. AWB Form 1096, year 2021

19. All Florida state sales tax returns for the years 2021 – 2022

20. Payroll register/summary evidencing annual payroll paid to each AWB employee, years 2020 through 2021

21. Partial period payroll register/summary evidencing wages and salaries paid to each AWB employee

22. Payroll tax returns Form 941, year 2021 and 2022.

23. The following documents as above defined:

a. Employee and Independent contractor agreements or documents.

b. Documents showing the storage or possession of any vehicle claimed by AWB in 2021 and 2022 in any location other than at the Karma of Palm Beach, Karma of Broward or Excell business locations.

c. Invoices and payment records for the transportation of any vehicles in 2021 and 2022.

d. Documents and bank records as above defined regarding the auction or sale of any vehicle including the date, price and purchaser.

28. As can be seen from an initial review of RFP2, it reads as if it is for a Rule 2004 Examination and is not limited to the issues at bar in this Adversary Proceeding.

29. FVP seeks to compel as to Debtor's responses to RFP2 Requests Numbered 3, 4, 23(b) and 23(d).

30. Note, once again, no complaints by FVP as to the Debtor's responses to the other requests. The reason is simple, the discovery requests are designed to make Debtor expend time, money and effort on needless discovery search and responses for irrelevant matters.

31. RFP2 Request Number 3 seeks records unaffiliated with the issues at bar, and rather seeks claims allowance information as to particular creditors who have raised no lien interests in the vehicles at issue.

32. Although objected to, Debtor nonetheless produced the spreadsheets of the Debtor relating to the monies owed to these creditors set forth in Request Number 3.

33. Request Number 4 is incredibly overboard and unrelated to the narrow issues in this Adversary Proceeding wherein FVP seeks all of Debtor's business records of any kind, including bank records and tax returns (*see also* RFP2 at Request Number 1), which were previously produced in

response to RFP1 in reference to its annual income for a three (3) year period.

34. Recall, Debtor already has produced, and FVP has obtained subpoenaed bank information in the Parent Case as to the Debtor's bank records, tax returns and other general operating documentation and information. Again, this Request No. 4 is designed to make Debtor do busy work and incur fees and costs by FVP.

35. Request Number 23(b) seeks information which is already in the record in this Case, *i.e.* – the fact that Debtor maintains a storage facility, the lease for which was previously produced to FVP.

36. As for Request Number 23(d), this request is a duplicate of so many other requests as again it seeks the banking information of the Debtor, but adds in a request for documents relating to the auction or sale of any vehicle with supporting documents. Again, this request duplicates earlier requests in RFP1 and RFP2 and also seeks information irrelevant to the issues at bar, *i.e.* – ownership, and lien priority, if any, in and to the vehicles Debtor claims ownership in. Despite previously producing all of the Debtor's automobile files and bank records, Debtor also, in regards to this particular request, produced its Mannheim Auto Auction documents.

37. As is apparent when reading through the myriad requests by FVP in RFP1 and RFP2, the breadth of the requests are extensive and objectionable on their face and FVP has the burden to show relevancy for such requests. *See, e.g., Johnson v. Kraft*, 236 F.R.D. 535, at 542 n.20 (D. Kan. 2006) (when a discovery request "is overly broad on its face or when relevancy is not readily apparent, the party seeking discovery has the burden to show the relevancy of the request.").

38. Additionally, when a document request is not limited to a particular subject matter, it is objectionable on its face. *See, e.g., Geller v. Gunther Von Hagens*, 2011 U.S. Dist. LEXIS 173398 (M.D. Fla. Dec 23, 2011) (Case No. 8:10-CV-01688-T-17AEP) at *14-16.

39. Therefore, the Debtor's objections and responses to the FVP RFP2 should be sustained.

40. Debtor further requests an award of fees and costs associated with the FVP Motion and the instant Response, along with any hearing fees and cost associated therewith per FRCP 37.

