**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re:

**AUTO WHOLESALE OF BOCA, LLC,**                    Case No.: 22-15627-EPK

      Debtor.

_____/

**FVP OPPORTUNITY FUND III, LP**, a                    **ADVERSARY PROCEEDING**
Delaware limited partnership; **FVP**                    **CASE NO.: 22-01218-EPK**
**INVESTMENTS, LLC,** a Delaware
limited liability company; and **FVP**
**SERVICING, LLC**, a Delaware limited
liability company **and HI BAR**
**CAPITAL, LLC**, a New York Limited
Liability Company,

      Plaintiffs,
vs.

**AUTO WHOLESALE OF BOCA, LLC**,

      Defendant.

_____/

## FVP's FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### (_To Defendant_)

**PLEASE TAKE NOTICE** that Plaintiffs FVP Opportunity Fund III, LP, FVP

Investments, LLC and FVP Servicing, LLC (collectively, the "FVP Plaintiffs"), by and

through their undersigned attorneys and pursuant to Rule 7034 of Federal Rules of

Bankruptcy Procedure (a "Rule" or the "Rules"), hereby requests the production of all

documents identified on the attached **Exhibit A** from the Defendant, Auto Wholesale of

Boca, LLC (the "Defendant"), and states:

      The requested documents shall be produced for inspection and copying at the law

offices of David R. Softness, P.A., 201 South Biscayne Boulevard, Suite 2740, Miami, FL

33131 within the time allowed by the Rules, pursuant to Order of the Court, or as otherwise agreed to by the parties.

Dated August 24, 2022.

David Softness, Esq.
David R. Softness, P.A.
201 S. Biscayne Blvd., Ste 2740
Miami, Florida 33131
Phone: (305) 763-8708
E-mail: david@softnesslaw.com

Jerrell A. Breslin, Esq.
Baron, Breslin & Sarmiento
169 East Flagler Street, #700
Miami, Florida 33131
Phone: (305) 577-4626
E-mail: JB@RichardBaronLaw.com
EService@RichardBaronLaw.com

Jonathan Noah Schwartz, Esq.
 Florida Bar No. 1014596
 Jonathan Schwartz Law PLLC
 10200 NW 25th Street, Suite 111
 Doral, FL 33172
 Tel.: (973) 936-2176
 Fax: (786) 338-7435
 E-mails:    jschwartz@jonschwartzlaw.com
 JNSEsquire@gmail.com

By:    s/  David R. Softness
David R. Softness, Esq.
Florida Bar No. 513229

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy of the foregoing was served by Email upon James Miller, Esq., counsel for the defendant, Auto Wholesale of Boca, LLC at bkcmiami@gmail.com and jbm@title11law.com, and upon Mark Wolfson, Esq., counsel for co-plaintiff, Hi Bar Capital, LLC, at MWolfson@foley.com.

/ s/  David R. Softness
David R. Softness, Esq.

**DOCUMENTS TO BE PRODUCED**

**INSTRUCTIONS AND DEFINITIONS**

A.      "Bankruptcy Case" or the "Case" means the above-captioned bankruptcy case.

B.      "Bankruptcy Code" or the "Code" means Title 11 of the United States Code.

C.      "Concerning" means relating to, referring to, refuting, supporting, describing, evidencing or constituting.

D.      "Contracts" means all contracts or other types of agreements, in whatever form.

E.      "Debtor" collectively means Auto Wholesale of Boca, LLC as well as - where the context allows or requires - their employees, representatives, attorneys, accountants, financial advisors, consultants, agents, and all persons who act or acted on behalf of the Debtor.

F.      "Document" means any paper, writing or record of any type or source of authorship in your possession, custody or control, or of which you have knowledge, wherever located, however produced or reproduced, or whether a draft, original or copy. By way of illustration and not limitation, the term "document" shall include memoranda of telephone conversations, summaries, diaries, or other records of personal conversation or interviews, and minutes, summaries, or other records of any meetings, discussions or conferences, as well as other notes, reports, records, data, memoranda, correspondence,

notebooks, scrapbooks, diaries, minutes, summaries, financial statements, ledgers, magnetic tape or other sound recordings, electronic mail, telegrams, letters, studies, manuals, instructions, bids, specifications, graphs, microfilm, computer records, photocopies, descriptions, purchase orders, agreements, contracts, invoices, bills of lading, published or unpublished speeches, manuscripts or articles, transcripts, affidavits, depositions, printed matter, publications and any other retrievable intelligence, however recorded, memorialized or preserved.  Any original or copy containing or having attached thereto any alterations, notes, comments or other material not included in each other original or copy shall be deemed a separate document within the foregoing definition.

