UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*

AUTO WHOLESALE OF BOCA, LLC,                    Case No.: 22- 15627-EPK
                                                 Chapter 11 Subchapter V

_____Debtor-in-Possession._____ /
FVP OPPORTUNITY FUND III, LP, a
Delaware limited partnership; FVP
INVESTMENTS, LLC, a Delaware
limited liability company; and FVP
SERVICING, LLC, a Delaware limited
liability company,

Plaintiffs,

vs.                                              Adv Case No.: 22-01218-EPK

AUTO WHOLESALE OF BOCA, LLC,

Defendant.
_____/

**DEBTOR'S/DEFENDANT'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

Comes Now, Auto Wholesale of Boca LLC ("Debtor" or "Defendant"), by and through undersigned counsel and serves this instant Debtor's/Defendant's *Responses and Objections to Plaintiffs' First Request for Production*, and states -

1. The Plaintiffs ("FVP") served their First Request for Production of Documents (the "RFP") *via* email on August 24th, 2022, and via email exchanges over the course of time since August 24th, 2022, between counsel with FVP and undersigned counsel, the Parties hereto agreed to extend the deadline to respond to the RFP through November 11th, 2022.

2. The Debtor/Defendant objects to the RFP as it intentionally seeks documents and discovery which fall well outside of the scope of FRCP 34 as adopted by FRBP 7034, as limited by FRCP 26(b).

3. FRCP 34 provides for discovery as follows –

(a) IN GENERAL. **A party may serve on any other party a request within the scope of Rule 26(b)**:

(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

[…]

(b) PROCEDURE.

(1) *Contents of the Request.* The request:

(A) must describe with reasonable particularity each item or category of items to be inspected;

(B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and

(C) may specify the form or forms in which electronically stored information is to be produced.

[….]

*See* FRCP 34 (emphasis added).

4. However, as set forth above, Rule 34 is limited by Rule 26(b), which provides --

(b) DISCOVERY SCOPE AND LIMITS.

(1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain **discovery regarding any nonprivileged matter that is relevant** to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

*See* FRCP 26(b) (emphasis added).

5.  None of the requests appear to be limited in scope to the matters at bar; and, all exceed the proportional needs of this Adversary Proceeding and are generally Rule 2004-styled information and exceed the limits of Rule 7034. Despite the Debtor' objections, and without waiving any, as set forth herein and below, the Debtor will provide what it can, at best, discern would be responsive to the requests within the limits of Rule 7034, and Debtor will forward a drop box link for said purposes for such documents which are in scanned format; and, will otherwise provide access to physical documents not so scanned, at the premises of the Debtor as kept in the ordinary course of business.

6.  Any production of a matter that is covered under a privilege will continue to be protected as the same would have been produced by mistake and/or inadvertence given the sheer volume of the request by Plaintiff and the Debtor's efforts to comply and gather such information.

7.  In the matter at bar, Debtor further responds as follows

**Specific Responses**:

8.  As to Request Number 1, Objection, this Request is facially overly broad and unduly burdensome in that it fails to identify with particularity the category of documents which Debtor can identify with clarity, and is unduly burdensome in that it makes Debtor try to determine what information may in any way relate to the allegations of the "operative adversary complaint" – which has just recently been amended, again, to the *Fourth Amended Complaint*, but even then we are awaiting ruling on November 16th, 2022 as to the approval of the form. and same is over 458 pages in length with its incorporated exhibits.

9.  As to Request Number 2, FVP currently has copies of all transcripts of all testimony in the Chapter 7 Bankruptcy Case of Excell Auto Group, and Debtor is unaware of any other transcripts of testimony in any

other matters which may relate to this Request; and, otherwise adopts its objections in response to Request Number 1.

10. As to Request Number 3, Objection. Debtor makes the same objection as set forth in response to Request Number 1, above. And, furthermore, objects as this request is clearly designed to invade the attorney-client privilege, work product and litigation privilege.

11. As to Request Number 4, Objection and adoption of same response as set forth in response to Requests 1 and 3.

12. As to Request Number 5, given the depth and scope of this Request, Objection as it is overly-broad and fails to limit the scope as to specific items relevant to the matter at bar, does not limit the requests to exclude non-privileged and non-work product information, and otherwise is not proportional to the needs of the case. This Request would generate excessive hours of searching for what would amount to thousands of communications/documents – the vast majority of which would be unrelated to the 19 vehicles set forth in the *Fourth Amended Complaint*. The scope of this Request should be narrowly tailored to conform to the *Fourth Amended Complaint*'s allegations.

