UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

*In re:*

AUTO WHOLESALE OF BOCA, LLC,                    Case No.: 22- 15627-EPK
                                                Chapter 11 Subchapter V

_____Debtor-in-Possession._____ /
FVP OPPORTUNITY FUND III, LP, a
Delaware limited partnership; FVP
INVESTMENTS, LLC, a Delaware
limited liability company; and FVP
SERVICING, LLC, a Delaware limited
liability company,

Plaintiffs,

vs.                                             Adv Case No.: 22-01218-EPK

AUTO WHOLESALE OF BOCA, LLC,

Defendant.
_____/

## DEBTOR'S/DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION

Comes Now, Auto Wholesale of Boca LLC ("Debtor" or "Defendant"), by and through undersigned counsel and serves this instant Debtor's/Defendant's *Responses and Objections to Plaintiffs' Second Request for Production*,[1] and states -

1. The Plaintiffs ("FVP") served their First Request for Production of Documents (the "RFP1") *via* email upon Debtor on Augsut 24th, 2022,

---

[1] This Second Request for Production appears to be designed as "busy work" by the Plaintiffs. The Plaintiffs served their First Request for Production on Debtor/Defendant on August 24th, 2022, with twenty-one (21) categories of documents requested, most all o which exceeded the scope of Rule 7034 and otherwise had substantially objectionable requests therein. However, before the response would have been due to the First Requests, Plaintiffs then served, on September 13th, 2022 the instant Second Requests, seeking an even greater volume of documents, many of which overlap with the First Requests and far exceed the scope of Rule 7034.

the response for which has been extended by agreement through November 11th, 2022.

2. Plaintiffs also served a Second Request for Production ("RFP2") upon Debtor/Defendant *via* email on September 13th, 2022; and Debtor herein responds thereto.[2]

3. RFP2 intentionally seeks documents and discovery which fall well outside of the scope of FRCP 34, as limited by FRCP 26(b) and Debtor/Defendant objects to the scope of such requests.

4. FRCP 34 provides for discovery as follows –

(a) IN GENERAL. **A party may serve on any other party a request within the scope of Rule 26(b)**:

　(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

　(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

　[…]

(b) PROCEDURE.

　(1) *Contents of the Request.* The request:

　(A) must describe with reasonable particularity each item or category of items to be inspected;

　(B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and

　(C) may specify the form or forms in which electronically stored information is to be produced.

　[….]

*See* FRCP 34 (emphasis added).

4. However, as set forth above, Rule 34 is limited by Rule 26(b), which provides --

---

[2] By agreement between undersigned counsel and FVP's counsel, November 11th, 2022 is the response due date for both RFP1 and RFP2.

(b) DISCOVERY SCOPE AND LIMITS.

   (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain **discovery regarding any nonprivileged matter that is relevant** to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

*See* FRCP 26(b) (emphasis added).

5. None of the requests appear to be limited in scope to the matters at bar; and, all exceed the proportional needs of this Adversary Proceeding and are generally Rule 2004-styled information and exceed the limits of Rule 7034.

6. However, despite the Debtor's objections, and without waiving any, as set forth herein and below, the Debtor will provide what it can, at best, discern would be responsive to the requests within the limits of Rule 7034, and Debtor will forward a dropbox link for said purposes for such documents which are in scanned format; and, will otherwise provide access to physical documents not so scanned, at the premises of the Debtor as kept in the ordinary course of business.

7. Any production of a matter that is covered under a privilege will continue to be protected as the same would have been produced by mistake and/or inadvertence given the sheer volume of the request by Plaintiff and the Debtor's efforts to comply and gather such information.

8. In the matter at bar, Debtor further responds as follows

**Specific Responses**:

9. As to Request Number 1, Objection, this Request is facially outside the scope of the transactions and automobiles at issue in this Adversary Proceeding, the Vehicles subject of this litigation cover the period of

years 2021 and 2022. The tax returns of the Debtor for the period before 2021 are irrelevant, not likely to lead to discoverable information or evidence which could be used in this proceeding; and is not proportional to the needs of the instant matter. Further, this Request is more akin to one found in a Rule 2004 Notice and is beyond the scope of that allowed under Rule 7034. As such, the Request is overly broad and unduly burdensome. Without waiving such objection, US Tax Returns for 2017-2021 are produced.

