UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

AUTO WHOLESALE OF BOCA, LLC,                    Case No. 22-15627-EPK

    Debtor.                                     Chapter 11
                                                Subchapter V

_____/

FVP OPPORTUNITY FUND III, LP; FVP
INVESTMENTS, LLC; and FVP SERVICING,
LLC,

    Adversary Plaintiffs and Cross-Defendants.

v.                                              Adv. Proc. No. 22-01218-EPK

KARMA OF PALM BEACH, INC.; KARMA OF
BROWARD, INC.; FRANKLIN CAPITAL
FUNDING, LLC; and HI BAR CAPITAL, LLC,

    Adversary Defendants and Cross-Plaintiffs,

AUTO WHOLESALE OF BOCA, LLC;
EXCELL AUTO SPORT AND SERVICE, INC.;
and EDWARD BROWN,

    Adversary Defendants.

_____/

**MOTION TO CONFIRM NON-ADJUDICATION OF CLAIMS OR,
IN THE ALTERNATIVE, TO EXTEND DEADLINE TO JOIN
<u>ADDITIONAL PARTIES AND TO MOVE TO AMEND PLEADINGS</u>**

Franklin Capital Funding, LLC ("<u>Franklin</u>"), pursuant to the *Agreed Order Setting Filing and Disclosure Requirements for Bifurcated Pretrial and Trial* (the "<u>Pretrial Order</u>") [ECF No. 224], respectfully requests that the Court: (a) confirm that it is not adjudicating the claims described *infra* in this adversary proceeding, and (b) in the alternative, extend the deadline to join additional parties and to amend pleadings.  In support of this request Franklin states:

{2425/000/00553845}

1.      The Court entered the Pretrial Order on January 27, 2023.  The Pretrial Order bifurcates this adversary proceeding into Parts One and Two as follows:

> After review of the Adversary Complaint the Court will bifurcate the Adversary Proceedings into Part One and Part Two as pled and requested by the FVP / Karma Entities Adversary Plaintiffs.  At the request of the movant parties, and by necessity, the Court will first determine what interest, if any, the Debtor has in some and/or all of the disputed vehicles at issue in Part One.  If Debtor has no interest, there will be no need for Part Two.  If the Court determines that the Debtor has an interest in some or all of the disputed vehicles in Part One, then the Court will proceed to Part Two.  In Part Two the Court will then determine whether any of the Adversary Parties/Plaintiff have a lien interest in such property of the estate; and, will also determine the priority and extent of such interests, if any, by and between FVP, Hi Bar and [Franklin] regarding said property of the estate; and, said trial of Part Two issues will proceed according to the trial schedule as set forth herein-below.

Pretrial Order ¶ 1.

2.      Thus, in Part One of the proceeding the Court will determine what interest, if any, Auto Wholesale of Boca, LLC (the "Debtor") possesses in certain vehicles.  If the Debtor lacks any interest in the vehicles, the proceeding will conclude.  By contrast, if the Debtor possesses an interest, the Court will determine the validity, priority and extent of the various competing lien interests in the property of the estate.  *See* Pretrial Order ¶ 1.

3.      The deadline to add parties or amend pleadings with respect to Part Two of the adversary proceeding is April 19, 2023.  *See id.* at ¶ 17.

4.      Franklin filed an answer, counterclaims and crossclaims on January 20, 2023 (the "Franklin Pleading").  ECF No. 206.  In accordance with the Pretrial Order, the Franklin Pleading asserts declaratory judgment claims against all other parties, and an equitable subordination claim against Hi Bar Capital, LLC ("Hi Bar").  *See* Franklin Pleading 21–32.

5.      In addition to the claims asserted in the Franklin Pleading, Franklin believes that it

{2425/000/00553845}

2

possesses other claims against Hi Bar, including claims for fraud, tortious interference and civil conspiracy (together, the "Additional Claims" or "Claims").  However, the Claims are beyond the scope of the Pretrial Order, which is again limited by its terms to adjudicating ownership and lien interests in disputed vehicles.  Moreover, the Claims: (a) do not invoke a substantive provision of the Bankruptcy Code, (b) can take place outside the context of a bankruptcy case, and (c) concern a dispute between two creditors that does not impact the handling and administration of the bankruptcy estate.  The Court would therefore lack jurisdiction over the Additional Claims in any event.  *See In re British American Ins. Co., Ltd.*, 600 B.R. 890. 894 (describing "arising under," "arising in" and "related to" jurisdiction of bankruptcy courts).

6. In an abundance of caution, Franklin therefore requests that the Court determine that it is not adjudicating claims in this adversary proceeding beyond those set forth in the Pretrial Order, including the Additional Claims.  In the alternative, Franklin respectfully requests that the Court extend the deadline to add parties or amend pleadings with respect to Part Two by two weeks, through and including May 3, 2023.  Franklin submits that cause for the extension exists by virtue of: (a) the parties expending substantial resources at trial on a motion to convert the main bankruptcy case to chapter 7, (b) the parties preparing for closing argument in the trial scheduled for May 1, 2023, and (c) counsel for Franklin preparing for and attending several emergency hearings before United States Bankruptcy Judge Peter Russin in an unrelated case that occurred during the weeks of April 3 and 10, 2023.

[Remainder of Page Intentionally Left Blank]

{2425/000/00553845}

WHEREFORE, Franklin respectfully requests the entry of an order: (a) determining that the Court is not adjudicating any claims, including the Additional Claims, in this adversary other than those set forth in the Pretrial Order, (b) in the alternative, extending the deadline to add parties and amend pleadings through and including May 3, 2023, and (c) granting such other relief the Court deems appropriate.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on April 19, 2023.

Respectfully submitted,

**SHRAIBERG PAGE P.A.**
Attorneys for Franklin
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
bss@slp.law
pdorsey@slp.law

By: ___/s/ Patrick Dorsey_____
Bradley S. Shraiberg, Esq.
Florida Bar No. 121622
Patrick Dorsey, Esq.
Florida Bar No. 0085841

{2425/000/00553845}

4