WHEREFORE, DEBTOR requests the Court deny the FVP Motion and sustain Debtor's objections, award Debtor fees and costs associated herewith per FRCP 37(a)(4), and for such other and further relief this Corut deems equitable and just. Dated: January 6th, 2023.

JAMES B. MILLER, P.A.
James B. Miller, Esq.
Counsel to Debtor
19 West Flagler Street, Suite 416
Miami, FL 33130
Tel. No. (305) 374-0200
Fax. No. (305) 374-0250

 /s/ James B. Miller
JAMES B. MILLER, ESQ.
Florida Bar No. 0009164

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of this Response has been served on this 6th day of January, 2023, *via* CM/ECF service upon those named on the attached service list.

 /s/ James B. Miller
JAMES B. MILLER, ESQ.
Florida Bar No. 0009164

## Certificate of Admission

**I HEREBY CERTIFY** that I am admitted to the Bar for the District Court in and for the Southern District of Florida, and am duly-qualified to practice before this Court as set forth in Local Rule 2090-1(A).

 /s/ James B. Miller
JAMES B. MILLER, ESQ.
Florida Bar No. 0009164

## CM/ECF SERVICE LIST

-Eyal Berger, Esq. on behalf of Defendant Edward Brown
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
-Jerrell A Breslin on behalf of Plaintiff FVP Investments, LLC jb@richardbaronlaw.com
-Jerrell A Breslin on behalf of Plaintiff FVP Opportunity Fund III, LP jb@richardbaronlaw.com
-Jerrell A Breslin on behalf of Plaintiff FVP Servicing, LLC jb@richardbaronlaw.com
-Patrick R Dorsey on behalf of Creditor Franklin Capital Funding, LLC
pdorsey@slp.law, dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com
-Patrick R Dorsey on behalf of Creditor Wing Lake Capital Partners f/k/a Franklin Capital Group, LLC
pdorsey@slp.law, dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com
-Scott C Gherman on behalf of Interested Party Express Emergency Services, Inc.
sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Interested Party Farache Enterprises Inc. sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Interested Party M & M Development Consultants LLC.
sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Interested Party MMS Ultimate Services Inc.
sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Interested Party Mazel Tov Inc sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Interested Party Pompano 2009 LLC sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Interested Party Chase Farache sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Interested Party Lisa Farache sgherman@scottghermanpa.com
-Scott C Gherman on behalf of Interested Party Moshe Farache sgherman@scottghermanpa.com
-Amanda Klopp on behalf of Defendant Edward Brown
amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com
-Linda Marie Leali on behalf of Interested Party Linda Leali
trustee@lealilaw.com, F005@ecfcbis.com;lkennedy@lealilaw.com;LindaLealiPA@jubileebk.net
-James B Miller on behalf of Defendant Auto Wholesale of Boca, LLC bkcmiami@gmail.com
-Eric S Pendergraft on behalf of Creditor Wing Lake Capital Partners f/k/a Franklin Capital Group, LLC
ependergraft@slp.law,
dwoodall@slp.law;dlocascio@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law
-Ezequiel Joseph Romero on behalf of Plaintiff Hi Bar Capital, LLC
romeroe@bryancave.com, zeke.romero30@gmail.com
-Bradley S Shraiberg on behalf of Creditor Franklin Capital Funding, LLC
bss@slp.law, dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law
-Bradley S Shraiberg on behalf of Creditor Wing Lake Capital Partners f/k/a Franklin Capital Group, LLC
bss@slp.law, dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law
-David R. Softness on behalf of Plaintiff FVP Investments, LLC david@softnesslaw.com
-David R. Softness on behalf of Plaintiff FVP Opportunity Fund III, LP david@softnesslaw.com
-David R. Softness on behalf of Plaintiff FVP Servicing, LLC david@softnesslaw.com
-David M Unseth on behalf of Plaintiff Hi Bar Capital, LLC dmunseth@bclplaw.com
-Harry Winderman on behalf of Interested Party Karma of Broward, Inc.
harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com
-Harry Winderman on behalf of Interested Party Karma of Palm Beach, Inc.
harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com