G.     The term "communications" shall mean records of any correspondence or communications including paper copies of mail, e-mail ("e-mail"), text messages, audio recordings and messages, social media messaging in any format, and any notes of conferences or conversations or meetings.  Any email ("e-mail") shall be provided in its original and unedited PST format by delivery flash drive or thumb drive or other electronic transfer of the data in a format that maintains the unrefined and unedited fidelity of the data. that also be produced.

H.     The term "Bank Records" shall refer to balance sheets, bank checks, checks, cancelled or deposited checks, bank deposit or withdrawal slips, bank credit or debit memoranda, monthly bank statements, any company or personal checks, bank deposit or withdrawal slips, bank credit or debit memoranda, notices of wire transfer or

receipt of funds, receipts,  statements of account, and any and all other papers similar to any of the foregoing.

I.       "Identify" in the case of any document means either to produce the document or to state:  (a) its locations; (b) the location of all copies which are not identical duplicates of the original; (c) the name and title of all persons presently in charge of the custody and maintenance of the original and all non-identical copies; (d) the date of the original and all non-identical copies; (e) the author and signatories of the original and all non-identical copies; (f) its length; (g) the original document's contents and how each non-identical copy differs from the original; and (h) each person who received the original or a copy of the document.  If the document was, but no longer is, in your possession, custody or control, state or identify:  (a) what disposition was made of the document; (b) the date of any such disposition; and (c) each person that either authorized or has knowledge relating to such disposition.

J.       "Identify" in the case of a natural person means to state his or her: (a) name; (b) title or position; (c) present or last known business address and telephone number; and (d) present or last known home address and telephone number.  If such person is no longer employed by the person for whom he/she engaged in the activity that is the subject of the interrogatory, state the date on which he/she left the employ of the person and his/her title or position when he/she engaged in the activity which is the subject of the Discovery Request.

K.     "Identify" in the case of a non-natural person means to state:  (a) the full name of the person; (b) the address of its principal place of business; (c) the telephone number of its principal place of business; (d) the name of the title of each person who (i) is or was an officer, director, general partner, limited partner, member, or beneficiary of the person, or (ii) represented the person with respect to the subject matter of the Discovery Request; and (c) the relationship of the entity to the parties to this proceeding.

L.     "Identify" in the case of a communication means to state or identify: (a) the date, time and place of the communication; (b) the form of communication (such as memorandum, letter or conversation); (c) each person who has believed to have firsthand knowledge of the communication; (d) the substance of the communication; and (e) each document relating to the communication.

M.     "Person" means any natural person or any business, legal or governmental entity or association.

N.     "Related Entities" means any person or entity with which or in which the Debtor has an ownership interest, directly or indirectly, or other relationship or position of control, be it formally or informally, of any kind or nature.

O.     These requests call for documents within your possession, custody or control, whether directly or indirectly.  A document is in your possession, custody or control for purposes of these requests if it is within the possession of your attorneys, accountants, financial advisors, consultants, agents or representatives.

P.      The use of the singular form of any word includes the plural, and vice versa.

Q.      These requests are continuing in nature, and any information obtained after the service of your response to these requests shall promptly be supplied by supplemental response whenever you find, locate, acquire or create the information.

R.      The "FVP Plaintiffs" shall collectively mean FVP Opportunity Fund III, LP, FVP Investments LLC and FVP Servicing, LLC.

S.      "Farache" shall mean Moshe Farache, an individual.

T.      The "Members" shall mean any member of the Debtor possessing membership units in the Debtor, with each individually referred to as a "Member."

U.      "MMS" shall mean MMS Ultimate Services, Inc., a Florida corporation.

V.      The "Dealerships" shall collectively mean Karma of Broward, Inc., a Florida corporation ("Karma of Broward"), and Karma of Palm Beach, Inc., a Florida corporation ("Karma of Palm Beach").

W.      The "Zankl's" shall collectively mean Scott Zankl, an individual ("Scott Zankl"), and Kristen Zankl, an individual ("Kristen Zankl").

X.       "EAG" shall mean Excell Auto Group, Inc., a Florida corporation currently in bankruptcy before this Court.

Y.      "Excell Sport and Finance" shall collectively mean Excell Auto Sport and Service, Inc., a Florida corporation ("Excell Sport"), and Excell Auto Finance, LLC, a Florida limited liability company ("Excell Finance").

Z.      The "Cars Taken by Farache" shall mean any cars physically taken by or at the direction of Farache and/or the Debtor from the Dealerships' possession, custody and/or control.

AA.    The "FVP Plaintiffs' Loan" shall mean that certain loan facility in the amount of $7,500,000.00 by the FVP Plaintiffs to the Dealerships and the Zankl's.