13. As to Request Number 6, Debtor adopts its response to Request Number 5.

14. As to Request Number 7, Debtors adopts its response to Request Number 5.

15. As to Request Number 8, Debtors adopts its response to Request Number 5.

16. As to Request Number 9, Objection, this Request is facially overly broad and unduly burdensome in that it fails to identify with particularity the category of documents which Debtor can identify with clarity, and is unduly burdensome. Furthermore, this Request exceeds the scope of discovery under FRBP 7034 – which is limited to the issues in the instant action and the parties thereto.

17. As to Request Number 10, Debtor has and will again herein produce Debtor's bank statements (most of which are already in FVP's possession from state court production and separately issued subpoenas to the banks of the Debtor in the Parent Case).

18. As to Request Number 11, Objection, overly-broad and seeks information relating to the litigation privilege, work product and attorney client privilege, and seeks internal information of the Debtor relating to and written in regards to anticipated or ongoing litigation.

19. As to Request Number 12, any such documents will be produced via drop box link, unless in printed form only, and then will be produced at Debtor's premises, at a mutually agreeable date and time, with the other documents Debtor has in written form only.

20. As to Request Number 13, Objection to the definition of "ESI", as the RFP does not contain a definition for the same. Furthermore, Objection as this Request is overly broad, vague, and unduly burdensome. However, to the extent that Debtor understands this Request Number 13, Debtor will make available such documents as set forth above in response to Request Number 12.

21. As to Request Number 14, any such documents will be produced via drop box link, unless in printed form only, and then will be produced at Debtor's premises, at a mutually agreeable date and time, with the other documents Debtor has in written form only.

22. As to Request Number 15, any such documents will be produced via drop box link, unless in printed form only, and then will be produced at Debtor's premises, at a mutually agreeable date and time, with the other documents Debtor has in written form only.

23. As to Request Number 16, this Request seeks the same information previously requested in Requests Numbered 5, 6, 7, ,8, 12, 13, 14 and 15. Please see those responses and documents produced therein.

24. As to Request Number 17, this Request seeks the same information previously requested in Requests Numbered 5, 6, 7, ,8, 12, 13, 14 and 15. Please see those responses and documents produced therein.

25. As to Request Number 18, this Request seeks the same information previously requested in Requests Numbered 5, 6, 7, ,8, 12, 13, 14 and 15. Please see those responses and documents produced therein.

26. As to Request Number 19, Objection. ESI is undefined. Further, this Request is facially overly broad and unduly burdensome in that it fails to identify with particularity the category of documents which Debtor can identify with clarity, and is unduly burdensome in that it makes Debtor try to determine what information relates to a multitude of various entities and persons relating to multiple communications and documents (as defined by FVP)  viz-a-viz EAG, the various Karma entities and the automobiles Debtor has had an interest in over the past several years. Nothing in this request is narrowly tailored with any particularity and is designed to make busy work and guess work for the Debtor. Given the extreme scope of the definitions, this request also violates FRCP 26(b)(1) in regards to the fact that it also may be seeking privileged and work product materials. Additionally, this request also seeks the same information set forth in many prior requests (*see, e.g.*, Requests Numbered 5, 6, 7, 8, 11, 12, 13, 14, 15, 16, 17 and 18).

27. As to Request Number 20, Objection to the extent this request would seek communications of, or relating to, an ongoing criminal investigation; and, direct FVP to seek such information from the appropriate authorities under the applicable law.

28. As to Request Number 21, Debtor directs FVP to the Boca Police department for such information, as FVP can obtain such information as the Debtor may.

29. To the extent privileged information is disclosed, it is inadvertent and unintentional and Debtor intends to retain such privilege.

30. Debtor/Defendant reserves the right to amend these responses.

Dated: November 11th, 2022.

JAMES B. MILLER, P.A.
James B. Miller, Esq.
Counsel to Debtor
19 West Flagler Street, Suite 416
Miami, FL 33130
Tel. No. (305) 374-0200
Fax. No. (305) 374-0250

 /s/ James B. Miller
JAMES B. MILLER, ESQ.
Florida Bar No. 0009164

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of this Response has been served on this 11th day of November, 2022, *via* email upon: David Softness and Jerry Breslin at their respective email addresses on file with the Bankruptcy Court.

 /s/ James B. Miller
JAMES B. MILLER, ESQ.
Florida Bar No. 0009164

## Certificate of Admission

**I HEREBY CERTIFY** that I am admitted to the Bar for the District Court in and for the Southern District of Florida, and am duly-qualified to practice before this Court as set forth in Local Rule 2090-1(A).

 /s/ James B. Miller
JAMES B. MILLER, ESQ.
Florida Bar No. 0009164