10. As to Request Number 2, Objection, this Request is facially outside the scope of Rule 7034 and the transactions and automobiles at issue in this Adversary Proceeding. The Vehicles subject of this litigation cover the period of years 2021 and 2022. The information sought has no relationship to the ownership interests in the vehicles at issue in this litigation, nor the alleged lien interests of the Plaintiffs. This Request is irrelevant, overly burdensome, not likely to lead to discoverable information or evidence which could be used in this proceeding, and is not proportional to the needs of the instant matter. Further, this Request is more akin to one found in a Rule 2004 Notice and is beyond the scope of that allowed under Rule 7034. As such, the Request is overly broad and unduly burdensome. Further, the Tax Returns for the years covered have been produced, and the bank records have been produced.

11. As to Request Number 3, the Debtor adopts the same objections as to Request Number 2 above. Further, this Request asks for the same information covered under Request November 2 above.

12. As to Request Number 4, the Debtor adopts the same objections as to Request Number 2 above. Further, this Request asks for the same information covered under Request November 2 above. Additionally, Debtor has produced the US Income tax returns already for the years, and is producing a spreadsheet reflecting 2022.

13. As to Request Number 5, the Debtor will make available such responsive documents.

14. As to Request Number 6, the Debtor adopts the same objections as to Request Number 2 above. Further, this Request asks for the same information covered under Request November 2 above. However a copy of the subject Lease and rent payment spreadsheet will be made available.

15. As to Request Number 7, the Debtor has no such documents.

16. As to Request Number 8, the Debtor has none.

17. As to Request Number 9, the Debtor adopts the same objections as to Request Number 2 above. Further, this Request asks for the same information covered under Request November 2 above. However, without waiving objection, the Debtor is producing documents responsive aa they relate to the Erbstein loan

18. As to Request Number 10, this Request is indiscernible. Debtor adopts the same objections as to Request Number 2 above.

19. As to Request Number 11, the Debtor has none.

20. As to Request Number 12, the Debtor adopts the same objections as to Request Number 2 above. Further, this Request asks for the same information covered under Request November 2 above. Without waiving said objection, the Debtor will make available the documents responsive to this Request in Debtor's possession.

21. As to Request Number 13 the Debtor adopts the same objections as to Request Number 2 above. Further, this Request asks for the same information covered under Request November 2 above.

22. As to Request Number 14, the Debtor adopts the same objections as to Request Number 2 above. Further, this Request asks for the same information covered under Request November 2 above. Further, Debtor does not generate a General Ledger in its operations.

23. As to Request Number 15, objection, this is the same Request as Request Number 1. However, without waiving said objection, the 2021 year-end tax return will be made available.

24. As to Request Number 16, the Debtor has none.

25. As to Request Number 17, the Debtor adopts the same objections as to Request Number 2 above. Further, this Request asks for the same information covered under Request November 2 above.

26. As to Request Number 18, produced.

27. As to Request Number 19, any such documents will be made available.

28. As to Request Number 20, the Debtor has none.

29. As to Request Number 21, the Debtor has none.

30. As to Request Number 22, the Debtor has none.

31. As to Request Number 23.a, the Debtor adopts the same objections as to Request Number 2 above. Further, this Request asks for the same information covered under Request November 2 above. Debtor has none.

32. As to Request Number 23.b, see Request 6 above.

33. As to request Number 23.c., none.

34. As to Request Number 23.d, Debtor is producing what they have.

35. To the extent privileged information is disclosed, it is inadvertent and unintentional and Debtor intends to retain such privilege.

36. Debtor/Defendant reserves the right to amend these responses.

Dated: November 11th, 2022.

JAMES B. MILLER, P.A.
James B. Miller, Esq.
Counsel to Debtor
19 West Flagler Street, Suite 416
Miami, FL 33130
Tel. No. (305) 374-0200
Fax. No. (305) 374-0250

 /s/ James B. Miller
JAMES B. MILLER, ESQ.
Florida Bar No. 0009164

## **Certificate of Service**

I HEREBY CERTIFY that a true and correct copy of this Response has been served on this 11th day of November, 2022, *via* email upon: David Softness and Jerry Breslin at their respective email addresses on file with the Bankruptcy Court.

/s/ James B. Miller
JAMES B. MILLER, ESQ.
Florida Bar No. 0009164

## **Certificate of Admission**

**I HEREBY CERTIFY** that I am admitted to the Bar for the District Court in and for the Southern District of Florida, and am duly-qualified to practice before this Court as set forth in Local Rule 2090-1(A).

/s/ James B. Miller
JAMES B. MILLER, ESQ.
Florida Bar No. 0009164