## PRIVILEGE

BB.    Identify in detail all information which is responsive to a specific request, but which the Debtor does not intend to produce based upon the assertion of a claim of privilege or other asserted justification for not responding and specifically identify the privilege asserted.

## INCOMPLETE RESPONSE

CC.    This is a continuing request for the production of documents but only to the extent allowed by the Code. At such time as you become aware of the existence of any additional documents responsive to this Request which would indicate that your response was not complete when made, you are hereby requested to produce such documents promptly.

## DESTROYED DOCUMENTS

DD.    If any documents responsive to this Request were at one time in existence, but have been lost or destroyed, a list should be provided of the documents so lost or destroyed stating following information for each such document: (a) the type of document; (b) the date on which it ceased to exist; (c) the circumstances of its loss or destruction; (d) the identity of all persons having knowledge; and (e) the identify of all persons having knowledge of its contents.

**EXHIBIT A**

**YOU ARE ADVISED THAT WHEN PRODUCING DOCUMENTS, THE PRODUCING PARTY SHALL EITHER PRODUCE THEM AS THEY ARE KEPT IN THE USUAL COURSE OF BUSINESS OR SHALL IDENTIFY THEM TO CORRESPOND WITH THE CATEGORIES IN THE REQUEST.**

**UNLESS OTHERWISE STATED, THESE REQUESTS REFER TO THE YEARS JANUARY 1, 2020 THROUGH THE DATE OF PRODUCTION**

1.     All documents which relate in any way to the allegations of the operative adversary complaint of record.

2.     All transcripts of any testimony which relate in any way to the allegations of the operative adversary complaint of record.

3.     All notes, memoranda, or other such items ("Notes") which relate in any way to the allegations in the operative adversary complaint of record.  This includes Notes made during interviews or conferences with the Debtor or any person connected with the Debtor, including its attorneys.

4.     All correspondence and communications – including internal memoranda and emails - with any party which relate in any way to the allegations in the operative adversary complaint of record.

5.     All "communications," "documents" and "bank records," as above defined, with or identifying EAG.

6.     All "communications" and "documents," as above defined, with, identifying, regarding or relating to the Cars Taken by Farache.

7.     All "communications" and "documents," as above defined, with or identifying Scott Zankl.

8.     All "communications" and "documents," as above defined, with or identifying Kristen Zankl.

9.     All "Communications" and "Documents," as above defined, by and between, or identifying, the Debtor and any creditor listed on the operative petition for bankruptcy of record.

10. All "Bank Records," as above defined, by and between, or identifying, the Debtor or any creditor listed on the operative petition for bankruptcy of record.

11. All "Communications" and "Documents," as above defined, by and between, or identifying, the Debtor and/or any Member, regarding or relating to, and/or identifying, the Cars Taken by Farache.

12. All "communications," "documents" and "bank records," as above defined, regarding or relating to any business transaction by and/or between the Debtor, including Farache or any other Members, and either or both of the Dealerships.

13. All "Communications," "Documents" and "ESI," as above defined, by and/or between the Debtor, including Farache or any other Members, and any employee, whether current or past, of the Dealerships, EAG or any other entity owned or operated by Scott Zankl and/or Kristen Zankl.

14. All "Bank Records," as above defined, regarding or relating to any car purchased by the Debtor.

15. All "Bank Records," as above defined, regarding or relating to any car financed by the Debtor.

16. A copy of all automobile titles, applications for automobile titles, paperwork regarding the transfer of automobile titles, or other paperwork regarding or relating to automobile titles regarding or relating to any transactions concerning or relating to the purchase, sale, financing or transfer of any automobiles with EAG.

17. A copy of all automobile titles, applications for automobile titles, paperwork regarding the transfer of automobile titles, or other paperwork regarding or relating to automobile titles regarding or relating to any transactions concerning or relating to the purchase, sale, financing or transfer of any automobiles with the Dealerships.

18. A copy of all automobile titles, applications for automobile titles, paperwork regarding the transfer of automobile titles, or other paperwork regarding or relating to automobile titles regarding or relating to any transactions concerning or relating to the purchase, sale, financing or transfer of any automobiles with the Zankl's.

19. All "Communications," "Documents" and "ESI," as above defined, by and/or between the Debtor, including Farache or any of its Members, and any person or entity regarding or relating to EAG, the Dealerships or the Cars Taken by Farache.

20.   All "Communications" and "Documents," as above defined, by and between the Debtor, including Farache or any other Members, and any law enforcement agency regarding or relating to the Zankl's, Karma of Palm Beach and Karma of Broward.

21.   Copies of all police reports or police report case or reference numbers for any and all law enforcement reports made by the Debtor or any of its Members regarding or relating to the Zankl's, Karma of Palm Beach and Karma of Broward.